STEPHANIE B. BRADSHAW  (SBN:  170757)
ALYSON S. CABRERA  (SBN:  222717)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone: (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendants
MERRITT COLLEGE
and SHIRLEY MACK

ORIGINAL
FILED

OCT 1 2 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EMC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C 07 5227

| | |
|---|---|
| ELIZABETH SANTOS | CASE NO. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)** |
| vs. | |
| MERRITT COLLEGE, SHIRLEY MACK, an individual and DOES 1-10, inclusive | Request For Jury Trial |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants MERRITT COLLEGE and SHIRLEY MACK hereby remove to this Court the state court action described below.

1.      On July 16, 2007, an action was commenced in the Superior Court of the State of California in and for the County of Alameda, entitled *Elizabeth Santos v. Merritt College, Shirley Mack, et al.*, as Case No. HG 07 335828.  On September 13, 2007, Plaintiff filed an Amended Complaint in Case No. HG 07 335828.

2.      Plaintiff's Amended Complaint alleges causes of action based upon "violation of 42 U.S.C. § 1981.19" against these removing Defendants.  Attached hereto are copies of the pleadings filed in this action.

3.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ASCI/1046743/5142923v.1

-1-

1  provisions of 28 U.S.C. § 1441(b) in that it arises under "42 U.S.C. § 1981.19." This Court has

2  supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(a), as

3  these claims appear to arise out of the same case or controversy.

4      4.    All Defendants in this action consent to this Notice of Removal.

5      5.    A copy of this Notice of Removal, without exhibits, is being filed with the Clerk

6  of the Superior Court of the State of California in and for the County of Alameda.

7      6.    A copy of this Notice of Removal, without exhibits, is also being served on

8  plaintiff.

9

10  Dated:  October 9, 2007             GORDON & REES LLP

11

12

13                       By:  _____
                        Alyson Cabrera

14                          Attorneys for Defendants
                        MERRITT COLLEGE and SHIRLEY

15                          MACK

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-2-

RECEIVED

JUL 31 2007

OFFICE OF THE GENERAL COUNSEL
Peralta Community College District

ENDORSED
FILED
ALAMEDA COUNTY

JUL 16 2007

CLERK OF THE SUPERIOR COURT
By ___GIGI DAVIDSON___
                                    Deputy

Kjell C. Bomark–Noel, Esq. (SBN 147494)
LAW OFFICES OF BOMARK-NOEL
1124 East 14th Street, Suite B
San Leandro, California 94577
(510) 352-1030

ATTORNEY FOR PLAINTIFF:
ELIZABETH SANTOS

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| ELIZABETH SANTOS<br><br>                    Plaintiff,<br><br>        v.<br><br>MERRITT COLLEGE;<br>SHIRLEY MACK, an individual;<br>and DOES 1-10, inclusive,<br><br>                    Defendant, | Case No.:  HG07335828<br><br>COMPLAINT FOR DAMAGES BASED UPON:<br>1.  FAILURE TO PREVENT, INVESTIGATE AND REMEDY HARASSMENT (FEHA)<br>2.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>3   BREACH OF IMPLIED-IN-FACT CONTRACT AGAINST DEFENDANT MERRITT COLLEGE<br>4.  BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST DEFENDANT MERRITT COLLEGE<br>5.  LAWFUL DISCRIMINATION BASED UPON RACE AND AGE AGAINST DEFENDANTS MERRITT COLLEGE AND SHIRLEY MACK<br>6.  NEGLIGENT MISREPRESENTATION AGAINST MERRITT COLLEGE |

COMPLAINT FOR DAMAGES                1                SANTOS v. MERRITT COLLEGE et al.

1    ELIZABETH SANTOS complains and alleges as follows:

2    FACTS COMMON TO ALL CAUSES OF ACTION

3    1    Defendant MERRITT COLLEGE (hereinafter referred to as MERRITT COLLEGE)

4    is a California Institution doing business in the city of Oakland, State of California, County of

5    Alameda, located at 12500 Campus Drive, Oakland, California 94606.

6    2.    Defendant SHIRLEY MACK (hereinafter referred to as MACK) is a Librarian of

7    Defendant MERRITT COLLEGE, and in that capacity during all times alleged herein was

8    actively involved in the business affairs of MERRITT COLLEGE. At all times herein

9    mentioned, Defendant MACK was a resident of the State of California.

10    3.    The true names and capacities of Defendants names herein as DOES 1-10, inclusive,

11    whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore

12    sues such Defendants by such fictitious names pursuant to California Code of Civil Procedure,

13    §474. Plaintiff is informed and believes that DOES Defendants are California residents.

14    Plaintiff will amend this complaint to show true names and capacities when they have been

15    determined.

16    4.    In or about 2005, Plaintiff and Defendant MERRITT COLLEGE entered into an

17    academic agreement wherein, among other things, Plaintiff was a student. The academic

18    agreement further provided for a student to have access to the Library, in which a student would

19    be allowed to use computers, provided by MERRITT COLLEGE within the Library, for

20    educational purposes, including, but not limited to "communicating with Processors."

21    5.    During the course of attendance at Defendant MERRITT COLLEGE, Plaintiff

22    attended classes, and regular student privileges from Defendant MERRITT COLLEGE, all in

23    recognition to her academic agreement with Defendant MERRITT COLLEGE as a student.

24    6.    On or about October 5, 2005, Plaintiff suffered from a non-school related family

25    emergency in where she was informed her father, who was hospitalized, was diagnosed

26    terminally ill and had less than one month to live. Due to this emergency, Plaintiff needed to

27

28    COMPLAINT FOR DAMAGES                2            SANTOS v. MERRITT COLLEGE et al.

contact a Professor to communicate the situation to him. This event became one of many in

2 where Plaintiff needed to communicate with one or more of her Professors.

3     7. On or about September 28, 2005, Plaintiff was emailing one of her Professors in the

4 Library of Defendant MERRITT COLLEGE, regarding a midterm. As Plaintiff was emailing her

5 Professor, the Defendant MACK, who at the time Plaintiff did not have any knowledge of,

6 came up behind Plaintiff and told her to get up and exit. Defendant MACK said to Plaintiff,

7 something to the effect of, "your using the computer for personal use." Plaintiff responded with

8 something to the effect that "I am communicating with my Professor," Plaintiff then showed

9 Defendant MACK the email, however Plaintiff was still forced to leave. Plaintiff felt

10 uncomfortable and was humiliated in front of other younger students. After this incident,

11 Plaintiff complained to the President of Defendant MERRITT COLLEGE. To Plaintiff's

12 knowledge, no action was taken.

13     8. On or about October 5, 2005, Plaintiff was once again emailing one of her Professors,

14 informing her that Plaintiff's father was hospitalized and diagnosed terminally ill, and Plaintiff

15 would be missing a class for the first time. At this time, Defendant MACK approached Plaintiff

16 and told her to get up and exit, while once again accusing Plaintiff of using the computer for

7 personal use. Plaintiff once again complied with Defendant MACK's demands and accusations

18 and exited the library.

19     9. All Plaintiff's Professors informed students that communication outside of class

20 should be through email, due to the fact that classes met once a week. Any problems or anything

21 students did not understand about the class or assignments or pertinent to class attendance or

22 missed classes was to be communicated through email.

23     10. On or about November 2, 2005, at approximately 3:00pm Plaintiff entered the

24 Library and went directly to the computer to print out an assignment for a group project. Plaintiff

25 was at the computer for less than five minutes when Defendant MACK approached Plaintiff from

26 behind and asked Plaintiff to "get up from the computer and exit the Library," in a harsh tone.

27

28 COMPLAINT FOR DAMAGES     3      SANTOS v. MERRITT COLLEGE et al.

Plaintiff then explained to Defendant MACK why she was using the computer, and showed her the list of Professors who Plaintiff corresponds with, however Defendant MACK did not consider it an educational purpose. Defendant MACK repeatedly pointed to a sign that said something to the effect of "do not use for personal use," and repeatedly asked Plaintiff if she understood what the sign said. Out of embarrassment and frustration, Plaintiff left the Library.

11. On many occasions, Plaintiff observed students using the Library computers for what she understood to be personal use, however they were not, on any occasion, observed by Plaintiff to be approached by Defendant MACK. However, Plaintiff was restricted from using the computers for educational purposes.

12. Plaintiff was unable to follow through with assignments given by a student who was the class leader, through email because Plaintiff did not have a personal computer or printer, and was unable to use the Library computers, because Defendant MACK would not allow Plaintiff to use them. The longest Plaintiff had been permitted to stay in the Library to use the computer was less than ten minutes, which is an inadequate amount of time to research and print findings, and respond to her classmates' and/or Professors' emails, including, but not limited to, for group projects, class assignments and/or homework assignments.

13. On or about November 2005, Plaintiff was enrolled in eight classes, which totaled 24 units. Plaintiff did not buy books for her classes, because it was too expensive. Therefore Plaintiff needed the Library and the computers in the Library as her resources. If Plaintiff was unable to use the computers in the Library, she would have to walk approximately one quarter mile to the Learning Center and then walk back to the library to use the Reference Books. However this was not an economical way to study and complete assignments for Plaintiff, because she would have to go back and forth from the computers in the Learning Center, and the resource books in the Library, using and missing valuable study time.

14. Plaintiff did not have any excess time for matters other than school and her dying father, as Defendant MACK had on many occasions accused her of. As a student Plaintiff's time

COMPLAINT FOR DAMAGES                          4                    SANTOS v. MERRITT COLLEGE et al.

1    was precious and every opportunity to study and complete assignments was taken advantage of.

2       15.  On or about November 6, 2005, a class leader for Plaintiff's weekend class informed

3    Plaintiff that she would be emailing her sixteen pages of information regarding a class project.

4    Plaintiff responded with something to the effect of, "I will print it out in the Library on Monday,"

5    however Plaintiff was too embarrassed to use the computer after the last incident with Defendant

6    MACK, in where Defendant MACK asked Plaintiff to leave in a loud and embarrassing tone in

7    front of other younger students  because she the plaintiff, allegedly was using the computer for

8    personal use.

9       16.  On or about November 8, 2005, Plaintiff was in the Library studying for two quizzes

10    in her "Legal Aspects" class, when Defendant MACK approached Plaintiff and told her to "be

11    quiet," although Plaintiff was not talking. As the person across the couch from Plaintiff

12    continued to talk, Defendant MACK once again approached Plaintiff and said "quiet!"

13    Embarrassed, Plaintiff decided to leave the couch and use the computer to email her Professor

14    regarding a form he was to send her.

15       17.  Approximately two to five minutes after Plaintiff sat down at the computer,

16    Defendant MACK approached Plaintiff and said something to the effect of, "get up! get up!

17    exit!"  Plaintiff responded with something to the effect of, "enough, enough!"  Plaintiff then got

18    up from the computer and stated something to the effect of, "I am not leaving, and I will continue

19    what I am doing, because I am not violating any rules. I am reading an email sent to me by my

20    Professor's office secretary." Plaintiff then showed Defendant MACK the email she was

21    reading, however Defendant MACK refused to acknowledge Plaintiff was using the computer for

22    an educational purpose.

23       18.  Plaintiff was a forty-seven year old woman, who was fully aware of the rules of the

24    Library, and did not have excess time to spend using the computer for personal reasons, with a

25    class load of 24 units. She was unfairly singled out and harassed by Defendant MACK.

26       19.  On more than one occasion, Defendant MACK ordered Plaintiff to repeat the phrase

27

28    COMPLAINT FOR DAMAGES            5     SANTOS v. MERRITT COLLEGE et al.

"do not use for personal use, and do communicate with professors," in increments of three,

2    humiliating and embarrassing the Plaintiff in front of other students and a Librarian Tech.

3    20. After several occasions of being embarrassed and singled out, Plaintiff no longer

4    entered the Library if Defendant MACK was there. On the rare occasions Plaintiff entered the

5    Library and Defendant MACK was there, Plaintiff made sure other Librarians or the Dean of the

6    Library were present, because Defendant MACK did not harass or single out Plaintiff when other

7    peers and/or superiors were present.

8    21   Eventually, Plaintiff stopped going to the Library as often, due to the harassment

9    endured by Plaintiff from Defendant MACK. Plaintiff started to go to the Learning Center for

10   other services, and would then go to the Main Library to use references books. During this time

11   Defendant MACK did not confront Plaintiff, due to the fact that the Dean of the Library, Mr.

12   Cordova, was in the Library in the evenings and Defendant MACK did not confront Plaintiff if

13   any authority figures were present.

14   22. On or about October 9, 2006, Plaintiff and a classmate were studying at a table for a

15   "Anatomy and Physiology" class. Plaintiff and her classmate were whispering to each other and

16   taking notes. Other students in the area were taking loudly while making copies at a nearby copy

17   machine, and a student was playing games on a computer, while another was chatting on Yahoo

18   Messenger. Defendant MACK approached Plaintiff and told Plaintiff something to the effect of,

19   "Be quiet! Go upstairs and get a room." Plaintiff felt singled out and embarrassed, because there

20   were many students in the same area of the Library that were speaking loudly and Defendant

21   MACK did not approach them.

22   23.  On multiple occasions Defendant MACK told Plaintiff to go to the Learning Center

23   to use the computers for personal use. This would cause a great inconvenience for Plaintiff,

24   because all the reference books Plaintiff needed for her classes were in the Library, and due to the

25   fact that Plaintiff was not using the computer for personal use.

26   24.  After many occasions of being harassed, wrongly accused, and embarrassed by

27

28   COMPLAINT FOR DAMAGES                    6              SANTOS v. MERRITT COLLEGE et al.

1   Defendant MACK, Plaintiff began to study in her car, only to enter the Library to utilize the

2   restroom. Library employees who noticed Plaintiff stopped using the Library, would approach

3   her when she entered to use the restroom, and would tell Plaintiff when Defendant MACK was

4   not going to be in the Library so Plaintiff could have access to the computers and Reference

5   Books.

6       25.   After each and every incident in where Defendant MACK harassed, wrongly

7   accused, and embarrassed Plaintiff, Plaintiff complained to Mr. Cordova, Dean of the Library.

8       26.   After the second incident, Plaintiff was also told by Judy Singer, a Librarian and

9   Noreen, a Library Tech, to complain to Pamela Price, an individual who does payroll, who would

10  then pass the information up the chain of command. Plaintiff complained to Pamela Price after

11  every incident in where Defendant MACK harassed, wrongly accused, and embarrassed Plaintiff,

12  Ms. Price then passed the information on.

13      27.   On many occasions Plaintiff complained to her Professors about the harassment by

14  Defendant MACK and on occasions Plaintiff's Professors wrote emails in support of Plaintiff's

15  use of the Library computers, in addition to bringing the issue to the attention of the Dean of Real

16  Estate, Mr. Lee.

17      28.   In or about the beginning of May 2005, Plaintiff then complained to Karen Ulrich,

18  Director of Employee Relations, who briefly talked to Plaintiff, and rescheduled another meeting.

19  Karen Ulrich later cancelled that appointment and did not reschedule. Ms. Ulrich wrote in a

20  letter dated January 22, 2007 that an investigation would be conducted by Mark Paschal, a

21  Peralta Community College District EEO investigation consultant. However no further action

22  was taken, and the harassment and false accusations toward Plaintiff, by Defendant MACK

23  continued.

24

25

26

27

28  | COMPLAINT FOR DAMAGES | 7 | SANTOS v. MERRITT COLLEGE et al. |

## FIRST CAUSE OF ACTION:
FAILURE TO PREVENT, INVESTIGATE, AND REMEDY HARASSMENT IN VIOLATION OF FEHA (CALIFORNIA GOVERNMENT CODE §12940(K)) (Against All Defendants, and DOES 1 through 10, inclusive)

29.  Plaintiff repeats and realleges paragraphs 1 through 28 above and incorporates them herein by reference as though set forth in full.

30.  At all times mentioned herein, the California Fair Employment and Housing Act (FEHA) was in full force and effect, and Defendant, and each of them, were and are subject to FEHA's requirements.

31.  Plaintiff, while emailing her Professors on the computers in the Peralta College library, which are available to all students, was continuously subjected to racial discrimination and harassment from Defendant SHIRLEY MACK as well as an unwelcome remarks and inappropriate tone toward Plaintiff.  Such conduct violates FEHA.

32.  The discrimination, hara objectively offensive to reasonable students in Plaintiff's circumstances and Plaintiff herself found the conduct offensive.

33.  All Defendants were aware of the discriminatory and hostile environment to which Plaintiff was subjected, as well as the fact that she found it offensive and unwelcome, because she complained of the discrimination and harassment.  Additionally, the perpetrator of the discrimination and harassment was a librarian at MERRITT COLLEGE and therefore her knowledge of her own discriminatory, unlawful, inappropriate, offensive and unwelcome conduct is imputed to his employers.  Moreover, the discriminatory environment was well known to students and employees.

34.  Under FEHA Defendants were required to take all responsible steps necessary to prevent discrimination and harassment but failed to do so.

35.  Moreover, under FEHA, MERRITT COLLEGE was required to take prompt corrective action to address the harassing behavior but failed to do so.  Instead, Plaintiff was subjected to continued harassment in violation of California Government Code §§12940(j)(1)

COMPLAINT FOR DAMAGES                    8              SANTOS v. MERRITT COLLEGE et al.

1  and (k). Defendant MERRITT COLLEGE knew of the ongoing harassment, yet failed to do
2  whatever was necessary to end the harassment, make the Plaintiff whole by restoring lost student
3  benefits or opportunities, and prevent the misconduct from reoccurring. Instead, Defendants took
4  no action. Defendants failed to take appropriate disciplinary action against the harasser intended
5  to stop the harassment. Defendants failed to advise the Plaintiff of the discipline imposed on the
6  harasser. Defendants failed to insure that no further harassment or retaliation against the Plaintiff
7  would occur.

8       36. Plaintiff has exhausted her administrative remedies by filing a complaint with the
9  FEHA on January 17, 2007 and was issued a RIGHT TO SUE letter on January 22, 2007.
10 Attached hereto and marked as Exhibit "A" is Plaintiff's Right to Sue letter.

11      37. As a proximate results of Defendants' conduct, Plaintiff has suffered loss in her right
12 to use the school library to email her Professors, as she does not have a personal computer
13 available to her. Plaintiff is also unable to use the library to study, as Defendant MACK asks
14 Plaintiff to leave.

15      38. As a further proximate result of Defendants' discriminatory conduct, Plaintiff has
16 suffered depression, loss of self-esteem, illness and emotional distress, all to Defendants' damage
17 in an amount unknown at this time, but according to proof at trial.

18      39. Defendants committed to acts alleged herein maliciously, fraudulently, and
19 oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and
20 evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights. Thus,
21 Plaintiff is entitled to an award of exemplary and punitive damages.

22

23
24                           **SECOND CAUSE OF ACTION:**
                   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
                   [Against All Defendants and DOES 1 through 10, Inclusive]
25

26      40. Plaintiff realleges and incorporates paragraphs 1 through 28 above as though set
27 forth herein.

28 COMPLAINT FOR DAMAGES                    9          SANTOS v. MERRITT COLLEGE et al.

1    41. Defendants' conduct, as throughly alleged above, was and is extreme and outrageous

2  conduct amounting to intentional infliction of emotional distress, which was intended to and/or

3  was done in conscious disregard of the probability of causing Plaintiff to suffer severe emotional

4  distress.

5    42. Defendants' outrageous conduct includes harassment, inducement of stress, and thus

6  intentional infliction of emotional dis

7    43. By the actions described herein, Defendants intentionally and with conscious

8  disregard, attempted to strip Plaintiff of her dignity and reputation among her peers and

9  throughout the institution.

10    44. As a proximate result of Defendants' aforementioned wrongful conduct, Plaintiff has

11  suffered and continues to suffer grave emotional distress, including embarrassment, humiliation,

12  and anguish, all to Plaintiff's damage in an amount unknown at this time, but according to proof

13  at the time of trial.

14    45. Defendants' conduct was willful, wanton, malicious, and with reckless disregard for

15  the rights of Plaintiff so as to justify an award of exemplary and punitive damages.

16
17
            THIRD CAUSE OF ACTION:
        BREACH OF IMPLIED-IN-FACT CONTRACT
          AGAINST DEFENDANT MERRITT COLLEGE

18

19    46. Plaintiff realleges and incorporates paragraphs 1 through 28 above as though set

20  forth herein.

21    47. Plaintiff entered into an academic relationship with Defendant MERRITT

22  COLLEGE in or about 2005 as heretofore alleged pursuant to which she agreed to study for

23  which Defendant MERRITT COLLEGE agreed to furnish Plaintiff the necessary academic

24  environment. During the entire course of Plaintiff's academic pursuit with Defendants, there

25  existed an implied-in-fact academic contract between Plaintiff and Defendant MERRITT

26  COLLEGE, which at the time of Plaintiff's injuries included, but was not limited to, the

27  following terms and conditions:

28  COMPLAINT FOR DAMAGES           10        SANTOS v. MERRITT COLLEGE et al.

1    (a) Plaintiff would be able to continue her academic relationship with Defendants
2 indefinitely so long as she carried out her academic duties in a proper and competent manner;

3    (b) Plaintiff would not be harassed or impeded in her pursuit of studying and the use of
4 facilities would not be barred unless for good cause;

5    (c) Defendants would not evaluate Plaintiff's student activities and bar her from utilizing
6 facilities;

7    (d) Defendants would provide Plaintiff with support so that she could properly carry out
8 her academic responsibilities.

9    47.    This academic agreement was evidenced by having a student identification card,
10 paying the necessary fees for registration of classes, and other documents that evidenced an
11 academic relationship; oral representations to Plaintiff by Defendants' agents and employees, and
12 the parties' entire course of conduct, including the following:

13    (a) Defendant MERRITT COLLEGE's written and oral personnel policies and discipline
14 procedures;

15    (b) Defendant MERRITT COLLEGE's established policy which was known to Plaintiff,
16 and relied upon her, that a student such as Plaintiff, who had performed her student functions as a
17 good and faithful student, would have a secure academic environment tenure with Defendant;
18 that a student such as Plaintiff would be permitted to continue her academic pursuit unimpaired
19 by harassment and mental distress unless failing to meet the standards of Defendant MERRITT
20 COLLEGE for good and sufficient cause; and that a student such as Plaintiff would not be
21 disciplined or impeded in her academic pursuit without good and sufficient cause;

22    (c) Again and again during her academic relationship Plaintiff was told by her
23 Professors, orally and in writing, that she was doing a satisfactory or better job. As a result of the
24 above representation, Plaintiff responsibly came to expect to rely on the promise of an academic
25 environment free of harassment and mental distress. Such statements and acts communicated to
26 Plaintiff the idea that she had performed her student responsibilities and that her academic
27 relationship with Defendant MERRITT COLLEGE was secure. Plaintiff in good faith relied

28 COMPLAINT FOR DAMAGES                11                SANTOS v. MERRITT COLLEGE et al.

upon these representations and believed them to be true;

'2      (d)  Plaintiff's reliance on, belief in, and acceptance in good faith of all the assurances,
3   promises and representations as listed in Paragraph 43 lead Plaintiff throughout her academic
4   relationship with Defendants to reasonably believe that her academic relationship was secure and
5   that thereby existed a contract of a continuous academic environment with Defendants free of
6   harassment and mental distress, with Defendants. As independent consideration for this contract
7   of a continuing academic relationship, and as evidence of Plaintiff's reliance thereon, Plaintiff
8   refrained from seeking any other academic environments.

9       48.  Plaintiff undertook and continued her academic relationship with the expectation to
10  be free from harassment, discrimination based on race and age, and free from being singled out
1   as a mature woman in an environment of primarily students under twenty-five years old and duly
12  performed all of the conditions of the contract to be performed by her. Plaintiff in the past has
13  been ready, willing and able to perform, and has offered to perform, all of the conditions of the
14  contract to be performed by her, however in the last two years, due to stress created by
15  Defendants in Plaintiff's academic pursuit, she was unable to complete courses that she would
16  have normally succeeded in.

17      49.  Despite the representation made to Plaintiff by Defendants and the reliance she
18  placed upon them, Defendant MERRITT COLLEGE failed to carry out its responsibilities under
19  the terms of the academic agreement in the following ways:

20          (a) By subjecting Plaintiff to arbitrary, unfair, and dishonest criticism.

21      50.  As a proximate result of Defendant MERRITT COLLEGE's breach of the academic
22  agreement, Plaintiff has suffered and continues to suffer substantial losses in academic
23  opportunities, and other academic benefit which she would have received had Defendants not
24  breached said agreement, all to her damage in an amount according to proof. Furthermore,
25  Plaintiff registered for classes for the 2007 school year, but was unable to follow through with
26  attending the classes, due to emotional and mental distress caused by Defendants.

27          WHEREFORE, Plaintiff requests relief as hereinafter provided.

28  COMPLAINT FOR DAMAGES                    12          SANTOS v. MERRITT COLLEGE et al.

## FORTH CAUSE OF ACTION:
### (LAWFUL DISCRIMINATION BASED UPON RACE AND AGE
### AGAINST ALL DEFENDANTS AND DOES 1-10 INCLUSIVE)

51   Plaintiff hereby incorporates by reference paragraphs 1 through 28 of this complaint as if set forth herein.

52.  At all times herein mentioned, Government Codes were in full force and effect and was binding upon Defendants, and each of them. Said sanctions require Defendants to refrain from discriminating against any student on the basis of race and age, among other things. Within the time provided by law, Plaintiff made a complaint to the California Department of Fair Employment and Housing ("DFEH"). Plaintiff has now received her right-to sue letter from the DFEH, a copy of which is attached hereto as Exhibit "A" and incorporated by reference herein.

53.  Defendants MERRITT COLLEGE, and DOES 1-10 inclusive, failed to supervise Defendant MACK in the Library where she performed her duties, and failed to properly investigate the actions of Defendant MACK. Defendant MACK, continued harassment and mental anguish and provided an environment of stress for Plaintiff.

54.  Plaintiff is informed and believes that in addition to the practices enumerated in this cause of action, Defendant MERRITT COLLEGE has engaged in other discriminatory practices which are not fully known by Plaintiff.

55.  As a direct, foreseeable, and proximate result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial loses in education and educational benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to her damage in an amount in excess of the minimum jurisdiction of this court, the precise amount of which will be proven at trial.

56.  Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the acts taken towards Plaintiff were carried out by managerial employees acting in a despicable,

COMPLAINT FOR DAMAGES                          13            SANTOS v. MERRITT COLLEGE et al.

1  cold, callous, and intentional manner in order to injure and damage Plaintiff, she is entitled to

2  recover punitive damages from Defendants in an amount according to proof.

3      57.  As a result of Defendants' discriminatory acts as alleged herein, Plaintiff has no

4  plain, adequate or complete remedy at law and Defendants continue to engage in said alleged

5  wrongful practices.  Therefore, Plaintiff requests:

6          (a) That she be made whole and afforded all benefits attendant thereto that would

7  have been afforded Plaintiff but for said discriminatory; and

8          (b) That Defendants, their agents, successors, employees and those acting in

9  concert with them be enjoined permanently from engaging in each of the unlawful practices,

10  policies, usages and customs set forth herein.

11          WHEREFORE, Plaintiff prays for judgement as hereinafter set forth.

12

## FIFTH CAUSE OF ACTION:
### (NEGLIGENT MISREPRESENTATION AGAINST DEFENDANTS MERRITT COLLEGE AND DOES 1-10)

13

14      58.  Plaintiff hereby incorporates by reference Paragraphs 1 through 28 and 41 through

15  45, inclusive, of this complaint as if fully set forth herein.

16      59.  During the course of Plaintiff's academic relationship with Defendant MERRITT

17  COLLEGE, and each of them, misrepresented to Plaintiff:

18          (a)  That she would have an academic environment free of stress, harassment and

19  mental anguish;

20      60.  Defendants, and each of them, when they made their representations of fact to the

21  Plaintiff, which are described in the preceding paragraph, had no reasonable grounds for

22  believing the representations were true, and Defendants, and each of them, made their

23  representations with the intent to induce Plaintiff to take the actions herein alleged.  Defendants'

24  representations were made with the intent that Plaintiff rely upon them, and Plaintiff did

25  reasonably rely upon them to her detriment.

26      61.  In making such representations of fact, and in suppressing and failing to disclose

27

28  COMPLAINT FOR DAMAGES                    14          SANTOS v. MERRITT COLLEGE et al.

facts material to Plaintiff's employment relationship as described in Paragraphs 56 and 57 above,

2   Defendants negligently misled the Plaintiff about her prospects for educational stability.

3   Defendants, and each of them, knew or reasonably should have known that Plaintiff would rely

4   upon the Defendants' representations and Defendants' failure to disclose facts material to her

5   academic relationship. Plaintiff did rely on the Defendants' misrepresentations and failure to

6   disclose material facts to her detriment.

7       62.  As a direct, foreseeable, and proximate result of Defendants' negligent

8   misrepresentations, Plaintiff has suffered and continues to suffer substantial losses in earnings

9   and other academic benefits, and Plaintiff has suffered and continues to suffer pain, discomfort,

10  and anxiety, humiliation and emotional distress, and will continue to suffer said emotional

11  distress in the future in an amount according to proof.

12      WHEREFORE, Plaintiff prays for judgement against the Defendants, and each of

13  them, as follows:

14      (1)  For compensatory damages including lost student benefits, mental and emotional

15  distress, and other special and general damages according to proof;

16      (2)  For an award of punitive damages on the Forth and fifth Causes of Action;

17      (3)  For an award of interest, including prejudgement interest, at the legal rate;

18      (4)  For an award to Plaintiff of costs of suit incurred herein on all causes of action;

19      (5)  For an award to Plaintiff of attorneys' fees on the Fourth Cause of Action pursuant to

20  Government Code §12900, et seq.

21      (6)  For a permanent injunction enjoining Defendants, their agents, successors and

22  employees and those acting in concert with them for engaging in each of the unlawful practices,

23  policies, usages and customs set forth in the Fourth Cause of Action.

24      (7)  For an award to Plaintiff of such other and further relief as this court deems just and

25  proper.

26  WHEREFORE, Plaintiff prays judgement against Defendants as follows:

27      1.  For general non economic damages according to proof;

28  COMPLAINT FOR DAMAGES                15            SANTOS v. MERRITT COLLEGE et al.

1    2.  For special damages according to proof;

2    3.  For punitive damages where allowed by law;

3    4.  For pre-judgement interest;

4    5.  For costs of suit incurred herein;

5    6.  For attorney's fees as allowed by law;

6    7.  For all relief provided by any provision of the California Law providing for

7  indemnification of Plaintiff for losses caused by the Defendants' want of ordinary care and for

8  expenditures or losses in discharge of his or her duties;

9    8.  For such other further relief as this Court deems just and proper;

10    9. For trial by jury.

11

12  DATED: 7/9/2007          LAW OFFICES OF BOMARK-NOEL

13

14                  KJELL C. BOMARK-NOEL
                      Attorney for Plaintiff:

15                  Elizabeth Santos

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

## VERIFICATION

I, ELIZABETH SANTOS, am a Plaintiff in the above-entitled action. I have read the

foregoing "Complaint for Damages" and know the contents thereof. Under penalty of

perjury under the laws of California I affirm the above to be true and correct, to the best of

my belief and recollection. Executed in San Leandro, County of Alameda, State of

California.

DATED: July 9/2007

Elizabeth Santos
Plaintiff

28 | COMPLAINT FOR DAMAGES        17        SANTOS v. MERRITT COLLEGE et al.

EXHIBIT A

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200607 M-0953-00-arc

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
Ms. Elizabeth D. Santos

TELEPHONE NUMBER (INCLUDE AREA CODE)
(510) 452-0548

ADDRESS
433 Perkins #209

CITY/STATE/ZIP
Oakland, California 94610

COUNTY
Alameda

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
Shirley Mack

TELEPHONE NUMBER (Include Area Code)
(510) 436-2457

DFEH USE ONLY

ADDRESS
12500 Campus Drive

CITY/STATE/ZIP
Oakland, California

COUNTY
Alameda

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
4,000 + students

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) January 2007

RESPONDENT CODE

THE PARTICULARS ARE:

On Sept. 28 2005 - Present I was

- ___ fired
- ___ laid off
- ___ demoted
- X harassed
- ___ genetic characteristics testing
- ___ forced to quit

- ___ denied employment
- ___ denied promotion
- ___ denied transfer
- X denied accommodation
- ___ impermissible non-job-related inquiry
- X other (specify) not allowed to use the computers based on race.

- ___ denied family or medical leave
- ___ denied pregnancy leave
- ___ denied equal pay
- ___ denied right to wear pants
- ___ denied pregnancy accommodation

by Shirley Mack            Librarian
   Name of Person          Job Title (supervisor/manager/personnel director/etc.)

because of my:
- X sex
- X age
- ___ religion
- X race/color

- X national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association

- ___ physical disability
- ___ mental disability
- ___ other (specify)

- ___ cancer
- ___ genetic characteristic

___ (Circle one) filing;
Protesting; participating in investigation (retaliation for)

the reason given by Shirley Mack, Librarian
                     Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]
I am Asian, and because of my age she does not want me to use the computer, and kicks me out of the Library.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of Complainant Elected Court Action

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 1/13/07

At ___ San Leandro ___
         City

COMPLAINANT'S SIGNATURE

RECEIVED

DATE FILED: January 17, 2007    JAN 17 2007

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

ARNOLD SCHWARZENEGGER, Governor

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov



January 22, 2007

ELIZABETH D. SANTOS
433 Perkins, #209
Oakland, CA 94610

RE:    E200607M0953-00-arc
       SANTOS/SHIRLEY MACK

Dear ELIZABETH D. SANTOS:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
January 17, 2007 because an immediate right-to-sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Allen H. Pederson*

Allan H. Pederson
District Administrator

cc:    Case File

Shirley Mack, Librarian
12500 Campus Drive
Oakland, CA 94619

DFEH-200-43 (06/06)

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

### Instructions to Plaintiff / Cross-Complainant

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site

(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

ADR can save money. Court costs, attorney fees, and expert witness fees can be saved.

ADR can permit more participation. With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

ADR can be flexible. The parties can choose the ADR process that is best for them.

ADR can be cooperative. In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

ADR can reduce stress. There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev 4/05

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

Visit the Court's Web site. The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

Contact the Small Claims Court Legal Advisor. The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

Visit the California Department of Consumer Affairs' Web site. The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

Contact your local bar association. You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."

Automotive Repair, Smog Check: The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

Attorney Fees: The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
222278 Redwood Road, Castro Valley, CA 94546
Phone: (510) 733-4940    fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Phone: (510) 548-2377    fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
433 Jefferson Street, Oakland, CA 94607
Phone: (510) 768-3100    fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Offic**
1212 Broadway Street, Suite 837, Oakland, CA
Phone: (510) 444-6351    fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

# ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

**ADR Program Administrator**

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

**The Judicial Arbitration Process**

Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

**Assignment of Case *(CRC 1605a(4))***
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

**Hearings *(CRC 1611)***
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

**Award of Arbitrator *(CRC 1615b & c)***
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

**Return of Case to Court**
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd FL, Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
|---|---|---|
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Case No. _____

Plaintiff

vs.

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05