1  STEPHANIE B. BRADSHAW (SBN: 170757)
   ALYSON CABRERA (SBN: 222717)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
6  Attorneys for Defendants
   MERRITT COLLEGE
7  and SHIRLEY MACK

8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10

11  ELIZABETH SANTOS                       )  CASE NO. C 07 5227 EMC
                                           )
12                    Plaintiff,           )  **MEMORANDUM OF POINTS AND**
                                           )  **AUTHORITIES IN SUPPORT OF**
13       vs.                               )  **DEFENDANTS' MOTION TO**
                                           )  **DISMISS PLAINTIFF'S FIRST**
14  MERRITT COLLEGE, SHIRLEY MACK, an      )  **AMENDED COMPLAINT**
    individual and DOES 1-10, inclusive,   )
15                                         )  Date:      December 12, 2007
                      Defendants.          )  Time:      10:30 a.m.
16                                         )  Judge:     Hon. Edward M. Chen
                                           )  Location:  Courtroom C, 15th Fl.
17                                         )
                                           )  Accompanying Papers: Notice of
18                                         )  Motion to Dismiss and [Proposed]
                                           )  Order
19

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss
Case No. C 07 5227 EMC

# TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. FACTS ALLEGED BY PLAINTIFF | 1 |
| III. LEGAL AUTHORITY | 2 |
|     A. Federal Rule of Civil Procedure 12(b)(6) | 2 |
| IV. LEGAL ARGUMENT | 2 |
|     A. Plaintiff's Claims For Violation Of FEHA Fail As A Matter Of Law As Plaintiff Has Never Been An Employee Of MERRITT COLLEGE | 2 |
|     B. Plaintiff's Claims For "Failure To Prevent, Investigate And Remedy Harassment" And For Age Discrimination In Violation Of Section 1981 Fail As A Matter Of Law As Section 1981 Is Strictly Limited To Claims Of Racial Discrimination | 3 |
|     C. Plaintiff's Claim For Race Discrimination In Violation Of Section 1981 Fails As A Matter Of Law | 5 |
|         1. Defendant MERRITT COLLEGE Is Not a "Person" Subject to Suit | 5 |
|         2. An Individual Cannot Be Held Liable for Discrimination | 6 |
|     D. Plaintiff's Claims For Negligent Misrepresentation And Breach Of Implied-In-Fact Contract Fail As A Matter Of Law | 7 |
|         1. The Tort Claims Act Abolished All Common Law and Judicially Declared Forms of Liability Against Public Entities | 7 |
|         2. Plaintiff's First Amended Complaint Does Not Plead Compliance With the Claim Presentation Requirements of the Act | 8 |
|     E. Plaintiff's Claim For Intentional Infliction Of Emotional Distress Against Defendant Mack Fails As A Matter Of Law | 10 |
|         1. Plaintiff's First Amended Complaint Does Not Plead Compliance With the Claim Presentation Requirements of the Tort Claims Act | 10 |
|         2. Plaintiff's First Amended Complaint Does Not Allege "Extreme and Outrageous" Conduct | 10 |
| V. CONCLUSION | 12 |

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## TABLE OF AUTHORITIES

Page

**Cases**

*Ahmed v. Peralta Community College District,*
  2003 WL1344636 (2003), *3 .................................................................................... 6

*An-Ti Chai v. Michigan Technological University,*
  493 F.Supp. 1137 (W.D. Mich. 1980) ...................................................................... 5

*Ankeny v. Lockheed Missiles & Space Co.,*
  88 Cal. App. 3d 531 (1979) .................................................................................... 11

*Armstrong v. Myers,*
  964 F.2d 948 (9th Cir.1992) ..................................................................................... 5

*Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters,*
  459 U.S. 519 (1983) .................................................................................................. 2

*Balistreri v. Pacifica Police Dept.,*
  901 F.2d 696 (9th Cir. 1999) .................................................................................... 2

*Beliveau v. Caras,*
  873 F. Supp. 1393 (C.D. Ca. 1995); ......................................................................... 2

*Birkbeck v. Marvel Lighting Corp.,*
  30 F3d 507 (4th Cir. 1994) ....................................................................................... 6

*Cerrato v. San Francisco Community College Dist.,*
  26 F.3d 968 (9th Cir. 1994) ...................................................................................... 6

*Cole v. Fair Oaks Fire Protection Dist.,*
  43 Cal. 3d 148 (1987) ............................................................................................. 11

*Cross v. Alabama State Dept. of Mental Health & Mental Retardation,*
  49 F3d 1490 (11th Cir. 1995) ................................................................................... 6

*El-Hakem v. BJY Inc.,*
  415 F3d 1068 (9th Cir. 2005) ................................................................................... 4

*Fonseca v. Sysco Food Services of Arizona, Inc.,*
  374 F3d 840 (9th Cir. 2004) ................................................................................. 4, 6

*Harshbarger v. City of Colton,*
  197 Cal.App.3d 1335 (1988) .................................................................................... 7

*In re Delorean Motor Co.,*
  991 F. 2d 1236 (6th Cir. 1993) ................................................................................. 2

*Mendoza v. Town of Ross,*
  128 Cal.App.4th 625 (2005) ..................................................................................... 3

*Michael J. v. Los Angeles County Dept. of Adoptions,*
  201 Cal.App.3d 859 (1988) ...................................................................................... 7

**TABLE OF AUTHORITIES**
(continued)

Page

*Miller v. Fairchild Industries, Inc.*,
  885 F2d 498 (9th Cir. 1989) .................................................................................. 4

*Miller v. Maxwell's Int'l Inc.*,
  991 F2d 583 (9th Cir. 1993) .................................................................................. 6

*Mitchell v. Los Angeles Community College Dist.*,
  861 F.2d 198 (9th Cir. 1998) ................................................................................. 6

*Neal v. Gatlin*,
  35 Cal.App.3d 871 (1973) .................................................................................... 10

*Nestle v. City of Santa Monica*,
  6 Cal.3d 920 (1972) .............................................................................................. 7

*Rucker v. Regents of the University of California*,
  WL2623993 (N.D. Cal. 2004), *2 ....................................................................... 5

*Runyon v. McCrary*,
  427 US 160 (1976) ................................................................................................ 4

*Schneider v. TRW, Inc.*,
  938 F.2d 986 (9th Cir. 1991) .............................................................................. 11

*Shephard v. Loyola Marymount Univ.*,
  102 Cal.App.4th 837 (2002) .................................................................................. 3

*Spencer v. Merced County Office of Education*,
  59 Cal.App.4th 1429 (1997). ................................................................................. 8

*St. Francis College v. Al–Khazraji*,
  481 US 604 (1987) ................................................................................................. 4

*State v. Superior Court (Bodde)*,
  32 Cal.4th 1234 (2004) .......................................................................................... 9

*Taylor v. Mitzel*,
  82 Cal.App.3d 665 (1978) .................................................................................. 10

*Tomka v. Seiler Corp.*,
  66 F3d 1295 (2nd Cir. 1995) ................................................................................. 6

*Trinkle v. Calif. State Lottery*,
  71 Cal.App.4th 1198 (1999) .................................................................................. 7

*Vernon v. State of California*,
  116 Cal.App.4th 114 (2004) .................................................................................. 3

*Yurick v. Superior Court*,
  209 Cal. App. 3d 1116 (1989) ............................................................................ 11

iii

**TABLE OF AUTHORITIES**
(continued)

Page

**Statutes**

42 United States Code
   section 1981 ................................................................................................ 4, 5, 6, 7

42 United States Code
   section 1981(a) ..................................................................................................... 4

42 United States Code
   section 1983 ......................................................................................................... 5

Government Code
   section 815(a) ....................................................................................................... 7

Government Code
   section 818.8 ..................................................................................................... 7, 8

Government Code
   section 910 ........................................................................................................... 9

Government Code
   section 945.4 ........................................................................................................ 8

Government Code
   section 950.2 ...................................................................................................... 10

Government Code
   section 12940 (j) ................................................................................................... 3

Government Code
   section 12940(a) ................................................................................................... 3

Government Code
   section 815 ........................................................................................................... 7

Government Code
   section 905.2 ................................................................................................... 9, 10

Government Code
   section 911.2 ........................................................................................................ 8

Government Code
   section 911.3 ........................................................................................................ 8

Government Code
   sections 950-950.6 ............................................................................................. 10

## I. INTRODUCTION

Every claim asserted by Plaintiff ELIZABETH SANTOS ("Plaintiff") against Defendants MERRITT COLLEGE[1] and SHIRLEY MACK (collectively "Defendants") must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. First, Plaintiff's claims for violation of the Fair Employment and Housing Act ("FEHA") fail as a matter of law, as Plaintiff is not, and has never been, an "employee" of Defendant MERRITT COLLEGE. Second, Plaintiff's claims for "failure to prevent, investigate and remedy harassment" and for age discrimination in violation of 42 U.S.C. Section 1981 ("Section 1981") fail as a matter of law as Section 1981 is strictly limited to claims of racial discrimination. Third, Plaintiff's claim for race discrimination in violation of Section 1981 fails as a matter of law because public entities are not "persons" subject to suit, and an individual cannot be held liable for "discrimination" under the statute. Fourth, Plaintiff's claims for negligent misrepresentation and breach of implied-in-fact contract fail as a matter of law because the Tort Claims Act abolished all common law and judicially declared forms of liability against public entities. Fifth, Plaintiff's claim for intentional infliction of emotional distress fails as a matter of law because Plaintiff's First Amended Complaint does not plead compliance with the claim presentation requirements of the Tort Claims Act and, further, Plaintiff has failed to plead facts sufficient to state such a claim..

## II. FACTS ALLEGED BY PLAINTIFF

Plaintiff is a student of Defendant MERRITT COLLEGE. Plaintiff alleges that on five (5) occasions between September 28, 2005 and November 8, 2005, Defendant MACK, a tenured Librarian employed by the College, wrongfully accused Plaintiff of improperly using College computers for personal use in violation of library policy, thereby "forcing" Plaintiff to leave the library. (Plaintiff's Complaint at ¶¶ 7, 8, 10, 15 and 16.) Plaintiff further alleges that on one

---

[1] Defendant MERRITT COLLEGE is part of the Peralta Community College District. The District, established in 1964, is a system of public two-year colleges, serving the residents of the cities of Oakland, Berkeley, Alameda, Piedmont, Emeryville and Albany. It consists of four colleges and two community education centers. The District has educated more than a million students since its founding, the majority of which are minorities.

-1-

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss
Case No. C 07 5227 EMC

occasion, nearly one year later, Defendant MACK asked Plaintiff and a classmate to stop talking in the library while allowing others to continue talking. (Plaintiff's Complaint at ¶ 22.)

### III. LEGAL AUTHORITY

#### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may make a motion to dismiss for "failure to state a claim upon which relief can be granted." A dismissal pursuant to Rule 12(b)(6) is proper where there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1999). Moreover, although the Court must construe the facts in the light most favorable to the non-moving party, the Court need not accept as true conclusionary allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact. *Beliveau v. Caras*, 873 F. Supp. 1393, 1395-1396 (C.D. Ca. 1995); *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Finally, a court need not assume that a plaintiff can prove facts different from those it has alleged. *Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### IV. LEGAL ARGUMENT

#### A. Plaintiff's Claims For Violation Of FEHA Fail As A Matter Of Law As Plaintiff Has Never Been An Employee Of MERRITT COLLEGE

The FEHA provides that it shall be an unlawful **employment** practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California:

> (a) For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, to **refuse to hire or employ** the person or to refuse to select the person for a training program **leading to employment**, or to **bar or to discharge the person from employment** or from a training program **leading to employment**, or to discriminate against the person in compensation or in **terms, conditions, or privileges of employment**.
>
> (j) For an employer, labor organization, employment agency, apprenticeship training program or any training program leading to employment, or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation, **to harass an employee, an applicant, or a person providing services pursuant to a contract**.

-2-

Government Code §§ 12940(a), (j) (emphasis added).

In order to recover under the provisions of FEHA, an aggrieved plaintiff must demonstrate the existence of an employment relationship. *Vernon v. State of California*, 116 Cal.App.4th 114, 124 (2004); *Mendoza v. Town of Ross*, 128 Cal.App.4th 625, 631 (2005) (because compensation of some sort is indispensable to the formation of an employment relationship, volunteers who receive no direct or indirect financial benefit for their services do meet the definition of "employee" for FEHA purposes); *Shephard v. Loyola Marymount Univ.*, 102 Cal.App.4th 837, 842 (2002) (appellate court rejected plaintiff's claim that her status as a student athlete compensated by scholarship made her an "employee" of University for purposes of FEHA).

Here, Plaintiff alleges that she is a "student" at MERRITT COLLEGE. (Plaintiff's Complaint at ¶ 4.) Plaintiff does not allege that she is, or that she has ever been, in an employment relationship with Defendant MERRITT COLLEGE in any capacity, or that she ever "provided services" to Defendants under the terms of any contract. Pursuant to the express language of FEHA, and well-settled authority, Plaintiff's status as a "student" of Defendant MERRITT COLLEGE does not entitle her to the protections of FEHA. Accordingly, Plaintiff's First Cause of Action for alleged violations of FEHA must be dismissed as a matter of law.[2]

**B.      Plaintiff's Claims For "Failure To Prevent, Investigate And Remedy Harassment" And For Age Discrimination In Violation Of Section 1981 Fail As A Matter Of Law As Section 1981 Is Strictly Limited To Claims Of Racial Discrimination**

Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of

---

[2] To the extent Plaintiff argues she is entitled to pursue a FEHA claim because she received a right to sue letter from the Department of Fair Employment and Housing ("DFEH"), the argument should be rejected. Indeed, an examination of **Exhibits A(1)** and **A(2)** to Plaintiff's First Amended Complaint reveals that Plaintiff did not disclose her "student" status to the DFEH in her Complaint of Discrimination. Accordingly, it could not have been clear to the DFEH that Plaintiff is not, and has never been, an employee of Merritt College or Ms. Mack. These exhibits further reveal that Plaintiff "requested an immediate right to sue letter" from the DFEH, thereby preventing the DFEH from investigating her Complaint, or discovering the absence of an employment relationship.

-3-

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss
Case No. C 07 5227 EMC

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

>persons and property **as is enjoyed by white citizens**, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. §1981(a) (emphasis added).

Section 1981 prohibits racial discrimination in employment. *Miller v. Fairchild Industries, Inc.,* 885 F2d 498, 503 (9th Cir. 1989). "Analysis of an employment discrimination claim under §1981 follows the same legal principles as those applicable in a Title VII disparate treatment case ... Both require proof of discriminatory treatment and the same set of facts can give rise to both claims." *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F3d 840, 850 (9th Cir. 2004). Unlike Title VII however, Section 1981 is strictly limited to race and national origin/ancestry discrimination claims. Indeed, Section 1981 protects "identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics ..." *St. Francis College v. Al–Khazraji,* 481 US 604, 613 (1987); *El-Hakem v. BJY Inc.*, 415 F3d 1068, 1073 (9th Cir. 2005); see also *Runyon v. McCrary*, 427 US 160, 167 (1976) (Section 1981 does not apply to discrimination based upon sex or religion [as Title VII does]).

Here, Plaintiff's First Cause of Action alleges that Defendant MACK (and possibly Defendant MERRITT COLLEGE – the pleading is unintelligible in this regard) failed to "prevent, investigate and remedy harassment" in violation of Section 1981. (Plaintiff's Complaint at 8:8-10.) Plaintiff's Fourth Cause of Action further alleges discrimination based upon "age" in violation of Section 1981. (Plaintiff's Complaint at 13:18-20.) Pursuant to the plain wording of the statute, and the authority set forth above, Section 1981 is limited to claims of *race and national origin discrimination.* Accordingly, Plaintiff's claims for failure to "prevent, investigate and remedy harassment," and for "age" discrimination in violation of Section 1981, must be dismissed as a matter of law.

**C.   Plaintiff's Claim For Race Discrimination In Violation Of Section 1981 Fails As A Matter Of Law**

**1.   Defendant MERRITT COLLEGE Is Not a "Person" Subject to Suit**

Plaintiff's Fourth Cause of action alleges that Defendant MERRITT COLLEGE discriminated against Plaintiff on the basis of her race in violation of Section 1981. This claim must be dismissed. "42 U.S.C. sections 1981 and 1983 prohibit certain unconstitutional conduct by "persons."" *Rucker v. Regents of the University of California*, WL2623993 (N.D. Cal. 2004), *2. In *Rucker*, Judge Jenkins of the Northern District of California granted a motion to dismiss filed by the Regents of University of California pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that The Regents is not a "person" subject to suit under Section 1981 or 1983. *Id.*

In reaching this decision, Judge Jenkins relied upon the reasoning of the Ninth Circuit Court of Appeals in *Armstrong v. Myers*, 964 F.2d 948, 949-50 (9th Cir.1992). There, the Ninth Circuit noted that The Regents "is an arm of the state for Eleventh Amendment purposes, and therefore is not a 'person' within the meaning of section 1983." Judge Jenkins reasoned, "The Ninth Circuit has not decided whether the definition of "person" is the same in each statute. This Court, however, can think of no reasoned basis to construe section 1981 more broadly than section 1983. The principles underlying The Regents' immunity from suit would seem to apply with equal force in both contexts." *Rucker*, WL2623993 (N.D. Cal. 2004), *2. Judge Jenkins further noted that, "courts from other jurisdictions have decided "person" carries the same meaning in each statute." See, e.g., *An- Ti Chai v. Michigan Technological University*, 493 F.Supp. 1137, 1148 (W.D. Mich. 1980) (" 'persons' under Section 1983 are 'persons' under Section 1981. In the same light, parties with immunity under Section 1983 should retain that same immunity under Section 1981.")

Like The Regents of the University of California, Defendant MERRITT COLLEGE, of the Peralta Community College District, is considered an arm of the state for Eleventh Amendment purposes and is therefore not a "person" subject to section 1983 suits. Indeed, the

-5-

Ninth Circuit has consistently held that California community college districts are dependent instrumentalities of the state and, consequently, are immune to suit for monetary damages under the Eleventh Amendment. *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1998); *Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 972 (9th Cir. 1994). Further, this Court has expressly found that the Peralta Community College District is an arm of the state and has Eleventh Amendment immunity from suit. *Ahmed v. Peralta Community College District*, WL1344636 (N.D. Cal. 2003), at *3.

Based upon this authority and the reasoning set forth above, just as Defendant MERRITT COLLEGE is not a "person" subject to suit under Section 1983, it similarly should not be a "person" subject to suit under Section 1981. Accordingly, Plaintiff's claim for racial discrimination against MERRITT COLLEGE must be dismissed.

### 2. An Individual Cannot Be Held Liable for Discrimination

Plaintiff's Fourth Cause of action also alleges that Defendant MACK discriminated against Plaintiff on the basis of her race in violation of Section 1981. This claim must also be dismissed. As noted above, "[a]nalysis of an employment discrimination claim under §1981 follows the same legal principles as those applicable in a Title VII disparate treatment case ..." *Fonseca v. Sysco Food Services of Arizona, Inc.,* 374 F3d 840, 850 (9th Cir. 2004) (emphasis added).

Under Title VII, courts have consistently held that persons such as supervisors and coworkers *who do not otherwise qualify as employers* may not be held individually liable for violations of Title VII (or the ADEA or ADA). *Cross v. Alabama State Dept. of Mental Health & Mental Retardation*, 49 F3d 1490, 1504 (11th Cir. 1995); see also *Miller v. Maxwell's Int'l Inc.*, 991 F2d 583, 587 (9th Cir. 1993); *Birkbeck v. Marvel Lighting Corp.*, 30 F3d 507, 510–511 (4th Cir. 1994). Similarly, most federal courts, including the Ninth Circuit, have held that there is no Title VII remedy against individual supervisors or coworkers for either quid pro quo or hostile environment harassment. *Tomka v. Seiler Corp.*, 66 F3d 1295, 1314 (2nd Cir. 1995); *Miller v. Maxwell's Int'l Inc.*, 991 F2d 583, 587 (9th Cir. 1993).

Here, Plaintiff alleges that she could not fully enjoy the benefits provided under her "academic agreement" with Defendant MERRITT COLLEGE due to the conduct of Defendant MACK. (Plaintiff's First Amended Complaint at ¶ 5.) Plaintiff's claim is analogous to a claim of discrimination in the terms and conditions of employment due to the conduct of an individual supervisor or co-worker under Title VII. Pursuant to the authority above, just as an individual cannot be held liable for alleged discrimination under Title VII, an individual should not be held liable for alleged discrimination in violation of Section 1981. Accordingly, Plaintiff's claim for race discrimination in violation of Section 1981 must be dismissed as a matter of law.

### D. Plaintiff's Claims For Negligent Misrepresentation And Breach Of Implied-In-Fact Contract Fail As A Matter Of Law

#### 1. The Tort Claims Act Abolished All Common Law and Judicially Declared Forms of Liability Against Public Entities

One of the principal objectives of the California Tort Claims Act ("the Act") was to reduce uncertainty in the law by making all governmental tort liability statutory. Government Code Section 815(a) summarizes this principle by providing: "except as otherwise provided by statute, [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." As one court put it, Section 815 "amounts to a legislative declaration that governmental immunity from suit is the rule and liability is the exception." *Trinkle v. Calif. State Lottery*, 71 Cal.App.4th 1198, 1202 (1999).

Under the Act, all governmental liability is statutory, except as required by the state and federal constitutions. *Nestle v. City of Santa Monica*, 6 Cal.3d 920, 932 (1972). "[I]n the absence of some constitutional requirement, public entities may be liable only if a statute declares them to be liable." *Harshbarger v. City of Colton*, 197 Cal.App.3d 1335, 1339 (1988). Thus, the Act abolished all common law or judicially declared forms of liability against public entities. *Michael J. v. Los Angeles County Dept. of Adoptions*, 201 Cal.App.3d 859, 866 (1988). Further, Government Code Section 818.8 expressly provides that public entities are absolutely

immune from suit for any injuries caused by misrepresentation, whether it be negligent or intentional.

Here, Plaintiff alleges state common law claims against Defendant MERRITT COLLEGE for breach of implied-in-fact contract and negligent misrepresentation. (Plaintiff's First Amended Complaint at 11:2-3; 15:6-7.) With respect to Plaintiff's claim for negligent misrepresentation, the claim is clearly barred by Section 818.8. With respect to Plaintiff's claim for breach of implied-in-fact contract, her First Amended Complaint does not cite to any provision in any statute which imposes governmental liability for this claim. Indeed, because there is no statute making public entities liable for this claim, the general rule of governmental immunity must prevail, and Plaintiff's claims must be dismissed.

### 2. Plaintiff's First Amended Complaint Does Not Plead Compliance With the Claim Presentation Requirements of the Act

In addition to the reasons set forth above, Plaintiff's claims for breach of implied-in-fact contract and negligent misrepresentation are also barred due to Plaintiff's failure to plead compliance with the claim presentation requirements of the Act. The Act requires that all claims for *money or damages* must first be presented to the pertinent public agency and rejected by it. "Generally speaking, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." *Spencer v. Merced County Office of Education*, 59 Cal.App.4th 1429, 1434-35 (1997). "Under Government Code section 945.4, presentation of a timely claim is a condition precedent to the commencement of suit against the public entity." *Id.*

A claim for personal injury must be presented to the public agency not later than six months after the accrual of the cause of action. Government Code §911.2. Claims relating to any other cause of action, including breach of contract, must be filed within one year after the accrual. Government Code §911.3. The <u>burden of proof is on the plaintiff</u> to show satisfaction of the statutory prerequisites to filing suit. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234,

-8-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1239 (2004) (complaint that fails to allege facts demonstrating compliance is subject to demurrer).

Pursuant to Government Code Section 910, the essential contents of a claim include: 1) the names and addresses of the claimant and the person to whom notices are to be sent; 2) a statement of the date, place, and other circumstances of the occurrence or transaction; 3) a description of the indebtedness, obligation, injury, damage, or loss incurred; 4) the name of the public employee who caused the injury, if known; and 5) the amount claimed, if less than $10,000, on the date the claim is presented or, if more than $10,000, no dollar amount is to be included, but the claim must state whether the claim is to be a limited civil case. Further, the claimant must pay a filing fee when the claim is filed. Government Code §905.2.

Here, Plaintiff seeks money damages from Defendant MERRITT COLLEGE for breach of implied-in-fact contract and negligent misrepresentation. Plaintiff's First Amended Complaint however does not allege compliance with the claims presentation requirements of the Act. Indeed, Plaintiff's allegations are incredibly vague and insufficient on their face, as Plaintiff merely asserts in blanket fashion that Plaintiff "filed a written complaint with Merritt College in compliance with the Government Code, and several written complaints with different departments and Librarians." (Plaintiff's Amended Complaint at ¶28.) Plaintiff does not even attempt to allege compliance with the various substantive requirements of the Act. Moreover, Plaintiff does not allege *the date* on which the Claim was allegedly presented. This is fatal because <u>the court cannot determine based on Plaintiff's allegations whether Plaintiff presented a claim in a timely fashion.</u>[3] Plaintiff clearly has not pled compliance with the requirements of the Act, and accordingly, her claims for breach of implied-in-fact contract and negligent misrepresentation are also barred on this ground.

---

[3] Plaintiff, cannot, in good faith, identify the date on which she filed a Government Claim, because she *never* filed one.

-9-

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss
Case No. C 07 5227 EMC

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss
Case No. C 07 5227 EMC

E. **Plaintiff's Claim For Intentional Infliction Of Emotional Distress Against Defendant Mack Fails As A Matter Of Law**

1. **Plaintiff's First Amended Complaint Does Not Plead Compliance With the Claim Presentation Requirements of the Tort Claims Act**

The claims procedures and the statute of limitations applicable to actions against public employees are the same for actions against public entities. Government Code §950.2; see also, generally, Government Code §§ 950-950.6. Thus, presentation of a claim to the public employer, and the public employer's rejection of the claim, are prerequisites to legal action against public employees for acts and omissions within the course and scope of employment. Government Code §950.2. Compliance with the requirement is an integral part of a plaintiff's cause of action that must be pleaded and proved. *Taylor v. Mitzel*, 82 Cal.App.3d 665, 671 (1978). The operative fact triggering the claims presentation requirements is that, at the time of the allege tortious act or omission, the defendant was within the scope of employment as a public employee. When this fact appears from the pleadings, and the plaintiff fails to show compliance with the claims-presentation requirements, dismissal of the action on demurrer is warranted. *Neal v. Gatlin*, 35 Cal.App.3d 871 (1973) (demurrer sustained).

Here, Plaintiff's allegations regarding Defendant MACK relate solely to steps allegedly taken by Defendant MACK in her capacity as a College Librarian, and in seeking to enforce a policy of the library. Such conduct is clearly within the course and scope of employment, thereby triggering the claims presentation requirements of the Act. For the same reasons discussed above however, Plaintiff clearly has not pled compliance with the Act's requirements. Accordingly, Plaintiff's claim against Defendant MACK for intentional infliction of emotional distress is barred, and must be dismissed as a matter of law.

2. **Plaintiff's First Amended Complaint Does Not Allege "Extreme and Outrageous" Conduct**

Even if Plaintiff could demonstrate that she somehow pled compliance with the claim presentation requirements of the Act (which she cannot), Plaintiff's allegations would still warrant dismissal. An essential element of a cause of action for intentional infliction of

-10-

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss
Case No. C 07 5227 EMC

emotional distress is "extreme and outrageous conduct by the defendant." *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1123 (1989). Extreme and outrageous conduct has been defined as conduct which is severe, outrageous and beyond all bounds of decency:

> . . . conduct which goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community. Extreme and outrageous conduct is not mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. All persons must necessarily be expected and required to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind. Extreme and outrageous conduct, however, is conduct which would cause an average member of the community to immediately react in outrage.

*Id.* at 1128. The requirements of the rule are rigorous, and difficult to satisfy. *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 155 (1987) (no recovery for mere profanity, obscenity, or abuse, without circumstances of aggravation, or for insults, indignities or threats which are considered to amount to nothing more than mere annoyances.)

California appellate courts have affirmed orders sustaining dispositive motions on the ground that the defendant's conduct was not sufficiently outrageous. *Ankeny v. Lockheed Missiles & Space Co.*, 88 Cal. App. 3d 531, 536-37 (1979) (plaintiff alleged defendant prevented him from becoming union steward, assigned him inappropriate job tasks, and personally insulted him); *Schneider v. TRW, Inc.*, 938 F.2d 986, 992-93 (9th Cir. 1991) (plaintiff's supervisor screamed, yelled and made threatening gestures while criticizing plaintiff's job performance; *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1128 (1989) (plaintiff claimed age discrimination and that defendant called her "senile" and a "liar" in front of others).

Here, Plaintiff alleges that on five (5) occasions, Defendant MACK wrongfully accused Plaintiff of improperly using College computers for personal use in violation of library policy, thereby "forcing" Plaintiff to leave the library. Plaintiff further alleges that on one occasion, nearly one year later, Defendant MACK asked Plaintiff and a classmate to stop talking in the library while allowing others to continue talking. Even assuming for the purposes of this motion that each of these facts is true (which they are not), these facts do not constitute "extreme and outrageous" conduct under the foregoing authority. Indeed, Plaintiff does not allege that

-11-

Defendant MACK threatened her or made a single derogatory or racially-based statement to her on any occasion. Courts have refused to allow emotional distress claims in cases where the conduct alleged, and even proven, was far more severe than the facts alleged by Plaintiff. Plaintiff's claim for intentional infliction of emotional distress must be dismissed as a matter of law.

## V. CONCLUSION

Defendants respectfully requests that this Court dismiss with prejudice, Plaintiff's claims for: 1) violation of FEHA; 2) failure to prevent, investigate and remedy harassment in violation of Section 1981; 3) age discrimination in violation of Section 1981; 4) race discrimination in violation of Section 1981; 5) negligent misrepresentation; 6) breach of implied-in-fact contract and 7) intentional infliction of emotional distress.

Dated: October 17, 2007                    GORDON & REES LLP

                                           By:  /s/ Alyson Cabrera
                                                ALYSON CABRERA
                                                Attorneys for Defendants
                                                MERRITT COLLEGE and
                                                SHIRLEY MACK

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111