**Kjell C. Bomark–Noel, Esq. (SBN 147494)**
LAW OFFICES OF BOMARK-NOEL
1124 East 14th Street, Suite B
San Leandro, California 94577
(510) 352-1030

ATTORNEY FOR PLAINTIFF:
**ELIZABETH SANTOS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANTOS<br><br>         Plaintiff,<br>v.<br><br>MERRITT COLLEGE;<br>SHIRLEY MACK, an individual;<br>and DOES 1-10, inclusive,<br><br>         Defendant,<br>_____/ | Case No: C 07 5227 EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: December 27, 2007<br>Time: 10:30 a.m.<br>Judge: Hon. Edward M. Chen<br>Location: Courtroom C, 15th Floor |

  Plaintiff Elizabeth Santos seeks relief for the injury she has suffered from racial, sexual, and age discrimination, harassment, and other wrongful conduct on the part of Defendants Merritt College and Shirley Mack, who was acting under the auspices of Defendant Merritt College during 2005-2007. Defendants' liability arises initially out of the contractual relationship between Merritt College and Ms. Santos; Ms. Santos was a student at Merritt College and Ms. Mack exercised supervisory power over Ms. Santos and as an agent of the college. The Defendants have attacked Ms. Santos' First Amended Complaint under Federal

Rule of Civil Procedure 12(b)(6), asserting that the allegations therein fail to state a claim on which relief could be granted, in making this assertion, Defendants proceed to advance arguments regrading technical deficiencies in Ms. Santos' pleading, but they do not, in any way, deny that the egregious misconduct described in the pleading did not take place. In fact, the allegations in the complaint clearly show that Ms. Santos suffered from acts of discrimination, harassment, and other wrongful conduct at the hands of the Defendants. The complaint also states facts showing that the Defendants inflicted tangible harm on Ms. Santos by their actions and that she thus has valid and substantial claims against them. Certainly, the allegations meet the standard set forth in Rule 8 of the Federal Rules of Civil Procedure of making a short and plain statement showing that the pleader is entitled to relief. As such, the court must not dismiss Ms. Santos' complaint. *(Fednav Ltd. v. Sterling International*, 572 F.Supp 1268 D.C. Cal.(1983).)

For example, Defendants argue that Ms. Santos lacks standing to make her claims for violation of California's Fair Employment Housing Act because, as a student, she cannot be an employee. As the complaint shows, however, Ms. Santos was in a contractual relationship with Merritt College in what could be considered a "training program" within the ambit of the FEHA and that Ms. Mack's denial of her library privileges had a negative impact on her participation. Similarly, the complaint describes how Ms. Santos was at the mercy of Defendant Mack in the latter's exercise of authority over her, thus putting her in the position of a supervisor for purposes of an employment relationship. Finally, Defendants assert that Ms. Santos' tort and contract claims are barred by the notice provisions of the Tort Claims Act; this ignores the facts set forth in the pleading that Ms. Santos exhausted her administrative remedies both with the Merritt College administration and government agencies, thereby obtaining her "Right to Sue" letter alleged in the complaint. Finally, it has been held that allegations that an employment contract contained a covenant of good faith and fair dealing and that the employer violated such covenant under state laws were sufficient to state a claim against the employer. *King v. Ralston Purina*

1  *Co.*, 97 F.R.D. (D.C.N.C. 1983) Here, Defendants do not deny that they inflicted serious harm on
2  Ms. Santos in the course of her contractual relationship with them; it follows that she has a claim
3  for relief.  Finally, given the detailed description of substantive injury to Ms. Santos arising out
4  of the events and transactions dealt within the complaint, Ms. Santos should be allowed an
5  opportunity to redraft the pleading to state a claim before the court can contemplate dismissal
6  with prejudice.
7      Defendants motion must be denied.
8  **DATED: December 12, 2007**                    **LAW OFFICES OF BOMARK-NOEL**

10                    _____
     KJELL C. BOMARK-NOEL, ESQ.
     Attorney for Plaintiff:
11   Elizabeth Santos

28  MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO          3          CASE NO:  C075227EMC
    DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT