1  STEPHANIE B. BRADSHAW (SBN: 170757)
   ALYSON CABRERA (SBN: 222717)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendants
6  MERRITT COLLEGE
   and SHIRLEY MACK
7

8

                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11  ELIZABETH SANTOS                        )    CASE NO. C 07 5227 EMC
                                            )
12                       Plaintiff,         )    **DEFENDANTS' REPLY TO**
                                            )    **PLAINTIFF'S OPPOSITION TO**
13       vs.                                )    **DEFENDANTS' MOTION TO**
                                            )    **DISMISS PLAINTIFF'S FIRST**
14  MERRITT COLLEGE, SHIRLEY MACK, an       )    **AMENDED COMPLAINT**
    individual and DOES 1-10, inclusive,    )
15                                          )    Date:      January 3, 2008
                         Defendants.        )    Time:      2:30 p.m.
16                                          )    Judge:     Hon. Edward M. Chen
                                            )    Location:  Courtroom C, 15th Fl.
17                                          )
                                            )    Accompanying Papers:
18                                          )    Declaration of Alyson Cabrera
                                            )
19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

ASCI/1046743/5261912v.1

                                    1
────────────────────────────────────────────────────────
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT                                    C- 07 5227 EMC

1

## I.    INTRODUCTION

2    Plaintiff ELIZABETH SANTOS' ("Plaintiff") Opposition to the instant motion provides

3    zero response to the majority of the arguments advanced by Defendants MERRITT COLLEGE

4    and SHIRLEY MACK (collectively "Defendants"), including those pertaining to dismissal of

5    Plaintiff's claims for violation of 42 U.S.C. Section 1981.  With respect to the few issues

6    addressed by Plaintiff, her Opposition is barren of supporting authority, and is insufficient to

7    raise any legal challenge to Defendants' motion.  Plaintiff has not, and cannot, plead facts to

8    demonstrate the existence of an employment relationship between Plaintiff and Defendants, and

9    accordingly, her claims under the Fair Employment and Housing Act ("FEHA") fail as a matter

10    of law.  Plaintiff also has not, and cannot, plead facts to demonstrate compliance with the

11    requirements of the Tort Claims Act.

12

## II.    LEGAL ARGUMENT

13    **A.    DEFENDANTS DID NOT REFUSE TO SELECT PLAINTIFF FOR "A
14    TRAINING PROGRAM LEADING TO EMPLOYMENT" AND MS. MACK HAS
NEVER BEEN PLAINTIFF'S SUPERVISOR**

15    Plaintiff does not dispute that she has <u>never</u> been an employee of Defendant MERRITT

16    COLLEGE or SHIRLEY MACK.  Plaintiff also does not dispute that in order to recover under

17    the provisions of FEHA, an aggrieved plaintiff must demonstrate the existence of an employment

18    relationship.  See *Vernon v. State of California*, 116 Cal.App.4th 114, 124 (2004); *Mendoza v.*

19    *Town of Ross*, 128 Cal.App.4th 625, 631 (2005); *Shephard v. Loyola Marymount Univ.*, 102

20    Cal.App.4th 837, 842 (2002).  Nevertheless, without any legal support, Plaintiff contends that

21    she is entitled to pursue her FEHA claims because she "was in a contractual relationship with

22    Merritt in what could be considered a 'training program' within the ambit of FEHA." (Plaintiff's

23    Opposition at 2:16-17.)

24    Plaintiff's argument is contrary to the plain text of FEHA.  The FEHA provides, *on its*

25    *face*, that that it shall be an unlawful employment practice "[f]or an employer, because of the

26    race, religious creed, color, national origin, ancestry, physical disability, mental disability,

27    medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire

28

**Gordon & Rees**LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 2 -

1    or employ the person **or to refuse to select the person for a training program leading to**

2    **employment."** Government Code §§ 12940(a) (emphasis added).

3        Here, Plaintiff does not allege that Defendants refused to select her for any training

4    program leading to employment. Further, Plaintiff has failed to proffer a single authority which

5    provides that enrollment as a student in a community college is considered a "training program

6    leading to employment" under the FEHA. Plaintiff's argument plainly lacks merit.

7        Moreover, Plaintiff failed to address the authority cited by Defendants, which clearly

8    demonstrates that Plaintiff is not an "employee" for purposes of FEHA. In *Mendoza v. Town of*

9    *Ross*, 128 Cal.App.4th 625, 631 (2005), the court sustained a demurrer without leave to amend

10   on the grounds that the plaintiff, a volunteer Community Service Officer, was not an "employee"

11   of the Town of Ross for purposes of FEHA despite the fact that he completed a "probationary

12   period" and was sworn in as an officer. *Id.* at 637. The court held that "the absence of

13   remuneration prevents him from attaining 'employee' status under the FHEA." *Id.* at 637. Here,

14   Plaintiff does not allege that she ever received any remuneration whatsoever from Defendants.

15   Accordingly, Plaintiff does not, as a matter of law, meet the definition of an "employee" for

16   FEHA purposes.

17       Finally, Plaintiff's argument that Ms. Mack exercised "authority" over her thereby

18   putting Ms. Mack "in a position of a supervisor for purposes of an employment relationship," is

19   frivolous. Ms. Mack is one of several librarians who works at MERRITT COLLEGE and

20   Plaintiff is one of hundreds of students that use the library. Plaintiff has never been employed by

21   MERRITT COLLEGE and Ms. Mack has no authority to hire, fire or demote Plaintiff. Indeed,

22   given that Plaintiff is a <u>student</u> of MERRITT COLLEGE and has never been an employee, the

23   argument is nonsensical. Plaintiff's claims for violation of FEHA fail as a matter of law and

24   must be dismissed without leave to amend.

25   **B.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO**
        **DEMONSTRATE COMPLIANCE WITH THE TORT CLAIMS ACT**

26

27       Plaintiff contends that she pled facts sufficient to allege compliance with the Torts

28   Claims Act because she alleged that she "exhausted her administrative remedies both with the

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT                                                    C- 07 5227 EMC

1    Merritt College administration and government agencies, thereby obtaining her Right to Sue

2    Letter alleged in the complaint." (Plaintiff's Opposition at 2:21-25.) In the first instance,

3    Plaintiff's argument fails because her allegation that she *exhausted her administrative remedies*

4    *with the Merritt College administration* is a legal    conclusion, not a factual allegation.

5    Accordingly, the court need not, and should not, accept the allegation as true. See *Beliveau v.*

6    *Caras*, 873 F. Supp. 1393, 1395-1396 (C.D. Ca. 1995); *In re Delorean Motor Co.*, 991 F.2d

7    1236, 1240 (6th Cir. 1993).

8         In reality, Plaintiff failed to plead any facts demonstrating compliance with the essential

9    contents of a claim, including:  1) the person to whom Plaintiff sent the notices; 2) a statement of

10   the date, place, and circumstances of the occurrence alleged therein; 3) a description of the stated

11   injury, damage, or loss alleged; 4) the name of the public employee who Plaintiff alleged caused

12   the injury, if so alleged; 5) the amount Plaintiff claimed and whether she claimed it was to be a

13   limited civil case; and 6) whether Plaintiff paid the requisite filing fee when she filed the claim.

14   Government Code §§ 910, 905.2. Plaintiff also failed to allege the date on which the she

15   allegedly presented her claim.  This is because Plaintiff never presented a Claim in compliance

16   with the Act.

17        Secondly, Plaintiff's assertion that she received a "Right to Sue Letter" from the

18   Department of Fair Employment and Housing ("DFEH") must be disregarded as irrelevant to her

19   claims for breach of implied-in-fact contract and negligent misrepresentation. The DFEH does

20   not investigate such claims, and Plaintiff has proffered no authority which provides that

21   obtaining a Right to Sue Letter demonstrates compliance with the Tort Claims Act.[1]  Plaintiff's

22   claims for breach of implied-in-fact contract and negligent misrepresentation are statutorily

23   barred.[2]

---

[1] As indicated previously, Plaintiff's obtaining of a Right to Sue letter from the DFEH is also irrelevant to her claim that she is an "employee" for purposes of FEHA given that she did not disclose her "student" status to the DFEH. Further, she requested an immediate right to sue letter, thereby preventing the DFEH from investigating her Complaint.  (See Exhibits A(1) and A(2) to Plaintiff's First Amended Complaint.)

[2] Plaintiff's reliance on *King v. Ralston Purina Co.*, 97 F.R.D. 477, 479 (D.C. N.C., 1983), is misplaced. In the first instance, the defendant, Ralston Purina is not a public entity, and the case makes no reference whatsoever to the Tort Claims Act. *King* is further distinguishable from the instant case as there, the plaintiffs were *employees* of the defendant, not students.

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT                                                    C- 07 5227 EMC

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  **C.    FURTHER AMENDMENT SHOULD NOT BE PERMITTED**

2  Plaintiff's request to file a Second Amended Complaint should be denied.  After Plaintiff

3  filed her first Complaint, defense counsel promptly met and conferred with opposing counsel and

4  advised him of the Complaint's legal deficiencies.  Defense counsel requested that Plaintiff

5  dismiss the case or amend the Complaint.  Thereafter, opposing counsel agreed to file an

6  Amended Complaint.  (See Declaration of Alyson Cabrera at **Exhibit 1**.)

7  Although Plaintiff dropped from her Amended Complaint her claim for punitive damages

8  against MERRITT COLLEGE (as they are barred under the Government Code), she failed to

9  cure the other defects, and further added non-meritorious claims for violation of Section 1981.

10  Thereafter, despite having a significantly extended period of time to oppose Defendants' Motion

11  to Dismiss, Plaintiff gave short-shrift to the arguments presented therein.  Plaintiff completely

12  failed to oppose Defendants' arguments with respect to Plaintiff's claims for violation of Section

13  1981.  She dedicated only one sentence to her claims for breach of implied-in-fact contract and

14  negligent misrepresentation.  She presented no legal authorities to substantiate her arguments.

15  This court need not assume that Plaintiff can prove facts different from those she has

16  alleged.  See *Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S.

17  519, 526 (1983).  Moreover, under the circumstances, Plaintiff has not demonstrated that she is

18  deserving of a third bite at the apple.

19  **III.    CONCLUSION**

20  For all of the reasons stated herein, Defendants respectfully request that this Court

21  dismiss Plaintiff's Amended Complaint with prejudice.

22  Dated: December 18, 2007                GORDON & REES LLP

24  By:   /s/ Alyson Cabrera
                ALYSON CABRERA
25              Attorneys for Defendants
                MERRITT COLLEGE and
                SHIRLEY MACK

- 5 -
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT                                    C- 07 5227 EMC