UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANTOS,<br><br>        Plaintiff,<br><br>    v.<br><br>MERRITT COLLEGE, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-07-5227 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(Docket No. 6)** |

      Plaintiff Elizabeth Santos has filed suit against Defendants Merritt College and Shirley Mack for violations of both federal and state law. Currently pending before the Court is Defendants' motion to dismiss the first amended complaint ("FAC"). Having considered the parties' briefs and accompanying submissions as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part the motion to dismiss.

                                 **I.   FACTUAL & PROCEDURAL BACKGROUND**

      In her first amended complaint, Ms. Santos alleges as follows. Ms. Santos was a student at Merritt College in 2005. *See* FAC ¶ 4. At the time, she was forty-seven years old. *See id.* ¶ 18. On at least five occasions, from September 2005 to October 2006, Ms. Santos was subjected to discriminatory and harassing conduct by Shirley Mack, a librarian at the College. *See id.* ¶¶ 7, 8, 10, 16-17, 22. On several of these occasions, Ms. Mack accused Ms. Santos of using a library computer for personal use, even though Ms. Santos was actually using the computer for school purposes. *See id.* ¶ 7, 8, 10. After each incident in which she was harassed, Ms. Santos complained to the Dean of

the Library, Mr. Cordova. *See id.* ¶ 25. Ms. Santos also complained to other college employees. *See id.* ¶¶ 26-28.

Based on the above allegations, Ms. Santos asserts five causes of action in the FAC: (1) failure to prevent, investigate, and remedy harassment in violation of FEHA (Merritt College) and 42 U.S.C. § 1981[1] (Ms. Mack); (2) intentional infliction of emotional distress (Ms. Mack); (3) breach of implied-in-fact contract (Merritt College); (4) unlawful discrimination based on race and age in violation of 42 U.S.C. § 1981 (Merritt College and Ms. Mack); and (5) negligent misrepresentation (Merritt College).

## II.   DISCUSSION

### A.   FEHA (Merritt College)

In the first cause of action, Ms. Santos claims that Merritt College violated FEHA – more specifically, California Government Code § 12940(k) -- by failing to take all reasonable steps necessary to prevent the discrimination and harassment by Ms. Mack. The College argues that this claim should be dismissed because Ms. Mack's status as a student of the College, and not an employee, does not entitle her to the protections of FEHA. *See Shepard v. Loyola Marymount Univ.*, 102 Cal. App. 4th 837, 842-47 (2002) (concluding that student athlete was not an employee of a university for purposes of FEHA).

Ms. Santos argues that the FEHA claim should not be dismissed because the statute provides that it is unlawful "[f]or an employer, labor organization, employment agency, apprenticeship training program, or any *training program* leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring," Cal. Gov't Code § 12940(k) (emphasis added), and she "was in a contractual relationship with Merritt [College] in what could be considered a 'training program.'" Opp'n at 2. However, she cites no authority in support of this argument -- *i.e.*, that a student and the educational institution that she attends have a training program relationship for purposes of FEHA. Moreover, the statute covers only training programs leading to employment, and there is no suggestion that Merritt College's training of Ms. Santos

---

[1] The FAC actually refers to 42 U.S.C. § 1981.19. This appears to be an error.

would directly lead to employment. In light of *Shepard* and Ms. Santos's failure to cite any countervailing authority or suggest any set of facts that would establish an employment relationship with Merritt College, the Court hereby dismisses the FEHA claim with prejudice.

B.   <u>Section 1981 (Merritt College and Ms. Mack)</u>

In the first cause of action, Ms. Santos asserts a cause of action under § 1981 against Ms. Mack. In the fourth cause of action, Ms. Santos asserts another claim under § 1981 against Ms. Mack, as well as a claim under § 1981 against Merritt College. In the fourth cause of action, the alleged discrimination is based on race and age.

To the extent Ms. Santos asserts a claim of age discrimination under § 1981 (whether against the College or Ms. Mack), that claim is dismissed with prejudice. As reflected by the language of the statute, "[§] 1981 contemplates protection for those discriminated against on the basis of ancestry or ethnic characteristics . . . ." *Avello v. Hammons*, 963 F. Supp. 262, 269 (S.D.N.Y. 1997). *See, e.g.*, Anjelino v. New York Times Co., 200 F.3d 73, 98 (3d Cir. 1999) ("Because the statute, on its face, is limited to issues of racial discrimination in the making and enforcing of contracts, courts have concluded that sex-based claims are not cognizable under 42 U.S.C. § 1981.").

Furthermore, the Court dismisses with prejudice the § 1981 claim asserted against Merritt College. In a recent opinion, the Ninth Circuit held that "§ 1981 does not contain a cause of action against states," as states are not "persons" under § 1981. *Pittman v. State of Oregon*, No. 05-35900, 2007 U.S. App. LEXIS 28028, at *23 (9th Cir. Dec. 5, 2007). In the instant case, Merritt College represents that it is part of the Peralta Community College District, and Ms. Santos does not argue to the contrary. The Ninth Circuit has held that "California state colleges and universities are 'dependent instrumentalities of the state.'" *Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir. 1988). There is no cause of action under § 1981 against Merritt College. Moreover, even if there were, Merritt College would be immune from suit under the Eleventh Amendment. *See id.* ("We hold that, under California law, the district is a state entity that possesses eleventh amendment immunity from the appellant's section 1981, 1983 and 1985 claims in damages and for injunctive relief."); *see also Ahmed v. Peralta Community College Dist.*, No. C 02-5532

MJJ, 2003 WL 1344636, at *3 (N.D. Cal. Mar. 12, 2003) (concluding that the Peralta Community College District was immune from suit consistent with *Mitchell*).

The Court, however, does not dismiss the § 1981 claim against Ms. Mack in her individual capacity.[2] Unlike Title VII, which permits claims against employers but not individual supervisors, § 1981 does not so limit who may be sued. *See, e.g.*, *Bruin v. Mills College*, No. C 06-05209 WHA, 2007 U.S. Dist. LEXIS 19847, at *8(N.D. Cal. Feb. 6, 2007) ("recognizing individual liability under Section 1981"). Indeed, courts have specifically held that an individual can have liability pursuant to § 1981 even if there is no liability pursuant to Title VII. *See, e.g.*, *Cardenas v. Massey*, 269 F.3d 251, 268 (3d Cir. 2001) ("Although claims against individual supervisors are not permitted under Title VII, this court has found individual liability under § 1981 'when [the defendants] intentionally cause an infringement of rights protected by Section 1981, regardless of whether the [employer] may also be held liable.'"). Furthermore, a state employee is not shielded by Eleventh Amendment immunity when sued in her individual capacity, although she may be protected by other immunities (*e.g.*, absolute or qualified). *See Hafer v. Melo*, 502 U.S. 21, 31 (1991) ("We hold that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts.").

C.  <u>Remaining State Law Claims</u>

As to the remaining state law claims (*i.e.*, negligent misrepresentation, breach of implied contract, and intentional infliction of emotional distress), the Court dismisses the claims without prejudice. Ms. Santos shall have until **February 12, 2008**, to file an amended complaint which contains sufficient allegations to show that she complied with the claim presentation requirement of the California Tort Claims Act.[3] *See* Cal. Gov't Code § 911.2 (providing that claims against local

---

[2] Any § 1981 claim against Ms. Mack in her *official* capacity would be subject to the same analysis above applicable to the College.

[3] The Court does not express any opinion as to whether Ms. Santos may, as a matter of right, include in the amended complaint additional claims not previously asserted. The parties shall meet and confer *in good faith* to discuss this particular question, keeping in mind amendments to the complaint, even if leave of court is required, are to be liberally granted.

governmental entities are required to be presented to the relevant entity within six months (personal injury or property damage) or one year (other causes of action) of the date of accrual of the cause of action); *see also City of Stockton v. Superior Court*, 42 Cal. 4th 730, ---- (2007) ("Contract claims fall within the plain meaning of the requirement that "all claims for money or damages" be presented to a local public entity.").

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. The FEHA and § 1981 claims against Merritt College are dismissed with prejudice. The § 1981 claim against Ms. Mack is dismissed with prejudice to the extent it alleges age discrimination. To the extent the § 1981 claim against Ms. Mack alleges race discrimination, the motion to dismiss is denied. Finally, the remaining claims for negligent misrepresentation, breach of implied contract, and intentional infliction of emotional distress are dismissed without prejudice. Ms. Santos may file an amended complaint in accordance with the above.

This order disposes of Docket No. 6.

IT IS SO ORDERED.

Dated: January 11, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge