STEPHANIE B. BRADSHAW (SBN: 170757)
ALYSON CABRERA (SBN: 222717)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
MERRITT COLLEGE
and SHIRLEY MACK

KJELL CAMILLO BOMARK-NOEL (SBN: 147494)
RICHARD CHARLES HARPER (SBN: 99758)
LAW OFFICES OF BOMARK-NOEL
1124 East 14th Street, Suite B
San Leandro, CA 94577
Telephone: (510) 352-1030

Attorneys for Plaintiff
ELIZABETH SANTOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANTOS,<br><br>    Plaintiff,<br><br>vs.<br><br>MERRITT COLLEGE, SHIRLEY MACK, an individual and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. C 07 5227 EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     February 27, 2008<br>Time:     1:30 p.m.<br>Judge:    Hon. Edward M. Chen<br>Location: Courtroom C, 15th Fl. |

Plaintiff ELIZABETH SANTOS ("Plaintiff") and Defendants MERRITT COLLEGE and SHIRLEY MACK (collectively "Defendants"), by and through their counsel, hereby submit the following Joint Case Management Statement in preparation for the parties' February 27, 2008 Case Management Conference.

As the case is not yet at issue, and because Defendants intend to file a Motion to Dismiss Plaintiff's Second Amended Complaint, the parties respectfully request that the February 27th Case Management Conference be continued to a date after April 30, 2008—the date Defendants

1  intend to set the hearing on their Motion to Dismiss Plaintiff's Second Amended Complaint.

## DESCRIPTION OF THE CASE

1. **Description of Events Underlying the Action:**

**Plaintiff's Description:** Plaintiff was a student at Defendant Merritt College. On multiple occasions between late 2005 and early 2007, Plaintiff was prevented from utilizing the Library. After Defendant Merritt College allegedly investigated over one year later, they concluded that Plaintiff had the right to use the computer the way she had been using it at the time of the incidents. Plaintiff complained through channels of Defendant Merritt College and the Peralta School District; however Plaintiff's claims were dismissed and her file was then lost. Plaintiff maintains that she was discriminated against and unfairly singled out by Defendant Shirley Mack, due to Plaintiffs' race and age.

**Defendants' Description:** Plaintiff is a student at Merritt College. Plaintiff alleges that on five (5) occasions between September 28, 2005 and November 8, 2005, Ms. Mack, a tenured Librarian employed by the College, wrongfully accused Plaintiff of improperly using College computers for personal use in violation of library policy. Plaintiff alleges that Ms. Mack's conduct constitutes discrimination on the basis of Plaintiff's race and age and resulted in Merritt College breaching its "contract" with Plaintiff and inflicting emotional distress upon her. Defendants deny Plaintiff's allegations.

2. **Principal Factual Issues Which The Parties Dispute:** As the case is not yet at issue, the parties cannot determine all factual issues in dispute. The parties will be in a better position to do so after the hearing on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. Currently however, there is a dispute as to whether Ms. Mack enforced the library policies of Merritt College in a discriminatory manner or whether any Defendant damaged Plaintiff in any other manner or in any sum.

3. **Plaintiff's Legal Issues:** Plaintiff maintains she complied with the Government Torts Claims Act, as outlined in the Student Catalog, and therefore Merritt College should be held liable. Plaintiff maintains that The First Cause of Action in violation of the Civil Rights Act includes age, even though it is not specifically mentioned. 42 U.S.C. does not cover a continuing

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 tort and Plaintiff maintains that any one year statue of age discrimination was tolled by the fact that Plaintiff tried to work within the system, as required per the Student Catalog. As to the Age Discrimination Act of 1973, Plaintiff maintains equitable tolling of the statue of limitation. As to Violation of Government Code 11135, Plaintiff maintains equitable tolling of the statue of limitation. The Government Tort Claims Act was substantially complied with, because the Student Catalog specifically states how discrimination issues and sexual harassment issues must be dealt with.

4. **Defendants' Legal Issues:** Defendants have sent a "meet and confer" letter to Plaintiff's counsel regarding the procedural and substantive flaws in Plaintiff's Second Amended Complaint and it is those several deficiencies which will constitute the grounds upon which Defendants will file their Motion to Dismiss Plaintiff's Second Amended Complaint. Those grounds include the fact that Plaintiff has included in her Second Amended Complaint a claim against Merritt College that this Court dismissed with prejudice in its January 11, 2008 Order. It also includes Defendants' contention that Plaintiff has still failed to demonstrate compliance with the Government Claims Act and therefore her claims for intentional infliction of emotional distress, negligent misrepresentation and breach of implied-in-fact contract are barred by Government Code Section 818.8 and for failure to satisfy the claims presentation requirements of the California Tort Claims Act—an requirement of which Plaintiff was aware given that she filed a tort claim for personal injury with Merritt College in 2006. Finally, Defendants contend that Plaintiff's newly asserted claims are barred by the statute of limitations and that her age discrimination claim under 42 U.S.C. §2000d (Title VI) is barred by the plain language of the statute, which applies solely to discrimination based race, color or national origin.

Defendants deny and dispute that Ms. Mack enforced the library policies of Merritt College in a discriminatory manner or that she took any action whatsoever against Plaintiff on the basis of her race. Defendants contend that Plaintiff will be unable to demonstrate a *prima facie* case of age or race discrimination or evidence demonstrating that any actions taken by Defendants were a pretext for such discrimination. Defendants further deny and dispute that that any Defendant damaged Plaintiff in any other manner or in any sum whatsoever.

5. **Parties Served:** All parties have been served.

6. **Joinder of Additional Parties:** None.

7. **ADR:** The parties are not agreeable to participating in any form of ADR until after the filing of Plaintiff's Second Amended Complaint, and the resolution of any subsequent motions.

### DISCLOSURES

8. The parties do not intend to make initial disclosures until after the filing of Plaintiff's Second Amended Complaint, and the resolution of any subsequent motions that may follow.

### DISCOVERY

9. **Discovery Plan:** The parties do not intend to make a discovery plan until after the filing of Plaintiff's Second Amended Complaint, and the resolution of any subsequent motions that may follow.

### TRIAL SCHEDULE

10. **Trial Date:** The parties are not prepared to set a trial date given the unsettled status of the pleadings.

Dated: February 20, 2008                    GORDON & REES LLP

                                            By:  /s/ Alyson Cabrera
                                                 ALYSON CABRERA
                                            Attorneys for Defendants
                                            MERRITT COLLEGE and
                                            SHIRLEY MACK

Dated: February 20, 2008                    LAW OFFICES OF BOMARK-NOEL

                                            By:  /s/ Kjell C. Bomark-Noel
                                                 Kjell Camillo Bomark-Noel
                                                 Richard Charles Harper
                                            Attorneys for Plaintiff
                                            ELIZABETH SANTOS

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ASCI/1046743/5434932v.1