

STEPHANIE B. BRADSHAW (SBN: 170757)
NICOLE C. HARVAT (SBN: 200469)
ALYSON CABRERA (SBN: 222717)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
MERRITT COLLEGE
and SHIRLEY MACK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANTOS,<br><br>Plaintiff,<br><br>vs.<br><br>MERRITT COLLEGE, SHIRLEY MACK, an individual and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. C 07 5227 EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND STRIKE PLAINTIFF'S "REVISED SECOND AMENDED COMPLAINT"**<br><br>Date: May 14, 2008<br>Time: 10:30 a.m.<br>Dept: Courtroom C, 15th Fl.<br>Judge: Hon. Edward M. Chen |

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..... 1

II. RELEVANT FACTS PLED BY PLAINTIFF ..... 2

III. LEGAL AUTHORITY ..... 2

A. Federal Rule of Civil Procedure 12(b)(6) ..... 2

B. Federal Rule of Civil Procedure 12(f) ..... 3

IV. LEGAL ANALYSIS ..... 3

A. Plaintiff's First, Second, Third, Fourth, Fifth and Sixth Causes of Action Must Be Dismissed As a Matter of Law ..... 3

1. Title VI Does Not Provide For The Remedies Plaintiff Seeks, Such As Injunctive Relief or Monetary Damages ..... 3

2. Plaintiff's Second Cause of Action for Violation of the Age Discrimination Act of 1975 Fails Because She Failed to Comply with Administrative Requirements and It Is Time-Barred ..... 4

a. Plaintiff Did Not Comply With the Act's Requirements or the Code of Federal Regulations ..... 5

b. Plaintiff's Age Discrimination Claim Is Also Untimely ..... 6

3. Plaintiff's Third Cause of Action for Violation of Government Code Section 11135 Fails as a Matter of Law ..... 6

4. Plaintiff's Fourth, Fifth and Sixth Causes of Action Fail As A Matter of Law ..... 7

a. The Tort Claims Act Abolished All Common Law and Judicially Declared Forms of Liability Against Public Entities ..... 7

b. Plaintiff Failed to Allege Compliance With the Claim Presentation Requirements of the Government Tort Claims Act ..... 8

B. The Court Must Strike Plaintiff's Reference to the Unruh Civil Rights Act Because Plaintiff Does Not Allege This Cause of Action In Her TAC ..... 11

V. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters* 459 U.S. 519 (1983) ........ 3

*Balistreri v. Pacifica Police Dept.* 901 F.2d 696 (9th Cir. 1999) ........ 3

*Belcher v. Department of Human Services* S.D.Ohio 1999, 48 F.Supp.2d 729 ........ 5

*Beliveau v. Caras* 873 F. Supp. 1393 (C.D. Ca. 1995) ........ 3

*Brownscombe v. Department of Campus Parking* D.Md.2002, 203 F.Supp.2d 479 ........ 5

*Chowdhury v. Reading Hosp. and Medical Center* (3d Cir. 1982) 677 F.2d 317 ........ 3

*In re Delorean Motor Co.* 991 F.2d 1236 (6th Cir. 1993) ........ 3

*Spencer v. Merced County Office of Education* 59 Cal.App.4th 1429 (1997) ........ 8

*State v. Superior Court (Bodde)* 32 Cal.4th 1234 (2004) ........ 8

*Trinkle v. Calif. State Lottery* 71 Cal.App.4th 1198 (1999) ........ 7

**Statutes**

42 United States Code section 2000d ........ 3, 4

42 United States Code section 6102 ........ 4

42 United States Code section 6104(e) ........ 5

Age Discrimination Act of 1975 ........ 1

California Civil Code section 51 ........ 2, 11

California Civil Code section 51.3 ........ 2, 11

California Government Code section 11135 ........ 1

California Government Code section 905.2 ........ 9, 10

California Government Code section 911.2 ........ 8, 9, 10

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

California Government Code section 911.3 .......... 8

California Tort Claims Act .......... 1, 7, 8, 9

Government Code section 815 .......... 7

Government Code section 910 .......... 8, 10

**Rules**

Federal Rule of Civil Procedure 12(b) .......... 1, 2, 11

Federal Rule of Civil Procedure 12(f) .......... 1, 3, 11

**Regulations**

22 California Code of Regulations section 98003 .......... 6

22 California Code of Regulations section 98344 .......... 6

34 Code of Federal Regulations section 110.10 .......... 4

34 Code of Federal Regulations section 110.31(a) .......... 4, 5

34 Code of Federal Regulations section 110.39(a) .......... 4

34 Code of Federal Regulations section 110.39(b) .......... 5

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## I. INTRODUCTION

Plaintiff ELIZABETH SANTOS ("Plaintiff") has had four proverbial "bites at the apple" to submit a complaint that sufficiently asserts viable claims for relief. But even after her fourth attempt, Plaintiff's "Revised Second Amended Complaint"[1] against Defendants MERRITT COLLEGE[2] and SHIRLEY MACK (collectively "Defendants") remains grossly defective and fails to state a claim upon which any relief can be granted under Federal Rule of Civil Procedure 12(b)(6) as to the first six causes of action. Specifically, the relief which Plaintiff seeks as to her *First Cause of Action* does not provide for the injunctive relief or monetary damages Plaintiff seeks. Plaintiff's *Second Cause of Action* for violation of the Age Discrimination Act of 1975 is barred because Plaintiff failed to timely exhaust the administrative remedies set forth in the Act and Code of Federal Regulations. Further, because she failed to exhaust her administrative remedies, Plaintiff is precluded from seeking any relief under this statute. Plaintiff's *Third Cause of Action* for violation of California Government Code Section 11135 fails because she did not exhaust her administrative remedies before filing a private lawsuit. Moreover, the California Tort Claims Act abolished all common law or judicially declared forms of liability against public entities such as Defendant MERRITT and for that reason alone, Plaintiff's *Fifth and Sixth Causes of Action* fail as a matter of law. Additionally, Plaintiff failed to plead compliance with the claim presentation requirements set forth in the California Tort Claims Act and therefore, Plaintiff's *Fourth, Fifth and Sixth Causes of Action* fail as a matter of law.

In addition to seeking dismissal of these six causes of action, Defendants also seek to strike Plaintiff's reference to the Unruh Civil Rights Act pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff asserts that her action arises under various statutes, including "the Unruh Civil Rights Act." (TAC at 1:27-2:1.) However, Plaintiff's TAC contains no cause of

---

[1] For purposes of this Motion, and to avoid confusion going forward, Defendants shall refer to Plaintiff's "Revised Second Amended Complaint" as Plaintiff's "Third Amended Complaint" ("TAC").

[2] Defendant MERRITT COLLEGE is part of the Peralta Community College District. The District, established in 1964, is a system of public two-year colleges, serving the residents of the cities of Oakland, Berkeley, Alameda, Piedmont, Emeryville and Albany. It consists of four colleges and two community education centers. The District has educated more than a million students since its founding, the majority of which are minorities.

action for violation of the Unruh Civil Rights Act, codified at California Civil Code sections 51 and 51.3, and she has asserted no facts in her TAC that would support such a claim. As such, the reference to this statute must be stricken.

## II. RELEVANT FACTS PLED BY PLAINTIFF

Plaintiff is a student of Defendant MERRITT COLLEGE. (TAC at ¶1.) Plaintiff alleges that on five (5) occasions between September 28, 2005 and November 8, 2005, Defendant SHIRLEY MACK, a tenured Librarian employed by the College, wrongfully accused Plaintiff of improperly using College computers for personal use in violation of library policy, thereby "forcing" Plaintiff to leave the library and singling her out in front of other students. (TAC at ¶¶12, 13, 15, 20, 21, and 27.) Plaintiff further alleges that on one occasion, nearly one year later, on October 9, 2006, Defendant MACK asked Plaintiff and a classmate to stop talking in the library while allowing others to continue talking. (TAC at ¶27.) Plaintiff also alleges that on October 20, 2006, another employee of the Library (not Defendant MACK) asked Plaintiff to leave the library because she was "typing too fast." (TAC at ¶28.) The October 20, 2006 incident was the last discriminatory act alleged by Plaintiff.

Plaintiff generally asserts that she "filed a written complaint with Defendant MERRITT in compliance with the appropriate procedures and several written complaints with different departments and Librarians." (TAC at ¶35.) Plaintiff alleges that she received a letter from Karen Ulrich, Director of Employee Relations, dated January 22, 2007, which stated that Mark Paschal, a Peralta Community College District EEO investigation consultant, would conduct an investigation. (TAC at ¶34.) Plaintiff also received a letter from Ms. Ulrich dated April 24, 2007. (TAC at ¶36.) The April 24, 2007 letter from Ms. Ulrich set forth the result of Defendant MERRITT's investigation, finding no unlawful harassment on the part of Defendant MACK.

## III. LEGAL AUTHORITY

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may make a motion to dismiss for "failure to state a claim upon which relief can be granted." A dismissal pursuant to Rule 12(b)(6) is proper where there is an "absence of sufficient facts alleged under a cognizable

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1999). Moreover, although the Court must construe the facts in the light most favorable to the non-moving party, the Court need not accept as true conclusionary allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact. *Beliveau v. Caras*, 873 F. Supp. 1393, 1395-1396 (C.D. Ca. 1995); *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Finally, a court need not assume that a plaintiff can prove facts different from those it has alleged. *Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**B. Federal Rule of Civil Procedure 12(f)**

Federal Rule of Civil Procedure 12(f) provides that upon motion made by a party before responding to a pleading "the court may order stricken from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

## IV. LEGAL ANALYSIS

### A. Plaintiff's First, Second, Third, Fourth, Fifth and Sixth Causes of Action Must Be Dismissed As a Matter of Law

#### 1. Title VI Does Not Provide For The Remedies Plaintiff Seeks, Such As Injunctive Relief or Monetary Damages

Title VI of the Civil Rights Act of 1964 prohibits discrimination based on race, color, or national origin in programs and activities receiving federal financial assistance. 42 U.S.C. Section 2000d. Under Title VI, the *only* remedies contemplated by the language of the Act are voluntary compliance with the statute by the recipient of federal funding or, as a last resort, funding suspension or termination. 42 U.S.C. Section 2000d-1. Indeed, there is no provision for a remedy for the victim of the alleged discrimination, such as injunctive relief or damages. *Chowdhury v. Reading Hosp. and Medical Center* (3d Cir. 1982) 677 F.2d 317, 320-321 fn. 6.

In this case, Plaintiff seeks the following remedies as to her alleged Title VI violation: (1) a preliminary injunction ordering Defendants, and their officers, agents, employees, successors, attorneys, and all those in active concert or participation with Defendants to refrain immediately and pending the final hearing and resolution of this action from discriminatory activities; (2) a permanent injunction permanently enjoining and restraining Defendants, and their agents, employees, successors, attorneys, and all those in active concert or participation with Defendants

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

from discriminatory activities; (3) compensatory damages; (4) punitive damages; (5) reasonable attorneys' fees; (6) costs of suit; and (7) other and further relief as the Court deems proper. (TAC at 11:7-13.)

*None* of the remedies which Plaintiff seeks is either voluntary compliance with the statute by Defendants MERRITT and MACK or funding suspension/termination. Title VI unequivocally does not provide for the remedies specifically sought by Plaintiff. Because the relief she seeks is untenable, Plaintiff's First Cause of Action should be dismissed with prejudice.

**2. Plaintiff's Second Cause of Action for Violation of the Age Discrimination Act of 1975 Fails Because She Failed to Comply with Administrative Requirements and It Is Time-Barred**

The Age Discrimination Act of 1975 states, in pertinent part:

> No person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance. 42 U.S.C. § 6102; 34 C.F.R. § 110.10.

The U.S. Department of Education's Office for Civil Rights ("OCR") enforces this statute. Under the Regulations of the Office of the Department of Education, a complaint of age discrimination in violation of this statute must be filed within 180 calendar days of the date of the alleged discrimination, unless the time for filing is extended by OCR for good cause. 34 C.F.R. §110.31(a).

A complainant may file a civil action *following the exhaustion of administrative remedies* under the Act. 34 C.F.R. §110.39(a). Administrative remedies are exhausted if: (1) 180 days have elapsed since the claimant filed the complaint with the Department of Education ("ED") and ED has made no finding with regard to the complaint; or (2) ED issued any finding in favor of the federal fund-assisted recipient. 34 C.F.R. §110.39(a)(1) and (2). If ED fails to make a finding within 180 days or issues a finding in favor of the recipient, ED must promptly (1) advise the complainant of this fact; (2) advise the complainant of his or her right to bring a civil action for injunctive relief; and (3) inform the complainant that: (a) a civil action can be brought only in a United States district court for the district in which the recipient is found or transacts business;





Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

(b) a complainant prevailing in a civil action has the right to be awarded the costs of the action, including reasonable attorney's fees, but that these costs must be demanded in the complaint filed with the court; (c) before commencing the action, the complainant shall give 30 days notice by registered mail to the Secretary, the Secretary of Health and Human Services, the Attorney General of the United States, and the recipient; (d) the notice shall state the alleged violation of the Act, the relief requested, the court in which the action will be brought, and whether or not attorney's fees are demanded in the event the complainant prevails; and (e) the complainant may not bring an action if the same alleged violation of the Act by the same recipient is the subject of a pending action in any court of the United States. 34 C.F.R. §110.39(b).

As noted above, *before* commencing a civil action, the Act requires that a plaintiff "give notice by registered mail not less than 30 days prior to the commencement of the action to the Secretary of Health, Education and Welfare (or the Health and Human Services), the Attorney General of the United States, and the person against whom the action is directed." 42 U.S.C. §6104(e)(1). Indeed, plaintiffs' cases have been summarily dismissed due to their failure to provide the requisite notice. *See e.g., Brownscombe v. Department of Campus Parking*, D.Md.2002, 203 F.Supp.2d 479, 483; and *Belcher v. Department of Human Services*, S.D.Ohio 1999, 48 F.Supp.2d 729, 738.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**a. Plaintiff Did Not Comply With the Act's Requirements or the Code of Federal Regulations**

Plaintiff's TAC and Declaration are silent as to whether she filed an age discrimination complaint with ED and/or OCR, as required by 34 C.F.R. §110.31(a). Her inability to plead facts establishing that she did, in fact, file a complaint with ED/OCR is fatal and this cause of action cannot survive. Furthermore, Plaintiff failed to plead compliance with the Act's requirement that she give notice by registered mail not less than 30 days prior to the commencement of the action to the Secretary of Health, Education and Welfare, the Attorney General, and Defendants pursuant to 42 U.S.C. §6104(e)(1). Her failure to provide the requisite notice is incurable. Indeed, the *Brownscombe* and *Belcher* cases are illustrative in this respect and therefore, Plaintiff's Second Cause of Action must be dismissed with prejudice as a matter of

law.

**b. Plaintiff's Age Discrimination Claim Is Also Untimely**

Plaintiff also failed to plead any facts establishing that any of the alleged discriminatory actions occurred within the statutorily proscribed period for reporting such actions. Plaintiff alleges that October 20, 2006 was the last date that discriminatory conduct occurred. (TAC at ¶28.) Under the requirements of the Act, Plaintiff had 180 days from the last date of discriminatory conduct to submit a complaint to ED/OCR – *or until April 18, 2007.* Plaintiff does not assert any facts in her TAC or Declaration that she filed her age discrimination claim with ED/OCR by April 28, 2007. If fact, Plaintiff's TAC and Declaration are silent as to whether she filed such a complaint with ED/OCR on *any date*. She also does not allege any facts that ED/OCR issued a finding or extended the time for her to file such a claim. Failure to plead such facts is fatal to Plaintiff's Second Cause of Action and it should be dismissed with prejudice.

**3. Plaintiff's Third Cause of Action for Violation of Government Code Section 11135 Fails as a Matter of Law**

California Government Code section 11135 states, in pertinent part, that no person shall, on the basis of race, national origin, ethnic group identification, religion, age, sex, color, or disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state, or receives any financial assistance from the state." Cal. Gov't Code §11135(a).

A complaint must be filed within *one year* from the date of the discriminatory action with the state agency that administers the program involved. In this case, Plaintiff should have filed a complaint with the California Department of Education. If the claimant is not aware of the discriminatory action until more than one year from the event, the time period is extended by 90 days. 22 C.C.R. §98344. A claimant cannot file a private lawsuit unless the state agency fails to resolve the claimant's complaint on time. 22 C.C.R. §98003.

Plaintiff's TAC and Declaration fail to assert facts that she complied with the

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

administrative requirements of Government Code section 11135 by filing with the applicable state agency. Using October 20, 2006 as the most recent occurrence of alleged discrimination, Plaintiff had one year from that date to file a complaint with the proper state agency – *or until October 20, 2007*. Her TAC and Declaration, however, are silent in this respect. Not only does Plaintiff's TAC and Declaration lack facts supporting compliance with the administrative requirements, but it also fails to assert any facts as to whether the state agency actually investigated her complaint, whether a finding was issued by the agency, and whether her complaint was resolved in a timely manner. Absent facts asserting compliance with these requirements, Plaintiff's Third Cause of Action cannot survive and must be dismissed.

**4. Plaintiff's Fourth, Fifth and Sixth Causes of Action Fail As A Matter of Law**

**a. The Tort Claims Act Abolished All Common Law and Judicially Declared Forms of Liability Against Public Entities**

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

One of the principal objectives of the California Tort Claims Act ("Torts Claim Act") was to reduce uncertainty in the law by making all governmental tort liability statutory. Government Code Section 815(a) summarizes this principle by providing: "except as otherwise provided by statute, [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." As one court put it, Section 815 "amounts to a legislative declaration that governmental immunity from suit is the rule and liability is the exception." *Trinkle v. Calif. State Lottery*, 71 Cal.App.4th 1198, 1202 (1999).

Under the Tort Claims Act, all governmental liability is statutory, except as required by the state and federal constitutions. *Nestle v. City of Santa Monica*, 6 Cal.3d 920, 932 (1972). "[I]n the absence of some constitutional requirement, public entities may be liable only if a statute declares them to be liable." *Harshbarger v. City of Colton*, 197 Cal.App.3d 1335, 1339 (1988). Thus, the Tort Claims Act abolished all common law or judicially declared forms of liability against public entities. *Michael J. v. Los Angeles County Dept. of Adoptions*, 201 Cal.App.3d 859, 866 (1988). Further, Government Code Section 818.8 expressly provides that public entities are absolutely immune from suit for any injuries caused by misrepresentation,

whether it is negligent or intentional.

Here, Plaintiff alleges state common law claims against both Defendants for breach of contract and negligent misrepresentation. (TAC at 14:20-17:4; 17:7-18:20.) As to Plaintiff's Fifth Cause of Action for breach of contract, her TAC fails to cite to any provision in any statute which imposes governmental liability on Defendants for this claim. As to Plaintiff's Sixth Cause of Action for negligent misrepresentation, the claim is unequivocally barred by Section 818.8. Because there is no statute making public entities liable for Plaintiff's claims, the general rule of governmental immunity must prevail and, therefore, Plaintiff's Fifth and Sixth Causes of Action must be dismissed with prejudice.

**b. Plaintiff Failed to Allege Compliance With the Claim Presentation Requirements of the Government Tort Claims Act**

Plaintiff's Fourth, Fifth and Sixth Causes of Action are also barred due to Plaintiff's failure to plead compliance with the claim presentation requirements of the Tort Claims Act. The statute requires that all claims for *money or damages* must first be presented to the pertinent public agency and rejected by it. "Generally speaking, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." *Spencer v. Merced County Office of Education*, 59 Cal.App.4th 1429, 1434-35 (1997). "Under Government Code section 945.4, presentation of a timely claim is a condition precedent to the commencement of suit against the public entity." *Id.*

A claim for personal injury must be presented to the public agency not later than six months after the accrual of the cause of action. Cal. Gov't. Code §911.2. Claims relating to any other cause of action, including breach of contract, must be filed within one year after the accrual. Cal. Gov't. Code §911.3. The *burden of proof is on the plaintiff* to show satisfaction of the statutory prerequisites to filing suit. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (2004) (complaint that fails to allege facts demonstrating compliance is subject to demurrer).

Pursuant to Government Code section 910, the essential contents of a claim include: 1)

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the names and addresses of the claimant and the person to whom notices are to be sent; 2) a statement of the date, place, and other circumstances of the occurrence or transaction; 3) a description of the indebtedness, obligation, injury, damage, or loss incurred; 4) the name of the public employee who caused the injury, if known; and 5) the amount claimed, if less than $10,000, on the date the claim is presented or, if more than $10,000, no dollar amount is to be included, but the claim must state whether the claim is to be a limited civil case. Further, the claimant must pay a filing fee when the claim is filed. Cal. Gov't. Code §905.2.

Defendants sought dismissal of Plaintiff's negligent misrepresentation, breach of contract and intentional inflection of emotional distress claims when they were presented in Plaintiff's First Amended Complaint. However, this Court permitted Plaintiff leave to amend those particular causes of action. (Court's Order dated January 11, 2008 at 4:19-23.) In fact, the Court explicitly instructed Plaintiff "to file an amended complaint which contains sufficient allegations to show that she complied with the claim presentation requirements of the California Tort Claims Act. *See* Cal. Gov't Code § 911.2 (providing that against local governmental entities are required to be presented to the relevant entity within six months... or one year... of the date of accrual of the cause of action..." (Court's Order at 4:21-5:3.)

Here, Plaintiff completely disregarded the Court's instructions. When she submitted her TAC, it contained practically identical allegations to those in her First Amended Complaint. The only difference was that Plaintiff attached a Declaration to her TAC, in which she asserts that she was "informed to follow the Harassment and Discrimination Complaint Procedures, as outlined in the Merritt College Catalog 2005-2007." (Plaintiff's Declaration Submitted with TAC ["Pl. TAC Dec."] at ¶4, p. 24:7-9.) Plaintiff states that she "completed all of the complaint procedures,"[3] "followed that procedure as outlined in the Merritt College Catalog..."[4] and "dealt directly with the Office of the Peralta Community College District... ."[5]

The Court should not be persuaded by the assertions set forth in Plaintiff's Declaration. Indeed, the "*Harassment* and *Discrimination* Complaint Procedures" allegedly outlined in

[3] Pl. TAC Dec. at ¶4, p. 27:14.
[4] Pl. TAC Dec. at ¶5, p. 27:18.
[5] Pl. TAC Dec. at ¶6, p. 27:22-24.



Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendant MERRITT's Catalog *are not the equivalent* of a procedure for filing a government claim, or for seeking money damages for an alleged breach of contract, negligent misrepresentation or intentional infliction of emotional distress. In reality, Plaintiff failed to plead facts which demonstrate that she actually filed a government claim or met the requirements of Government Code sections 910 and 911.2. Plaintiff's allegations – both in the TAC and Declaration – do not allege *the names and addresses* of the person to whom she sent notices of her complaint; a statement of *the date, place, and other circumstances* of the occurrence or transaction; a *description of the indebtedness, obligation, injury, damage, or loss* incurred; or *the amount claimed* for the alleged violations, pursuant to the requirements set forth at Government Code section 905.2. Plaintiff does not even allege *the date* on which she supposedly presented a government tort claim to Defendant MERRITT. Plaintiff's failure to plead this required information is fatal because *the court cannot determine based on Plaintiff's allegations whether Plaintiff presented a proper government tort claim or if she did so in a timely fashion.*

Moreover, Plaintiff is aware of the proper procedure for filing tort claims against Peralta Community College District and Defendant MERRITT. Indeed, Plaintiff previously filed a claim on December 22, 2006, alleging that she sustained personal injuries as a result of tripping and falling in a campus parking lot. (See Accident Reporting and Claim Form attached to Declaration of Alyson Cabrera, ¶ 2, Exhibit A.) *This form clearly sets forth the requirements of the California Government Tort Claims Act.* Thus, Plaintiff's claim of ignorance of the requirements for filing a tort claim against a public entity must be viewed as wholly disingenuous.

It is well settled that presenting a timely claim that meets the requirements of the Tort Claims Act is a condition precedent to the commencement of suit against a public entity and that it is Plaintiff's burden to demonstrate compliance as a pre-requisite to filing suit. Plaintiff's inability to plead such presentation in her TAC and Declaration is fatal to her Fourth, Fifth and Sixth Causes of Action. Accordingly, these claims must be dismissed with prejudice.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**B. The Court Must Strike Plaintiff's Reference to the Unruh Civil Rights Act Because Plaintiff Does Not Allege This Cause of Action In Her TAC**

In her TAC, Plaintiff asserts that her action "arises under… the Unruh Civil Rights Act…." (TAC at 1:27-2:1.) However, nowhere in her TAC does Plaintiff plead a cause of action for a violation of the Unruh Civil Rights Act, which is codified at California Civil Code sections 51 – 51.3. Absent any specific allegations that Defendants violated the Unruh Civil Rights Act and without asserting a specific cause of action for the alleged violation, the reference to this statute is meaningless and immaterial. Therefore, the reference to the Unruh Civil Rights Act must be stricken from the TAC. Moreover, as Plaintiff has had four opportunities to date to plead such a cause of action, further amendment should not be permitted.

## V. CONCLUSION

Defendants respectfully requests that, pursuant to Rule of Federal Civil Procedure 12(b)(6), this Court dismiss with prejudice the following causes of action: (1) Plaintiff's *First Cause of Action* for violation of Title VI; (2) Plaintiff's *Second Cause of Action* for violation of the Age Discrimination Act of 1975; (3) Plaintiff's *Third Cause of Action* for violation of California Government Code section 11135; (4) Plaintiff's *Fourth Cause of Action* for intentional infliction of emotional distress; (5) Plaintiff's *Fifth Cause of Action* for breach of contract; and (6) Plaintiff's *Sixth Cause of Action* for negligent misrepresentation.

Defendants also request that, pursuant to Rule of Federal Civil Procedure 12(f), this Court strike the TAC's reference to the Unruh Civil Rights Act.

Dated: March 20, 2008

GORDON & REES LLP

By: ______________________
ALYSON CABRERA
Attorneys for Defendants
MERRITT COLLEGE and
SHIRLEY MACK