1  **Kjell C. Bomark–Noel, Esq. (SBN 147494)**
   LAW OFFICES OF BOMARK-NOEL
2  1124 East 14th Street, Suite B
   San Leandro, California 94577
3  Telephone: (510) 352-1030

4  **Richard C. Harper, Esq. (SBN 99758)**
   LAW OFFICE OF RICHARD C. HARPER
5  7 C Street
   Tracy, California 95376
6  Telephone: (209) 834-2399

7
   **ATTORNEYS FOR PLAINTIFF:**
8  **ELIZABETH SANTOS**

9
                    **UNITED STATES DISTRICT COURT**
10
                    **NORTHERN DISTRICT OF CALIFORNIA**
11

12

13 ELIZABETH SANTOS                         Case No: C 07 5227 EMC

14              Plaintiff,                  **PLAINTIFF'S OPPOSITION TO**
       v.                                   **DEFENDANTS' MOTION TO DISMISS**
15                                          **PLAINTIFF'S SECOND AMENDED**
   MERRITT COLLEGE;                         **REVISED COMPLAINT**
16 SHIRLEY MACK, an individual;
   and DOES 1-10, inclusive,
17
                Defendant,
18
   _____/
19

20 **I. INTRODUCTION**

21      Defendants Merritt College and Shirley Mack have moved to dismiss Plaintiff Elizabeth

22 Santos' Second Amended Revised Complaint, on especially similar grounds to those on which

23 they have previously sought to dismiss her claims.  Without challenging the validity of Ms.

24 Santos' right to redress for the discriminatory reign of terror imposed on her by Defendant Mack,

25 while Ms. Santos was simply trying to further her education, Defendants seek to assert mere

26 procedural barriers to Ms. Santos' lawsuit.  Specifically, while not challenging the fact that

27 discrimination was invidiously inflicted on Ms. Santos based on her age, race, and national

28

1 origin, Defendants claim that she failed to meet technical claims presentation requirements. In
2 fact, however, Defendants, by their conduct, are prevented from asserting these non substantive
3 defenses, because of their conduct in handling Ms. Santos' claims when they were presented.
4 Thus, Defendants' efforts must fail.

THE DOCTRINES OF SUBSTANTIAL COMPLIANCE, WAIVER, AND ESTOPPEL BAR DEFENDANTS FROM ASSERTING CLAIMS PRESENTATION REQUIREMENTS AND STATUTES OF LIMITATION WITH RESPECT TO MS. SANTOS' CLAIMS.

Substantial Compliance - The doctrine of "substantial compliance" is well established under California law as a means for claimants to meet claim presentation requirements to governmental entities. If the form in which a claim is presented gives the entity timely notice of the nature, a claim will be held to have met statutory requirements and will be treated as valid. *Stockett v. Association of Cal. Waer Agencies Joint Powers Ins. Auth*, 34 Cal. 4th 441, 446(2004) As the California courts have held, the purpose of the claim requirement is to give sufficient notice to the entity to investigate and evaluate, rather than eliminate, meritorious claims. *Id., Connelly v. County of Fresno,* 146 Cal.App.4th 441, 446(2006) there can be no doubt in this case that Defendants seek to avoid a meritorious claim.

As Defendants concede in their Motion to Dismiss, Ms. Santos submitted extensive information regarding her claims to Merritt College in accord with the procedures outlined in the Merritt College Catalog. (Defendants' Points and Authorities, pp- 8-10). They then assert, citing no authority, that Ms. Santos' submissions do not meet the criteria for substantial compliance with the Tort Claims Act, (*Id.,* p.10) Ms. Santos' requests for relief from ferociously discriminatory practices visted upon her in the Merritt College Library cannot, be so blithely dismissed.

As the record shows, Ms. Santos, in good faith, attempted, to meet the claim presentation requirements in notifying and describing her complaints to the Merritt College administration. It is also clear that the administration did its level best to delay, confuse, and stonewall Ms. Santos' claims. Furthermore, Defendants fail to make a case for dismissing Plaintiff's claims on this

ground.

Waiver- California Courts have recognized that a governmental entity may waive, by its conduct, claim presentation requirements if a claimant presents a claim in a form adequate to give the entity notice of its central aspects. In *Phillips v. Desert Hospital District,* 49 Cal.3d 699, 701-02(1989), the California Supreme Court held that "a public entity must treat a notice...that alerts it to the existence of a claim for monetary damages and an impending lawsuit but fails to comply substantially with the claim presentation requirements of the Tort Claims Act, nonetheless requires a public entity to notify a claimant of any insufficiencies of content or timeliness that prevent a claim as present from satisfying the requirements of the act, and that failure to give such notice waives any defenses based on those insufficiencies."

Ms. Santos presented Merritt College with written notice of her claim, and had extensive verbal and written correspondence with the administration, within the time period require to present claims, and clearly delimitating both the basis of liability and damages. As such, she was entitled to a response recognizing her claim; Defendants' failure to provide such a response, waives the defenses they have presented. *Phillips, supra.,* at 705-06.

Defendants also make extensive comment on an alleged insufficiency of a statement of damages in Ms. Santos' claim as presented (Defendants' Points and Authorities, pp. 9-11). Again, California precedent supersedes this argument. In *Connelly, supra.,* the California court of Appeal found that a claim for damages for personal injuries sustained by a claimant in an automobile accident involving a government vehicle, was sufficient without specifying any dollar amount. The Court found that a general description of the injury was sufficient to put the entity on notice of the claim under the doctrine of substantial compliance.

In *Connelly*, the Court specifically found that a statement in the claim seeking "unspecified medical, lost income, future medical" was sufficient to sustain a finding of substantial compliance with an assertion of personal injury claim. Certainly, Ms. Santos' extensive description of the injuries she suffered at the hands of Defendants fall into the same category. Therefore, Defendants' Motion to Dismiss cannot be sustained.

    Estoppel - Defendants' conduct in foot-dragging, delaying action, failing to respond, and concealing information on Ms. Santos' claim, as well as allowing Defendant Mack's terrorism to continue, and to interfere with Ms. Santos' education, a problem which continues to this day, also estopped Defendants from raising the bars of claim presentation statutes and statutes of limitation.

    A governmental entity may, by its conduct, be estopped through its conduct from asserting failure to comply with the claims statute. In *Ocean Services Corp. v. Ventura Port District,* 15Cal.App.4th 1762(1993), the Court of Appeal enunciated this well-established principle in upholding the denial of Ventura Post District's (VPD's) motion for a judgment notwithstanding the verdict on VPD's appeal of a trial court judgment of $16,971,767 in favor of Ocean Services Corporation (OSC) on a Breach of Contract action.

    On appeal, VPD had asserted the Tort Claims Act claim presentation requirement as a defense. The court described VPD's wrongful actions with respect to a lease agreement, including failure to disclose a restrictive covenant. It also noted that, after being notified of the problems by letter, VPD's correspondence and verbal assurances led OSC reasonably to believe that it did not need to take any further action to perfect a claim against VPD. The Court also noted that while OSC had at one point indicated to VPD that its losses totaled $ 1 million, that submission did not set the amount of possible recovery in stone. The Court stated "The claims statute does not require that a Plaintiff be clairvoyant or accurately predict his future damages. It is well settled that a Plaintiff who suffers continuing damages may be awarded damages accruing after submission of the claim." 15 Cal.App.4th at 1778.

    In the present case, Ms. Santos presented her claims for discrimination in a manner conforming to the procedures outlined in the Merritt College Catalog, and reasonably believed that Defendants would undertake, in response, the extensive procedures set forth therein in investigating and dealing with the problem. Instead, Defendant Merritt College took no substantive action to retrain Defendant Mack, while giving Ms. Santos verbal assurances that something was being done as time went on. Clearly, Defendants cannot use the claim

1  presentation defense under these circumstances.  Certainly, a significant issue of fact has been
2  raised as to timeliness and substantial compliance with these requirements, and dismissal is
3  unwarranted.
4  **II: CONCLUSION**
5  Therefore, Defendants' Motion to Dismiss should be denied in its entirety.

8  **DATED:** May 7, 2008                    **LAW OFFICES OF BOMARK-NOEL**

                                            _____/s/ Kjell C._____
10                                          **Kjell C. Bomark-Noel, Esq.**
                                            Attorney for Plaintiff:
11                                          ELIZABETH SANTOS

13  **Dated:** May 7, 2008                   **LAW OFFICE OF RICHARD C. HARPER**

                                            _____/s/ Richard Harper_____
15                                          **Richard Harper**
                                            Attorney for Plaintiff:
16                                          ELIZABETH SANTOS