STEPHANIE B. BRADSHAW (SBN: 170757)
NICOLE C. HARVAT (SBN: 200469)
ALYSON CABRERA (SBN: 222717)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
MERRITT COLLEGE
and SHIRLEY MACK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANTOS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MERRITT COLLEGE, SHIRLEY MACK, an individual and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO. C 07 5227 EMC<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE PLAINTIFF'S "REVISED SECOND AMENDED COMPLAINT"**<br><br>Date: May 28, 2008<br>Time: 3:00 p.m.<br>Dept: Courtroom C, 15th Fl.<br>Judge: Hon. Edward M. Chen |

## I. INTRODUCTION

Even after filing four Complaints in this action, Plaintiff ELIZABETH SANTOS ("Plaintiff") has failed to prove compliance with the claim presentation requirements of the California Tort Claims Act (hereinafter, "the Act"). Plaintiff's Third Amended Complaint[1], Declaration and Opposition - do <u>not</u> attach for the Court's review the purported "Claim" supposedly submitted by Plaintiff to Defendant MERRITT. Further, Plaintiff's TAC, Declaration and Opposition do <u>not</u> state the alleged *date* on which Plaintiff supposedly presented this Claim, or that it included a request for monetary damages as required. Finally, Plaintiff's contention that she "substantially complied" with the requirements of the Tort Claims Act is contrary to law, and unsupported by the authority Plaintiff relies upon in her Opposition. Defendant's Motion to Dismiss Plaintiff's TAC must be granted with prejudice.

## II. LEGAL ARGUMENT

### A. Plaintiff Concedes that her Claim for Violation of Title VI Fails Because it Does Not Provide for the Remedies she Seeks, Such As Injunctive Relief or Monetary Damages

Plaintiff's Opposition fails to address Defendants' argument with respect to Title VI of the Civil Rights Act of 1964. Plaintiff apparently concedes that there is no provision for a remedy for the victim of alleged discrimination, such as injunctive relief or damages, and that Title VI unequivocally does not provide for the remedies specifically sought by Plaintiff. Accordingly, this claim should be dismissed with prejudice.

### B. Plaintiff Concedes that her Claim for Violation of the Age Discrimination Act of 1975 Fails Because She Failed to Comply with its Administrative Requirements and Because it Is Time-Barred

Plaintiff's Opposition fails to address Defendants' argument with respect to the Age Discrimination Act of 1975. Plaintiff apparently concedes that she failed to comply with the Act's requirements and the Code of Federal Regulations. She also apparently concedes that her Age Discrimination claim is untimely. Accordingly, this claim should be dismissed with prejudice.

---

[1] For purposes of this Motion, and to avoid confusion going forward, Defendants shall refer to Plaintiff's "Revised Second Amended Complaint" as Plaintiff's "Third Amended Complaint" ("TAC").

### C. Plaintiff's Third Cause of Action for Violation of Government Code Section 11135 Fails as a Matter of Law

Plaintiff's Opposition fails to address Defendants' argument with respect to California Government Code section 11135. Plaintiff apparently concedes that her TAC and Declaration fail to assert facts that she complied with the administrative requirements of Government Code section 11135 by filing with the applicable state agency. Plaintiff also apparently concedes that her TAC and Declaration fail to assert any facts to demonstrate whether the state agency actually investigated her complaint, whether a finding was issued by the agency, and whether her complaint was resolved in a timely manner. Accordingly, this claim must be dismissed with prejudice.

### D. Plaintiff Concedes that the Tort Claims Act Abolished All Common Law and Judicially Declared Forms of Liability Against Public Entities

Plaintiff's Opposition fails to address Defendants' argument with respect to Government Code Section 818.8. Plaintiff apparently concedes that <u>Government Code Section 818.8 expressly provides that public entities are absolutely immune from suit for any injuries caused by misrepresentation, whether it is negligent or intentional</u>. Accordingly, as to Plaintiff's claim for negligent misrepresentation, it is unequivocally barred by Section 818.8 and must be dismissed with prejudice.

Additionally, Plaintiff's Opposition fails to address Defendants' argument with respect to the prohibition of common law and judicially declared forms of liability against public entities. Plaintiff apparently concedes that under the Tort Claims Act, all governmental liability is statutory, except as required by the state and federal constitutions. *Nestle v. City of Santa Monica*, 6 Cal.3d 920, 932 (1972). Further, Plaintiff apparently concedes that her TAC fails to cite to any provision in any statute which imposes governmental liability on Defendants for negligent misrepresentation, breach of contract or intentional infliction of emotional distress. Accordingly, these claims should be dismissed with prejudice on these grounds.

### E. Plaintiff Did Not Comply With the Claim Presentation Requirements of the Government Tort Claims Act and There Are No Circumstances Excusing Compliance

Failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity. *State of California v. Superior Court* (Bodde) 32 Cal.4th 1234, 1245 (2004). Before a cause of action may be stated, a plaintiff must allege either compliance with this procedure or circumstances excusing compliance. *Id.* The doctrine of substantial compliance may validate a claim only "if it substantially complies with all of the statutory requirements ... even though it is technically deficient in one or more particulars." *Santee v. Santa Clara County Office of Education*, 220 Cal.App.3d 702, 713 (1990). "The doctrine is based on the premise that substantial compliance fulfills the purpose of the claims statutes, namely, to give the public entity timely notice of the nature of the claim so that it may investigate and settle those having merit without litigation." *Id.* The doctrine of substantial compliance, however, "cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute." *Loehr v. Ventura County Community College Dist.*, 147 Cal.App.3d 1071, 1083 (1983).

Here, Plaintiff admits that she failed to satisfy the claim presentation requirements of the Tort Claims Act with respect to her claims for negligent misrepresentation (which is also expressly barred by Government Code section 818.8), breach of contract and intentional infliction of emotional distress. Plaintiff instead argues that she "substantially complied" with the Act's requirements. Plaintiff's argument fails.

In the first instance, there are no "circumstances excusing compliance" in this case. To the contrary, Plaintiff has long been aware of the procedure for filing tort claims against Peralta Community College District and Defendant MERRITT. Indeed, Plaintiff previously filed a Government Claim on December 22, 2006, alleging that she sustained personal injuries as a result of tripping and falling in a campus parking lot. (See Accident Reporting and Claim Form attached to Declaration of Alyson Cabrera, ¶ 2, Exhibit A.) This form clearly sets forth the substantive requirements of a California Government Tort Claim, including that it must state the amount claimed, if less than $10,000 on the date the claim is presented or, if more than $10,000,

-3-

1  no dollar amount is to be included, but the claim must state whether the claim is to be a limited
2  civil case. Further, the form clearly indicates that claims are to be submitted with the "Peralta
3  Community College District Office of General Counsel, Department of Risk Management."
4  Given her knowledge of these requirements, Plaintiff's claim that strict compliance with the
5  Act's requirements should be "excused" should be rejected as wholly disingenuous.

6  Further, even if Plaintiff could avail herself of a "substantial compliance" standard under the Act, she has still failed to demonstrate that she met this standard. Plaintiff has failed to plead sufficient facts to demonstrate that she actually presented a Government Claim for the damages she seeks in this action to Defendant MERRITT, let alone one which "substantially complied" with the requirements of the Act. Indeed, Plaintiff's TAC, Declaration and Opposition - do not attach for the Court's review the purported "Claim" supposedly submitted by Plaintiff - thereby depriving the Court an opportunity to scrutinize its alleged contents. Further, Plaintiff's TAC, Declaration and Opposition do not state the alleged *date* on which Plaintiff supposedly presented this Government Claim to Defendant MERRITT. The Court cannot possibly perform a "substantial compliance" analysis given that it *cannot determine whether or when Plaintiff presented a Government Claim* to Defendant MERRITT. It was Plaintiff's burden to supply this information to the Court. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (2004). Even after four opportunities to do so however, she failed to meet her burden.

Further, the authority cited by Plaintiff in support of her "substantial compliance" argument is distinguishable. In *Stockett v. Association of California Water Agencies Joint Powers*, 34 Cal.4th 441, 446 (2004), the defendant did not challenge whether the plaintiff filed a timely Government Claim with JPIA. Rather, the parties disagreed as to whether Stockett's Government Claim provided JPIA with sufficient notice of two wrongful termination theories Stockett asserted at trial. *Id.* To this end, the Court noted, "[E]ven if the claim were **timely**, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Id.* Similarly, in *Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 40, the defendant argued that the plaintiff was precluded from seeking personal injury damages because the statement in her Government Claim that she suffered injuries or

-4-

damages in the form of "[u]nspecified medical, lost income, future medical" was insufficient to put the County on notice that she was asserting a personal injury claim.

Unlike *Stockett* and *Connelly*, whether there is variance between legal theories asserted in a Government Claim and those asserted in a civil lawsuit is <u>not</u> the issue before this Court. Rather, Defendants contend here that Plaintiff failed to submit *any* timely Government Claim with Defendant MERRITT COLLEGE for the money damages she now seeks. This was not a challenge made by the defendants in *Stockett* and *Connelly*, and accordingly, these authorities do not apply here.

Further, courts have rejected the argument that compliance is excused where the defendant had knowledge of a plaintiff's potential claims.

> It is well-settled that claims statutes must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim. **Such knowledge-standing alone- constitutes neither substantial compliance nor basis for estoppel.**

(*Santee,* 220 Cal.App.3d at 713 (emphasis added); citing *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974); accord *State of California ex rel. Dept. of Transportation v. Superior Court*, 159 Cal.App.3d 331, 335 (1984).

In *Loehr v. Ventura County Community College District*, the court held the plaintiff could not maintain an action for damages based on wrongful termination where <u>the letter that purported to be a Claim</u> only demanded the plaintiff's reinstatement to his position and <u>nowhere stated there was a claim for money damages or an estimate of the amount of any prospective injury, damage or loss.</u> *Loehr,* 147 Cal.App.3d at 1083-1084. The court concluded this and other deficiencies were material omissions which made the letter insufficient as a matter of law to satisfy the requirements of a claim. *Id.* at 1084. Similarly, in *Wood v. Riverside General Hospital* (1994) 25 Cal.App.4th 1113, 31, the court found documents in which the plaintiff's mother complained about the plaintiff's care while hospitalized did not substantially comply with the Tort Claims Act because <u>they were not transmitted to the statutorily designated agent and did not indicate that a monetary claim was being asserted.</u> Here, similarly, Plaintiff's TAC, Declaration and Opposition fail to allege that her so-called "Claim" <u>stated a claim for money</u>

damages or an estimate of the amount of any prospective injury, damage or loss.[2]

Further, Plaintiff alleges that she submitted her "grievances and problems with the Office of Student Services and the Vice President's Office, located in Building P Room 311." (Plaintiff's Declaration at ¶5.) She also alleges that she filed "several written complaints with different departments and Librarians." (Plaintiff's TAC at ¶35.) Pursuant to the authority cited by Defendant MERRITT, these allegations are clearly insufficient to demonstrate that she submitted a Government Claim or that she "substantially complied" with the Act's claim presentation requirements.

In reality, Plaintiff's inability to plead such presentation is fatal to her Fourth, Fifth and Sixth Causes of Action for negligent misrepresentation (which is also expressly barred by Government Code section 818.8), breach of contract and intentional infliction of emotional distress. Accordingly, these claims must be dismissed with prejudice.

### F. Plaintiff Concedes that the Court Must Strike Plaintiff's Reference to the Unruh Civil Rights Act

Plaintiff's Opposition fails to address Defendants' argument with respect to the Unruh Civil Rights Act. Plaintiff apparently concedes that her TAC does not plead a cause of action for a violation of the Unruh Civil Rights Act, and that absent any specific allegations that Defendants violated the Unruh Civil Rights Act and without asserting a specific cause of action for the alleged violation, the reference to this statute is meaningless and immaterial. Accordingly, reference to the Unruh Civil Rights Act should be stricken.

Finally, as Plaintiff has had four opportunities to date to plead such a cause of action, further amendment should not be permitted.

---

[2] The Government Claim submitted to the County by *Connelly* is clearly distinguishable from the document Plaintiff claims she submitted to Defendant MERRITT. There, Connelly was involved in an accident when a County vehicle hit the pickup Connelly was driving. Connelly served a timely "Claim for *Damages*," which was a preprinted County form, on the clerk of the County Board of Supervisors. The *form specifically asked* "What injuries or damages did you suffer?" Connelly responded, "Damage to my '96 Chevy S-10 pickup-Car Rental until my Truck is Replaced. Unspecified Medical, Lost Income, future Medical." That Connelly intended to claim some form of monetary damage is clear given the content of her Claim form. Plaintiff's so-called "Claim" however is in reality a "written complaint of discrimination and harassment" she alleges she presented to Defendant MERRITT on some unspecified date, and which made no indication that she was seeking money or damages. The facts of *Connelly* further demonstrate that Plaintiff failed to comply with the Act's claim presentation requirements.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### III. CONCLUSION

Defendants respectfully request that, pursuant to Rule of Federal Civil Procedure 12(b)(6), this Court dismiss with prejudice the following causes of action: (1) Plaintiff's *First Cause of Action* for violation of Title VI; (2) Plaintiff's *Second Cause of Action* for violation of the Age Discrimination Act of 1975; (3) Plaintiff's *Third Cause of Action* for violation of California Government Code section 11135; (4) Plaintiff's *Fourth Cause of Action* for intentional infliction of emotional distress; (5) Plaintiff's *Fifth Cause of Action* for breach of contract; and (6) Plaintiff's *Sixth Cause of Action* for negligent misrepresentation.

Defendants also request that, pursuant to Rule of Federal Civil Procedure 12(f), this Court strike the TAC's reference to the Unruh Civil Rights Act, and deny any further amendment.

Dated: May 14, 2008

GORDON & REES LLP

By: /s/ Alyson Cabrera
ALYSON CABRERA
Attorneys for Defendants
MERRITT COLLEGE and
SHIRLEY MACK