STEPHANIE B. BRADSHAW (SBN: 170757)
ALYSON CABRERA (SBN: 222717)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
MERRITT COLLEGE
and SHIRLEY MACK

KJELL CAMILLO BOMARK-NOEL (SBN: 147494)
RICHARD CHARLES HARPER (SBN: 99758)
LAW OFFICES OF BOMARK-NOEL
1124 East 14th Street, Suite B
San Leandro, CA 94577
Telephone: (510) 352-1030

Attorneys for Plaintiff
ELIZABETH SANTOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANTOS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MERRITT COLLEGE, SHIRLEY MACK, an individual and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO. C 07 5227 EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　June 25, 2008<br>Time:　　10:30 a.m.<br>Judge:　　Hon. Edward M. Chen<br>Location:　Courtroom C, 15th Fl. |

　　　　Plaintiff ELIZABETH SANTOS ("Plaintiff") and Defendants MERRITT COLLEGE and SHIRLEY MACK (collectively "Defendants"), by and through their counsel, hereby submit the following Joint Case Management Statement in preparation for the parties' June 25, 2008 Case Management Conference.

## DESCRIPTION OF THE CASE

1. **Description of Events Underlying the Action:**

**Plaintiff's Description:** Plaintiff was a student at Defendant Merritt College. On multiple occasions between late 2005 and early 2007, Plaintiff was prevented from utilizing the Library. After Defendant Merritt College allegedly investigated over one year later, they concluded that Plaintiff had the right to use the computer the way she had been using it at the time of the incidents. Plaintiff complained through channels of Defendant Merritt College and the Peralta School District; however Plaintiff's claims were dismissed and her file was then lost. Plaintiff maintains that she was discriminated against and unfairly singled out by Defendant Shirley Mack, due to Plaintiffs' race and age.

**Defendants' Description:** Plaintiff is a student at Merritt College. Plaintiff alleges that on five (5) occasions between September 28, 2005 and November 8, 2005, Ms. Mack, a tenured Librarian employed by the College, wrongfully accused Plaintiff of improperly using College computers for personal use in violation of library policy. Plaintiff alleges that Ms. Mack's conduct constitutes discrimination on the basis of Plaintiff's race and resulted in Merritt College breaching its "contract" with Plaintiff and inflicting emotional distress upon her. Defendants deny Plaintiff's allegations.

2. **Principal Factual Issues Which The Parties Dispute:** As the case is not yet at issue, the parties cannot determine all factual issues in dispute. The parties will be in a better position to do so after the hearing on Defendants' Motion to Dismiss Plaintiff's "Revised" Second Amended Complaint. Currently however, there is a dispute as to whether Ms. Mack enforced the library policies of Merritt College in a discriminatory manner or whether any Defendant damaged Plaintiff in any other manner or in any sum.

3. **Plaintiff's Legal Issues:** Plaintiff maintains she complied with the Government Torts Claims Act, as outlined in the Student Catalog, and therefore Merritt College should be held liable. Plaintiff maintains that The First Cause of Action in violation of the Civil Rights Act includes age, even though it is not specifically mentioned. 42 U.S.C. does not cover a continuing tort and Plaintiff maintains that any one year statue of age discrimination was tolled by the fact

1  that Plaintiff tried to work within the system, as required per the Student Catalog. As to the Age
2  Discrimination Act of 1973, Plaintiff maintains equitable tolling of the statue of limitation. As to
3  Violation of Government Code 11135, Plaintiff maintains equitable tolling of the statue of
4  limitation. The Government Tort Claims Act was substantially complied with, because the
5  Student Catalog specifically states how discrimination issues and sexual harassment issues must
6  be dealt with.

7  **4.  Defendants' Legal Issues:** Defendants currently have pending a Motion to
8  Dismiss based on the procedural and substantive flaws in Plaintiff's "Revised" Second Amended
9  Complaint. Amongst others, the Motion includes Defendants' contention that Plaintiff has still
10 failed to demonstrate compliance with the Government Tort Claims Act and therefore her claims
11 for intentional infliction of emotional distress, negligent misrepresentation and breach of
12 implied-in-fact contract are barred by Government Code section 818.8 and for failure to satisfy
13 the claims presentation requirements of the California Tort Claims Act—a requirement of which
14 Plaintiff was aware given that she filed a tort claim for personal injury with Merritt College in
15 2006.

16 Defendants further adamantly deny and dispute that Ms. Mack enforced the library
17 policies of Merritt College in a discriminatory manner or that she took any action whatsoever
18 against Plaintiff on the basis of her race. Defendants contend that Plaintiff will be unable to
19 demonstrate a *prima facie* case of race discrimination or evidence demonstrating that any actions
20 taken by Defendants were a pretext for such discrimination. Defendants further deny and dispute
21 that any Defendant damaged Plaintiff in any other manner or in any sum whatsoever.

22 **5.  Parties Served:** All parties have been served.
23 **6.  Joinder of Additional Parties:** None.
24 **7.  ADR:** The parties are not agreeable to participating in any form of ADR until
25 after the resolution of the pending Motion to Dismiss.

26 **DISCLOSURES**

27 **8.** The parties do not intend to make initial disclosures until after the resolution of
28 the pending Motion to Dismiss and any subsequent motions that may follow.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## DISCOVERY

9. **Discovery Plan:** The parties do not intend to make a discovery plan until after the resolution of the pending Motion to Dismiss and any subsequent motions that may follow.

## TRIAL SCHEDULE

10. **Trial Date:** The parties are not prepared to set a trial date given the unsettled status of the pleadings.

Dated: June 13, 2008                                          GORDON & REES LLP

                                                              By: /s/ Alyson Cabrera
                                                                  ALYSON CABRERA
                                                              Attorneys for Defendants
                                                              MERRITT COLLEGE and
                                                              SHIRLEY MACK

Dated: June 13, 2008                                          LAW OFFICES OF BOMARK-NOEL

                                                              By: /s/ Kjell C. Bomark-Noel
                                                                  Kjell Camillo Bomark-Noel
                                                                  Richard Charles Harper
                                                              Attorneys for Plaintiff
                                                              ELIZABETH SANTOS

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ASCI/1046743/5734644v.1

4
JOINT CASE MANAGEMENT STATEMENT
C- 07 5227 EMC