United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANTOS,<br><br>        Plaintiff,<br><br>    v.<br><br>MERRITT COLLEGE, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-07-5227 EMC<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S REVISED SECOND AMENDED COMPLAINT; AND CONVERTING IN PART DEFENDANTS' MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docket No. 30)** |

Plaintiff Elizabeth Santos has filed suit against Defendants Merritt College and Shirley Mack for violations of both federal and state law. Currently pending before the Court is Defendants' motion to dismiss the revised second amended complaint ("SAC"). Having considered the parties' briefs and accompanying submissions as well as the oral argument of counsel, the Court hereby **GRANTS** in part the motion to dismiss and **CONVERTS** in part the motion to dismiss to a motion for summary judgment.

**I. DISCUSSION**

In the revised SAC, Ms. Santos asserts the following causes of action: (1) violation of Title VI; (2) violation of the Age Discrimination Act of 1975; (3) violation of California Government Code § 11135; (4) intentional infliction of emotional distress; (5) breach of contract; (6) negligent misrepresentation; and (7) violation of 42 U.S.C. § 1981. All of the claims, except for the last, are asserted against both Defendants. The last claim is asserted against Ms. Mack only. In their motion to dismiss, Defendants challenge the first six claims.

A. <u>Title VI</u>

Section 601 of Title VI provides in relevant part that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

Defendants argue that the Title VI claim should be dismissed with prejudice because Ms. Santos is seeking injunctive relief and monetary damages for the alleged civil rights violation, but "the *only* remedies contemplated by the language of the Act are voluntary compliance with the statute by the recipient of federal funding or, as a last resort, funding suspension or termination." Mot. at 3 (emphasis in original) (citing 42 U.S.C. § 2000d-1).

In her opposition, Ms. Santos fails to address Defendants' argument and thus, in their reply, Defendants assert that Ms. Santos has conceded that the Title VI claim should be dismissed. While Ms. Santos' failure to address Defendants' argument should not be condoned, the Court does not unquestioningly accept Defendants' position on the merits, especially as it involves a pure legal question. *See McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000) ("[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal.").

Defendants' position is, in fact, largely incorrect. The Supreme Court has expressly stated that it "must be taken as given [that] [p]rivate individuals may sue to enforce § 601 of Title VI and obtain both injunctive relief and damages for intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). Defendants' position is only correct to the extent that Ms. Santos is not entitled to *punitive* damages for any violation of Title VI. *See Barnes v. Gorman*, 536 U.S. 181, 185, 189 (2002) (stating that punitive damages may not be awarded in private suits brought under Title VI).

That being said, the Court shall allow the Title VI claim to proceed against the College only, and not Ms. Mack in her individual capacity. Courts "have generally concluded that individuals may not be held liable for violations of Title VI because it prohibits discrimination only by

recipients of federal funding." *Shotz v. City of Plantation*, 344 F.3d 1161, 1169 (11th Cir. 2003) (noting that courts "have generally concluded that individuals may not be held liable for violations of Title VI because it prohibits discrimination only by recipients of federal funding"); *see also Buchanan v. City of Bolivar*, 99 F.3d 1352, 1356 (6th Cir. 1996) (rejecting plaintiff's Title VI claim against two individuals because, *inter alia*, the claim was asserted against the individuals "and not against the school, the entity allegedly receiving the financial assistance"); *Ajiwoju v. Curators of Univ. of Mo.*, No. 06-1005-CV-W-FJG, 2008 U.S. Dist. LEXIS 10741, at *5-6 (W.D. Mo. Feb. 13, 2008) (holding that plaintiff could not assert either a Title VI or Title IX claim against school officials in their individual capacities); *Travis v. Folsom Cordova Unified Sch. Dist.*, No. 2:06-cv-2074-MCE-EFB, 2007 U.S. Dist. LEXIS 11566, at *15 (E.D. Cal. Feb. 20, 2007) (stating that "[a] Title VI plaintiff can only seek recovery from the recipient of the federal funding" and "[t]hus, individuals may not be held liable under Title VI"); *cf. Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607, 610-11 (8th Cir. 1999) (agreeing with other circuits that have held that school officials may not be sued in their individual capacity under *Title IX* because they are not grant recipients); *O.H. v. Oakland Unified School Dist.*, No. C-99-5123 JCS, 2000 WL 33376299, at *16 (N.D. Cal. Apr. 17, 2000) (holding that members of the Board of Education and school officials may not be sued in their individual capacities under *Title IX* because they are not funding recipients).

In sum, the Court dismisses the Title VI claim as to Ms. Mack but shall allow Ms. Santos to proceed with the Title VI claim against the College. To the extent Ms. Santos asserts a claim for punitive damages against the College under Title VI, it is dismissed.

B.   <u>Age Discrimination Act of 1975</u>

The Age Discrimination Act of 1975 provides in relevant part that "[n]o person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. The Act contains an administrative exhaustion requirement. *See id.* § 6104(e)(2).

> With respect to actions brought for relief based on an alleged violation of the provisions of this title [42 U.S.C. §§ 6101 *et seq.*], administrative remedies shall be deemed exhausted upon the expiration of 180 days from the filing of an administrative complaint during which time the Federal department or agency makes no finding

> with regard to the complaint, or upon the day that the Federal
> department or agency issues a finding in favor of the recipient of
> financial assistance, whichever occurs first.

*Id.* § 6104(f); *see also* 34 C.F.R. § 110.39.  Under the federal regulations, the administrative complaint is to be filed with the United States Department of Education.  *See id.  See, e.g.*, *Pullen-Walker v. Roosevelt Univ.*, No. 05 C 5648, 2006 U.S. Dist. LEXIS 47229, at *14-15 (N.D. Ill. June 28,2 006) (discussing administrative exhaustion).

Defendants argue that the age discrimination claim should be dismissed for failure to exhaust.  The Court agrees.  In her opposition, Ms. Santos failed to respond to the argument that she did not exhaust her administrative remedies.  Moreover, at the hearing, Ms. Santos admitted that her only administrative complaint (other than to the College) was to the EEOC, but the EEOC is not the Department of Education.  She has essentially conceded this failure to exhaust.

Accordingly, the Court dismisses the age discrimination claim as to both Defendants.[1]

C.   California Government Code § 11135

California Government Code § 11135 provides in relevant part that "[n]o person in the State of California shall, on the basis of race, national origin, ethnic group identification, religion, age, sex, sexual orientation, color, or disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state."  Cal. Gov't Code § 11135.

Similar to above, Defendants argue that this claim should be dismissed for failure to exhaust administrative remedies.  According to Defendants, there is an exhaustion requirement for a claim brought pursuant to § 11135.  *See* Mot. at 6 (citing 22 Cal. Code Reg. § 98003).  Defendants appear to be correct.  Title 22, Division 8 of the California Code of Regulations implements California Government Code §§ 11135 through 11139.5.  *See* 22 Cal. Code Reg. § 98000.  Division 8 contains an administrative exhaustion requirement.  *See id.* § 98003 ("Exhaustion of administrative remedies available under this Division or implementing regulations shall not be a prerequisite to the bringing

---

[1] Ms. Santos does not argue that the administrative exhaustion requirement is not applicable to her claim against Ms. Mack.

of actions for judicial enforcement of violations of Chapters 2 and 3 or regulations implementing such Chapters if a showing is made that the state agency involved has not adhered to the time limit set forth in Section 98346 of this Division."); *see also Aikins v. St. Helena Hosp.*, 843 F. Supp. 1329, 1341 (N.D. Cal. 1994) ("Section 98003 of the regulations appears to require exhaustion of administrative remedies as a prerequisite to suit for violation of Code section 11135.").

Because there appears to be an exhaustion requirement for a claim brought pursuant to § 11135, Ms. Santos's § 11135 claim must be dismissed because she has not opposed this argument in her opposition and cites no contrary authority; further, as noted above, she represented at the hearing that the only administrative complaint she made was with the EEOC (*i.e.*, not any state agency).[2] Given the state of the record, the Court dismisses this claim.

D.   Negligent Misrepresentation

Defendants move for dismissal of the negligent misrepresentation claim based on California Government Code § 818.8. That section provides as follows: "A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional." Cal. Gov't Code § 818.8.

At the hearing, Ms. Santos conceded that the College was immune pursuant to § 818.8. Therefore, the Court shall dismiss the negligent misrepresentation claim as to the College. In addition, the Court shall dismiss the negligent misrepresentation claim as to Ms. Mack because the SAC does not allege that she ever made a misrepresentation of any kind to Ms. Santos. Rather, the representation that Ms. Santos would have an academic environment free of stress, harassment, and mental anguish appears to have been made by the College only.

E.   Breach of Contract and Intentional Infliction of Emotional Distress

As noted above, Ms. Santos asserts claims for breach of contract and intentional infliction of emotional distress against both Defendants. The Court shall dismiss the breach-of-contract claim as to Ms. Mack because the SAC contains no allegations of any contract between Ms. Santos and Ms.

---

[2] As above, Ms. Santos does not argue that the administrative exhaustion requirement is inapplicable to Ms. Mack.

5

1  Mack. This leaves, therefore, a breach-of-contract claim against the College and a claim for

2  intentional infliction of emotional distress against both the College and Ms. Mack.

3        With respect to the College, the claims for breach of contract and intentional infliction of

4  emotional distress are subject to the claim presentation requirement contained in the California Tort

5  Claims Act ("CTCA").[3] *See* Cal. Gov't Code § 911.2(a) ("A claim relating to a cause of action for

6  death or for injury to person or to personal property or growing crops shall be presented as provided

7  in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause

8  of action."). The same is true with respect to the claim for intentional infliction of emotional distress

9  against Ms. Mack. *See McConnell v. Lassen County*, No. CIV. S-05-0909 FCD DAD, 2007 U.S.

10  Dist. LEXIS 47373, at *44-45 (E.D. Cal. June 29, 2007) (noting that, "under California Government

11  Code § 950.2, any suit against a public employee is barred in cases where a plaintiff's action against

12  the agency is barred for failure to present a claim"; adding that "[t]he 1965 Amendment to § 950.2

13  makes it clear that 'the presentation of a claim to the employing public entity is a prerequisite to suit

14  against an employee'").

15        Ms. Santos contends that she either substantially complied with the claim presentation

16  requirement or that she is excused from noncompliance based on waiver and estoppel theories. In

17  determining whether there was substantial compliance or excuse from noncompliance because of

18  waiver or estoppel, the Court must determine, *inter alia*, whether the written complaint made by Ms.

19  Santos to College officials gave sufficient notice to the College that she was making a claim for

20  monetary damages and that litigation might ensue. *See, e.g.*, *White v. Moreno Valley Unified School*

21  *Dist.,* 181 Cal. App. 3d 1024, 1031 (1986) (stating that, for substantial compliance "the court must

22  ask whether sufficient information is disclosed on the face of the filed claim to reasonably enable the

---

[3] The Court notes that, although the claim presentation requirement of the CTCA applies to a claim for breach of contract, *see City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738-39 (2007), the doctrine of governmental immunity contained in the CTCA does not apply to such a claim. California case law is clear that, "[w]hen the state makes a contract . . . it is liable for a breach of its agreement . . . and the doctrine of governmental immunity does not apply." *Roe v. Cal.*, 94 Cal. App. 4th 64, 69 (2001) (internal quotation marks omitted); *see also* Cal. Gov't Code § 814 ("Nothing in this part affects liability based on contract or the right to obtain relief other than money or damages against a public entity or public employee."); *People ex rel. Dept. of Parks & Recreation v. West-A-Rama, Inc.*, 35 Cal. App. 3d 786, 794 (1973) ("The state has never been protected by the doctrine of sovereign immunity as to liability on its contracts.").

public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit") (internal quotation marks omitted); *Phillips v. Desert Hospital Dist.*, 49 Cal. 3d 699, 700 (1989) (holding that "a public entity must treat a notice . . . that alerts it to the existence of a claim for monetary damages and an impending lawsuit, but fails to comply substantially with the claim presentation requirements of the act" as a "claim as presented," requiring the entity to either notify the claimant of the claim's defects or waive its rights to use insufficiency of the claim as a defense); *Johnson v. San Diego Unified School Dist.*, 217 Cal. App. 3d 692, 700-01 (1990) (stating that, for a plaintiff to prevail on an estoppel claim, he or she must establish, *inter alia*, that the public entity was apprised of the facts). Because this is a factual issue, requiring, *inter alia*, examination of the correspondence which has not been provided to the Court, the Court shall convert Defendants' motion to dismiss as to the contract and intentional infliction claims into a motion for summary judgment.

For the motion for summary judgment, the Court shall allow Ms. Santos limited discovery on the issue of the claim presentation requirement. More specifically, the Court shall order Defendants to produce any and all written communications between Ms. Santos and the College (including agents or employees of the College) related to the incidents between Ms. Santos and Ms. Mack as described in the SAC. Defendants shall produce documents within twenty-one (21) days of the date of this order. After receipt of the documents, Ms. Santos shall have fourteen (14) days to file an opposition to the motion for summary judgment[4]; Defendants shall then have one week (*i.e.*, 7 days) after service of the opposition to file a reply brief. The Court shall subsequently determine whether a hearing on the motion for summary judgment is necessary.

## II. CONCLUSION

For the foregoing reasons, the Court grants in part Defendants' motion to dismiss and converts in part the motion to dismiss to a motion for summary judgment.

---

[4] The Court emphasizes that the time for Ms. Santos to file an opposition shall be triggered by the date that the documents are *received*. Thus, if Defendants serve the documents by personal delivery, then the time shall begin to run immediately. If, however, Defendants serve by mail, then the mail rule under the Federal Rules of Civil Procedure shall apply.

As to the College, any punitive damage claim under Title VI, the age discrimination claim, the § 11135 claim, and the negligent misrepresentation claim are dismissed with prejudice. As to Ms. Mack, the Title VI claim, the age discrimination claim, the § 11135 claim, the negligent misrepresentation claim, and the breach-of-contract claim are dismissed with prejudice. Ms. Santos has been afforded an ample opportunity to state viable claims on these matters and has failed to do so.

The breach-of-contract claim against the College and the claim for intentional infliction of emotional distress as to both Defendants are still subject to challenge by Defendants' motion to dismiss, which the Court has converted to a motion for summary judgment.

This order disposes of Docket No. 30.

IT IS SO ORDERED.

Dated: July 1, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

8