**Kjell C. Bomark–Noel, Esq. (SBN 147494)**
LAW OFFICES OF BOMARK-NOEL
1124 East 14th Street, Suite B
San Leandro, California 94577
(510) 352-1030

**Richard C. Harper, Esq. (SBN 99758)**
LAW OFFICE OF RICHARD C. HARPER
7 C Street
Tracy, California  95376
(209) 834-2399

ATTORNEYS FOR PLAINTIFF:
ELIZABETH SANTOS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANTOS | Case No: C075227EMC |
| Plaintiff, | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| MERRITT COLLEGE; SHIRLEY MACK, an individual; and DOES 1-10, inclusive, | Date:<br>Time:<br>Courtroom: C, 15th Floor |
| Defendant, | |
| _____ / | |

Comes now Plaintiff Elizabeth Santos and submits the following Memorandum in Opposition to Defendants' Motion for Summary Judgment against them:

## I.  INTRODUCTION

Plaintiff brought this action seeking relief from racial, gender, national origin, and age discrimination visited upon her by Defendants Shirley Mack and Merritt College while Ms. Santos has sought to pursue a course of study there.  Specifically, the acts of discrimination have denied Ms. Santos the use of the Merritt College Library, which is crucial to her academic advancement.  Instead of being provided a quiet place to study and use available resources, Ms.

1  Santos was continually subjected to harassment and forced out of the facility by Defendant Mack,
2  a librarian and employee of Defendant Merritt College.  Ms. Santos brought this action to seek
3  redress for this continuing harm.
4      Defendants have made no effort to deny the substantive charges in Ms. Santos'
5  Complaint, but instead have chosen piecemeal procedural efforts to prevent her from obtaining
6  relief on a legitimate claim.  Defendants have moved to dismiss Ms. Santos' claims for Breach of
7  Contract, Intentional Inflection of Emotional Distress, and the Court has changed these motions
8  into motions for Summary Judgement, because there are significant issues of material fact in
9  dispute as to the issues of substantial compliance with and Merritt College's waiver of and
10 estoppel from relying on the issues of Ms. Santos' claim presentation.  Therefore, these motions
11 must be denied.

## II: ARGUMENT

### A: More Discovery is Required on the Relevant

14 As a threshold issue, Defendants' response to the Court's discovery order must be
15 considered incomplete.  Most significantly, the "Unlawful Discrimination Complaint Form" at
16 page MC0027 is labeled "2nd Request," no first request is provided.  In addition, there is none of
17 the substantial internal correspondence which ensued, following the circulation of Ms. Santos'
18 complaints and the two lengthy letters describing the invidious discrimination and harassment
19 visited on her by Defendant Mack.
20     There is also nothing to show what happened to Ms. Santos' lost file. (Santos Declaration
21 ¶7, attached to Third Amended Complaint as Exhibit A).  Thus, without all the facts at hand, the
22 Court cannot possibly determine whether Ms. Santos' presentation of her claim to Defendants is
23 sufficient to allow a grant of Summary Judgement.

### B: Substantial Issues of Material Fact Exist on the Issues of Substantial Compliance, Waiver, and Estoppel With Respect to the Claim Presentation Requirement

26 It is Ms. Santos' position, supported by the materials provided in discovery that her
27 submission to Defendant Merritt College are sufficient to raise disputed issues of material fact

1  with regard to her claims for Breach of Contract and Intentional Infliction of Emotional Distress.
2  (Discovery response, pp MC001 to 0012 and pp 0013-0021) As the Court pointed out in its
3  Order Granting in part Defendants' Motion to Dismiss Plaintiff's Revised Second Amended
4  Complaint; and Converting in Part Defendants' Motion to Dismiss to Motion for Summary
5  Judgement (at pp 6-7) this requires a fact specifically inquiring into such issues as how the
6  recipient public entity interprets the materials it has received.  Clearly, Ms. Santos provided
7  detailed information based upon which Merritt College should have reasonably inferred that
8  litigation would ensue.  Moreover, as her complaint was buried in the labyrinthine process of
9  review set forth in the Merritt College Handbook (Santos Declaration ¶ 3). Defendants cannot
10 deny, without showing more, that Ms. Santos failed to meet the criteria for substantial
11 compliance waiver, and estoppel with respect to presentation of her claim.

### III: CONCLUSION

The converted motion for summary judgement must be denied.

**DATED: August 11, 2008**                **LAW OFFICES OF BOMARK-NOEL**

   */s/ Kjell C.*
**KJELL C. BOMARK-NOEL, ESQ.**
**Attorney for Plaintiff:**
**Elizabeth Santos**


**DATED: August 11, 2008**                **LAW OFFICE OF RICHARD C. HARPER**

   */s/ Richard C. Harper*
**Attorney for Plaintiff:**
**Elizabeth Santos**