1  STEPHANIE B. BRADSHAW (SBN: 170757)
   ALYSON CABRERA (SBN: 222717)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendants
6  MERRITT COLLEGE
   and SHIRLEY MACK
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  ELIZABETH SANTOS                )  CASE NO. C 07 5227 EMC
                                    )
12                 Plaintiff,       )  **DEFENDANTS' REPLY TO**
                                    )  **PLAINTIFF'S OPPOSITION TO**
13       vs.                        )  **DEFENDANTS' MOTION FOR**
                                    )  **SUMMARY JUDGMENT**
14  MERRITT COLLEGE, SHIRLEY MACK, an )
    individual and DOES 1-10, inclusive, )  Judge: Hon. Edward M. Chen
15                                  )
                   Defendants.      )  Accompanying Pleadings:
16                                  )
                                    )  Declaration of Alyson Cabrera
17                                  )
                                    )
18                                  )
                                    )
19

20

## I. INTRODUCTION

As evidenced by the content, or lack thereof, of her Opposition and previously filed pleadings filed in this action, Plaintiff is not taking this case, her legal burden or this Court, seriously. Indeed, despite having received every written communication between Plaintiff ELIZABETH SANTOS ("Plaintiff") and Defendant MERRITT COLLEGE related to the incidents between Plaintiff and Defendant SHIRLEY MACK, as alleged in her "Revised Second Amended Complaint," Plaintiff has still failed to submit a single piece of evidence to raise a triable issue of fact as to whether she satisfied the claims presentation requirements of the California Tort Claims Act ("CTCA").

Plaintiff has now had five (5) bites at the apple and Defendants respectfully suggest enough is enough. Toward that end, Plaintiff has failed to meet her burden of proof and her claims for intentional infliction of emotional distress and breach of contract must now be dismissed with prejudice.

## II. PROCEDURAL HISTORY

On July 1, 2008, the Court granted in part Defendants' Motion to Dismiss Plaintiff's Revised Second Amended Complaint, and converted in part Defendant's Motion to Dismiss to a Motion for Summary Judgment. With respect to Plaintiff's claims for intentional infliction of emotional distress and breach of contract, which require compliance with the CTCA, the Court generously allowed Plaintiff to obtain limited discovery contrary to the express purpose of the statute, which is to "enable a public entity to make an adequate investigation of the merits of the claim and to settle it *without the expense of a lawsuit.*" See *Philips v. Desert Hospital Dist.*, 49 Cal.3d 699, 700 (1989) (emphasis added).

Specifically, the Court ordered Defendants to produce "any and all written communications between Ms. Santos and the College (including agents or employees of the College) related to the incidents between Ms. Santos and Ms. Mack as described in the SAC." (Court's Order dated July 1, 2008 at 7:13-17.) The Court ordered Defendants to produce the documents within 21 days of the Court's Order. *Id.* at 7:17-18. Thereafter, the Court allowed Plaintiff 14 days from receipt of the documents (plus time under the mail rule) to file an

1  opposition. *Id.* at 7:18-19. Finally, the Court afforded Defendants seven (7) days after service of
2  the opposition to file a reply brief. *Id.* at 7:19-20.
3        On July 22, 2008, Defendants timely complied with the Court's Order, and mail served
4  Plaintiff with the responsive documents as ordered by the Court. (See July 22, 2008
5  correspondence and Proof of Service attached as **Exhibit A** to the Declaration of Alyson Cabrera
6  submitted herewith.)
7        On August 11, 2008, *20 days after Defendants' service of the responsive documents*,
8  Plaintiff filed an *untimely* Opposition to Defendants' Motion for Summary Judgment attaching
9  no supporting evidence whatsoever.
10       Despite Plaintiff's tardy filing, and in compliance with the spirit of the Court's Order,
11 Defendants now file the instant Reply despite being entitled to seven (7) days in which to file a
12 reply brief.

### III. SUMMARY JUDGMENT STANDARD

14       Federal Rule of Civil Procedure 56 provides that summary judgment "shall be rendered
15 forthwith" upon a showing that "there is no genuine issue as to any material fact and ... the
16 moving party is entitled to a judgment as a matter of law." An issue is "genuine" for summary
17 judgment purposes only where there is a sufficient evidentiary basis upon which a reasonable
18 fact finder could find for the nonmoving party, and a fact is "material" for this purpose only it if
19 could affect the outcome of the action under governing law. *Anderson v. Liberty Lobby, Inc.*,
20 477 U.S. 242, 248-49 (1986). "This requirement has sharp teeth; the plaintiff 'must present
21 definite, competent evidence to rebut the motion'." *Wynne v. Tufts University School of
22 Medicine*, 976 F. 2d 791, 794 (1st Cir. 1999). Evidence that is "merely colorable or is not
23 significantly probative" cannot deter summary judgment. *Anderson*, 477 U.S. at 250.

### IV. LEGAL ARGUMENT

**A. PLAINTIFF'S UNTIMELY OPPOSITION SHOULD NOT BE CONSIDERED**

26       Failure by counsel or a party to comply with any Federal or Local Rule, let alone an
27 Order of this Court, is sanctionable conduct. L. Civ. R. 1-4. Indeed, untimely filings have
28 previously been disregarded by this Court. See *Fireman's Fund Ins. Co. v. Nat'l Bank for*

*Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111*

- 3 -
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
C- 07 5227 EMC

1  *Cooperatives*, 1995 U.S. Dist. LEXIS 7983, *2 n. 1; *Brown v. Iantorno*, 1996 U.S. Dist. LEXIS
2  13181, *5, n.1.
3        Here, the Court ordered Plaintiff to file an opposition to the instant motion within
4  fourteen (14) days from receipt of Defendants' responsive documents. *Id.* at 7:18-19. Pursuant
5  to the "mail rule," Plaintiff had an additional three (3) days from receipt of the documents in
6  which to file an opposition. See Fed. R. Civ. Pro. 5(2)(b) and 6(d). As Defendants mail served
7  the responsive documents on July 22, 2008, Plaintiff had seventeen (17) days, or until August 8,
8  2008, in which to file an opposition. Plaintiff however failed to file any opposition until August
9  11, 2008, which exceeds the mandated deadline by three full days.
10       Pursuant to Local Rule 1.4, and given that Plaintiff has demonstrated no good cause for
11 its non-compliance with the Court's Order, the Court should grant Defendants' Motion for
12 Summary Judgment on this ground alone.

**B. PLAINTIFF FAILED TO PROFFER ANY COMPETENT EVIDENCE TO REBUT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ADDITIONAL DISCOVERY SHOULD NOT BE PERMITTED**

15       Even if this Court were to consider Plaintiff's untimely Opposition, which it should not,
16 Defendants' Motion for Summary Judgment must still be granted. While Plaintiff claims that
17 additional discovery is required in order to oppose the instant Motion, the claim is unfounded.
18 Plaintiff grossly misstates the language of this Court's July 1, 2008 Order in asserting that a fact
19 specific inquiry is required as to "such issues as how the recipient public entity interprets the
20 materials it receives." (Plaintiff's Opposition at 3:2:6.) The Court never "pointed this out" as
21 asserted by Plaintiff, and indeed, the Court's Order contains no such language. Further, as
22 counsel for the parties agreed to the document request set forth in the Court's July 1, 2008 Order
23 at the time of the hearing on Defendants' Motion to Dismiss, Plaintiff should be estopped from
24 now claiming that the document request did not afford her sufficient discovery to oppose the
25 instant Motion.
26       Plaintiff's claim is further unfounded because *Plaintiff is the holder of the information at*
27 *issue in the instant Motion.* Indeed, as the individual who claims to have submitted the
28 compliant Government Tort Claim to the Peralta Community College District, Plaintiff

- 4 -
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
C- 07 5227 EMC

1  necessarily has knowledge of when she filed the claim, what her claim contained and to whom
2  she submitted it. Further, Plaintiff has the burden of proving compliance with the CTCA. See
3  *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (2004). Clearly, Plaintiff does not
4  require additional discovery or depositions to establish facts <u>within her own personal knowledge</u>.
5  The notion is absurd and expressly violates the very purpose of the CTCA.

6  Finally, Plaintiff's claim that MERRITT COLLEGE lost her "file" is not supported by
7  admissible evidence. Declarations submitted in conjunction with summary judgment
8  proceedings must be based on personal knowledge and state admissible facts. Fed. R. Civ. Pro.
9  56(e). Here, Plaintiff has no personal knowledge regarding the custody of "files" at MERRITT
10 COLLEGE. Further, as Defendant produced the documents Ordered by the Court, Plaintiff's
11 claim is clearly unfounded.

12 In reality, Defendants have complied to the letter with the Court's Order, and Plaintiff
13 received "any and all written communications between Ms. Santos and the College (including
14 agents or employees of the College) related to the incidents between Ms. Santos and Ms. Mack
15 as described in the SAC," prior to the filing of her untimely Opposition. As even with such
16 documents in her possession, Plaintiff has failed to proffer any evidence -- let alone definite,
17 competent evidence -- to rebut Defendants Motion for Summary Judgment, the Motion should be
18 granted with prejudice.

### V. CONCLUSION

20 For all of the reasons stated herein, and in order to effectuate the purpose of the CTCA,
21 Defendants respectfully request that this Court grant their Motion for Summary Judgment, and
22 dismiss Plaintiff's claims for intentional infliction of emotional distress and breach of contract
23 with prejudice.

24 Dated: August 14, 2008                                GORDON & REES LLP

                                                        By: /s/ Alyson Cabrera
                                                        ALYSON CABRERA
                                                        Attorneys for Defendants
                                                        MERRITT COLLEGE and
                                                        SHIRLEY MACK

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
C- 07 5227 EMC