UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANTOS,<br><br>    Plaintiff,<br><br>    v.<br><br>MERRITT COLLEGE, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-07-5227 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S RULE 56(F) REQUEST; AND RESCHEDULING CASE MANAGEMENT CONFERENCE**<br><br>**(Docket No. 45)** |

Previously, Defendants filed a motion to dismiss, which the Court converted in part into a motion for summary judgment. *See* Docket No. 43 (order, filed on 7/1/2008). The issue for the Court was whether certain state law claims were barred by the CTCA for failure to give sufficient notice to the College that Ms. Santos was making a claim for monetary damages and that litigation might ensue. Accordingly, the Court allowed for limited discovery -- which all parties agreed to at the hearing on the motion to dismiss -- *i.e.*, "any and all written communications between Ms. Santos and the College (including agents or employees of the College) related to the incidents between Ms. Santos and Ms. Mack as described in the SAC." Docket No. 43 (Order at 7).

On July 22, 2008, Defendants served responsive documents on Ms. Santos by mail. *See* Cabrera Decl., Ex. A. Under the Court's order, Ms. Santos had 17 days to file an opposition to the motion for summary judgment -- *i.e.*, until August 8, 2008 (a Friday). Ms. Santos did not file an opposition until August 11, 2008 (a Monday). In her opposition, Ms. Santos makes a Rule 56(f)

request. She also argues that, in any event, the documents produced by Defendants are sufficient to raise a genuine dispute of material fact.

A.   Timeliness of Opposition

As a preliminary matter, Defendants argue that their motion for summary judgment should be granted because Ms. Santos failed to timely file her opposition. The Court denies this request. The requested sanction is draconian in light of the slight delay.

B.   Rule 56(f) Request

As noted above, in her opposition, Ms. Santos makes a Rule 56(f) request because Defendants did not produce certain documents. According to Ms. Santos, Defendants failed to produce (1) the first request related to the Unlawful Discrimination Complaint Form and (2) internal correspondence related to the complaints made by Ms. Santos. Ms. Santos also claims that there is "nothing to show what happened to [her] lost file." Opp'n at 2; *see also* TAC (Santos Decl. ¶ 7) ("At one point in time, Peralta Community College District informed me that my file had been lost and they could not locate it."). In response, Defendants argue that they have produced the documents required by the Court and thus the Court should rule on their motion for summary judgment.

The Court hereby **GRANTS** in part and **DENIES** in part Ms. Santos's Rule 56(f) request. Defendants shall produce a copy of the first request related to the Unlawful Discrimination Complaint Form to the extent Defendants have a copy in their possession, custody, or control. If Defendants are unable to locate the first request, then they should provide a declaration stating such.

The Court shall also require Defendants to produce their internal correspondence related to the complaints made by Ms. Santos. The Court acknowledges that it did not require Defendants to produce these documents previously. Moreover, Ms. Santos did not ask for these documents previously. However, given the importance of summary judgment, the Court shall not deem Ms. Santos's failure to request these documents a waiver. The documents could have probative value as to how Defendants interpreted the complaints made by Ms. Santos and the extent to which the complaints were regarded as a claim for money damages from which litigation was likely to ensue.

The Court, however, shall not order any discovery related to the purported lost file. Instead, the Court shall limit the discovery to that previously ordered and to that identified in this order. Defendants shall produce these documents to Ms. Santos by **September 1, 2008**. On the same date, Defendants shall provide a declaration to Ms. Santos stating that all responsive documents have been produced.

By September 17, 2008, Ms. Santos shall file an opposition to Defendants' motion for summary judgment. By September 24, 2008, Defendants shall file a reply. Thereafter, the Court shall either rule on the papers submitted or schedule a hearing on the motion. The case management conference, currently scheduled for September 10, 2008, at 1:30 p.m. is hereby **VACATED** and rescheduled for **October 29, 2008, at 1:30 p.m.**

IT IS SO ORDERED.

Dated: August 19, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge