UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANTOS, | No. C-07-5227 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| MERRITT COLLEGE, *et al.*, | **(Docket No. 45)** |
| Defendants. | |
| _____/ | |

Previously, Defendants Merritt College and Shirley Mack filed a motion to dismiss, which the Court converted in part into a motion for summary judgment. *See* Docket No. 43 (order, filed on 7/1/2008). The parties were given an opportunity to submit evidence in support of or opposition to summary judgment. Defendants contend that they should be granted summary judgment with respect to Plaintiff Elizabeth Santos's claims for breach of contract and intentional infliction of emotional distress because there is no genuine dispute that she failed to comply with the claim presentation requirement contained in the California Tort Claims Act ("CTCA"). Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel and all other evidence of record, the Court hereby **GRANTS** Defendants' motion.

## I.   FACTUAL & PROCEDURAL BACKGROUND

In a declaration, Ms. Santos refers to various complaints that she made about Ms. Mack with various employees of the College. *See, e.g.*, Santos Decl. ¶¶ 6-7, 16, 24-26, 27-29 & Exs. A-D, H (discussing complaints made from 2005 to 2007). Ms. Santos has documentation regarding some of

the complaints, but not all. *See, e.g.*, Santos Decl., Exs. A-D, H. Ms. Santos suggests that these complaints constitute claims as required by the CTCA.

In her declaration, Ms. Santos also states that, on several occasions, she was told by "MERRITT representatives to follow the Harassment and Discrimination Complaint Procedures as outlined in the Merritt College Catalog 2005-2007." Santos Decl. ¶ 32. Ms. Santos indicates that the College should be estopped from asserting failure to comply with the claim presentation requirement because the College "allowed her claim to be buried in the labyrinthine process of review set forth in the Merritt College Handbook." Opp'n at 12; *see also* Santos Decl., Ex. E (College Catalog excerpts).

## II. DISCUSSION

A. Objections to Plaintiff's Evidence

As a preliminary matter, the Court takes note that Defendants have filed multiple objections to the evidence offered by Ms. Santos. Many of the objections based on hearsay are without merit because an admission by a party-opponent is not hearsay. In addition, many of the objections based on lack of personal knowledge are without merit because it is a fair inference that Ms. Santos is only making a statement about other person's actions or omissions as known to her. The majority of the objections, however, are moot because the Court need not consider the evidence being challenged in order to rule on the issue of whether Ms. Santos failed to comply with the claim presentation requirement of the CTCA. Moreover, even if the Court were to overrule each and every objection made, Defendants would still be entitled to summary judgment for the reasons discussed below.

B. Substantial Compliance

Under the CTCA, there are "certain conditions precedent to the filing of a lawsuit against a public entity. As relevant here, a plaintiff must timely file a claim for money or damages with the public entity. The failure to do so bars the plaintiff from bringing suit [for such money or damages] against that entity." *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1237 (2004); *see also* Cal. Gov't Code § 945.4 (stating that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with

1  Section 910) of Part 3 of this division until a written claim therefor has been presented to the public
2  entity").

3  In the instant case, Ms. Santos does not dispute that her claims for breach of contract and
4  intentional infliction of emotional distress, for which she seeks monetary damages, *see* Docket No.
5  29 ("revised" SAC ¶¶ 69-70, 77), are subject to the claim presentation requirement of the CTCA.
6  *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738-39 (2007) (stating that the claim
7  presentation requirement of the CTCA applies to a claim for breach of contract); Cal. Gov't Code §
8  911.2(a) (providing that "[a] claim relating to a cause of action for death or for injury to person . . .
9  shall be presented as provided in Article 2 (commencing with Section 915) not later than six months
10 after the accrual of the cause of action"); *see also McConnell v. Lassen County*, No. CIV. S-05-0909
11 FCD DAD, 2007 U.S. Dist. LEXIS 47373, at *44-45 (E.D. Cal. June 29, 2007) (noting that, "under
12 California Government Code § 950.2, any suit against a public employee is barred in cases where a
13 plaintiff's action against the agency is barred for failure to present a claim"). She argues, however,
14 that summary judgment is inappropriate on these claims because there is a genuine dispute of
15 material fact as to whether she substantially complied with the claim presentation requirement. This
16 argument lacks merit.

17  The claim presentation requirement is contained in California Government Code § 911.2. It
18 provides that

> [a] claim relating to a cause of action for death or for injury to person
> or to personal property or growing crops shall be presented as
> provided in Article 2 (commencing with Section 915) of this chapter
> not later than six months after the accrual of the cause of action. A
> claim relating to any other cause of action shall be presented as
> provided in Article 2 (commencing with Section 915) of this chapter
> not later than one year after the accrual of the cause of action.

23 Cal. Gov't Code § 911.2.[1]

---

[1] The claim for breach of contract is subject to the one-year limitations period. *See Westcon Constr. Corp. v. County of Sacramento*, 152 Cal. App. 4th 183, 190 (2007) ("A claim for breach of contract must be presented to the public entity within one year of accrual of the cause of action."); *Ocean Servs. Corp. v. Ventura Port Dist.*, 15 Cal. App. 4th 1762, 1775 (1993) ("[T]he one- year claim provision of section 911.2 required that OSC submit a statutory claim before it filed suit for breach of contract."). The claim for intentional infliction of emotional distress is subject to the six-month limitations period. *See Stockton*, 42 Cal. 4th at 738 ("Claims for personal injury and property damage must be presented within six months after accrual . . . .").

California Government Code § 910 explains what information must be provided in a claim. It provides as follows:

> A claim shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following:
>
> (a)   The name and post office address of the claimant.
>
> (b)   The post office address to which the person presenting the claim desires notices to be sent.
>
> (c)   The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
>
> (d)   A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
>
> (e)   The name or names of the public employee or employees causing the injury, damage, or loss, if known.
>
> (f)   The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

*Id.* § 910.

It is clear, under California case law, that a claim need not strictly comply with § 910 in order to be considered a claim. *See Bodde*, 32 Cal. 4th at 1245 (noting that "a plaintiff need not allege strict compliance with the statutory claim presentation requirement"). Substantial compliance is sufficient. *See Dilts v. Cantua Elem. Sch. Dist.*, 189 Cal. App. 3d 27, 33 (1987) ("[C]ourts employ the test of substantial compliance rather than strict compliance in deciding whether a plaintiff has met the requirements of the Tort Claims Act.").

Substantial compliance, however, requires substantial compliance with *each* of the elements in § 910. *See City of San Jose v. Superior Court*, 12 Cal. 3d 447, 456-57 (1974) (stating that, "to gauge the sufficiency of a particular claim, two tests shall be applied: Is there *some* compliance with *all* of the statutory requirements; and, if so, is this compliance sufficient to constitute *substantial* compliance?") (emphasis in original); *Connelly v. County of Fresno*, 146 Cal. App. 4th 29, 38

(2006) (stating that, "[w]here a claimant has attempted to comply with the claim requirements but the claim is deficient in some way, the doctrine of substantial compliance may validate the claim 'if it substantially complies with all of the statutory requirements … even though it is technically deficient in one or more particulars.'"); *Del Real v. City of Riverside*, 95 Cal. App. 4th 761, 769 (2002) (stating that "[s]ubstantial compliance contemplates that there is at least some compliance with all of the statutory requirements"). "The doctrine of substantial compliance . . . 'cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute.'" *Connelly*, 146 Cal. App. 4th at 38.

      In the instant case, Ms. Santos has failed to provide evidence showing that any of her complaints substantially complied with *each* of the required elements of § 910. Although Ms. Santos discusses in her declaration various complaints that she made, there are no details whatsoever about the substance of the majority of the complaints. *Cf. Del Real*, 95 Cal. App. 4th at 769 (stating that letter bore "little or no resemblance to a government tort claim" and concluding that letter "failed to substantially comply with the claims filing requirements" because, *inter alia*, it did not provide plaintiff's address, did not describe the nature of the accident or identify the persons involved, did not describe the injury or loss allegedly suffered, and failed to state any amount claimed). While some of the complaints contain some information about the incidents with Ms. Mack, none of the complaints assert a claim for monetary damages and thus do not contain information about any such monetary damages sought. For that reason alone, there has been no substantial compliance. *See, e.g.*, *Loehr v. Ventura County Cmty. College Dist.*, 147 Cal. App. 3d 1071, 1083 (1983) (concluding that letter did not satisfy substantial compliance test because at most it "was merely a demand that the Board reinstate plaintiff as superintendent of the district or face possible legal action"; adding that "[t]he only mention of damages appears as a passing reference to the availability of such relief under the federal Civil Rights Act" and that "[n]owhere in the letter is there a claim for money damages, nor, for that matter is there even an estimate of the amount of any prospective injury, damage or loss").

5

Furthermore, there is no evidence that Ms. Santos submitted the claim as presented to the statutorily authorized agent of the College as required under the CTCA. California Government Code § 915 provides in relevant part:

> (a) A claim, any amendment thereto, or an application to the public entity for leave to present a late claim shall be presented to a local public entity by either of the following means:
>
>  (1) Delivering it to the clerk, secretary or auditor thereof.
>
>  (2) Mailing it to the clerk, secretary, auditor, or to the governing body at its principal office.
>
> . . . .
>
> (d) A claim, amendment or application shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided in this section if it is actually received by the clerk, secretary, auditor or board of the local public entity . . . within the time prescribed for presentation thereof.

Cal. Gov't Code § 915.

One state court has noted that the substantial compliance doctrine applies to § 915 and described the doctrine as applied to § 915:

> (1) The doctrine of substantial compliance is not applicable to a claim which is addressed to the wrong *entity*. (2) Where a claim is filed with the proper entity, although with the wrong statutory official thereof, the doctrine of substantial compliance will save the claim if the claim was actually received by the statutory officer. (3) But where there is a complete failure to serve any responsible officer of the entity, the doctrine does not apply. (4) Service upon any responsible official of the entity, but not the statutory officer, is sufficient if the party served has the duty to notify the statutory agent.

*Jamison v. State of Cal.*, 31 Cal. App. 3d 513, 517 (1973) (emphasis in original). *Jamison*, however, has been criticized by other state courts or is in conflict with other case law -- particularly with respect to the statement in (4) above. *See, e.g.*, *Westcon*, 152 Cal. App. 4th at 200-01 (rejecting argument that notice to a subordinate employee could satisfy § 915); *Del Real*, 95 Cal. App. 4th at 770 (stating that "we have reconsidered our earlier decision in *Jamison* and, as did the court in *Life v. County of Los Angeles* . . . , we find that it is at odds with section 915, subdivision (c) [now subdivision (d)]"); *Life v. County of Los Angeles*, 227 Cal. App. 3d 894, 901 (1991) (disagreeing

with *Jamison*'s suggestion that a claim served on a subordinate of the board constitutes substantial compliance regardless of whether the claim was received by the board; stating that this was at odds with the substantial compliance doctrine as codified by § 915(c), now § 915(d)).

Even if the Court were to accept the broad interpretation in *Jamison*, Ms. Santos has failed to provide any evidence that she submitted the claim as presented to the proper agent or governing body of the College or that the proper College agent or governing body actually received the claim. In her declaration, Ms. Santos asserts that she made complaints to, *e.g.*, the College President, library personnel, the Dean of the Library, a real estate counselor, a College employee by the name of Pamela Price,[2] the Director of Employee Relations for the Peralta Community College District (Karen Ulrich), the Chancellor's Office, and her professors, *see* Santos Decl. ¶¶ 6, 7, 16, 24, 25, 26, 27, 28, 29, but none of these individuals is the College's clerk, secretary, or auditor or the College's governing body. Nor is there any evidence that any of these individuals actually conveyed a complaint to the College's clerk, secretary, auditor, or governing body or that any of these individuals had a duty to do so, evidence necessary to establish substantial compliance with § 915 under *Jamison*.

At the hearing, Ms. Santos suggested that Defendants should be estopped from arguing failure to present the claim to the appropriate person or entity because she was told by a College employee to give her complaints to Ms. Price. *See* Santos Decl. ¶¶ 16, 25. Based on her declaration, it appears that Ms. Santos was referred to Ms. Price by a real estate counselor. *See* Santos Decl. ¶¶ 16, 25. There is nothing to indicate that Ms. Santos was entitled or should have been entitled to rely on what the real estate counselor said. Nor is there evidence that Ms. Santos was led to believe that a claim for monetary damages was to be directed to such counselor. The Court takes note that Ms. Santos was capable of determining who the appropriate person or entity was as demonstrated by the fact that, in December 2006, she submitted a claim for monetary damages to the Department of Risk Management for the Peralta Community College District on an unrelated matter. *See* Cabrera Decl., Ex. A (accident reporting and claim form).

---

[2] According to Ms. Santos, Ms. Price is "an individual who does payroll and [is] a steward for [the] local union." Santos Decl. ¶ 25.

7

C. <u>Waiver</u>

Initially -- *i.e.*, as part of her opposition to the motion to dismiss (which the Court subsequently converted in part to a motion for summary judgment) -- Ms. Santos argued not only substantial compliance but also excuse for noncompliance based on waiver and estoppel. *See* Docket No. 38 (Opp'n at 2-3). In her current opposition to the motion for summary judgment, Ms. Santos discusses only substantial compliance and estoppel. She does not address waiver at all. While she does cite the critical California Supreme Court case on waiver, *Phillips v. Desert Hospital District*, 49 Cal. 3d 699 (1989), she does so to support her argument of substantial compliance. *See* Opp'n at 11-12. Thus, arguably, Ms. Santos should not be allowed to make any waiver argument as a basis for excuse for noncompliance with the claim presentation requirement.

To the extent Ms. Santos suggests that *Phillips* supports her claim of substantial compliance, that argument is without merit. *Phillips* is clearly about waiver, and waiver is at issue only when there is a *failure* to comply substantially with § 910. This is made evident by the applicable statutes in the California Government Code, *i.e.*, §§ 910.8 and 911. Section 910.8 provides in relevant part: "If in the opinion of the board or the person designated by it a claim as presented *fails* to comply substantially with the requirements of Sections 910 and 910.2 . . . , the board or such person may . . . give written notice of its insufficiency, stating with particularity the defects or omissions therein." Cal. Gov't Code § 910.8 (emphasis added). Section 911, in turn, states in relevant part as follows: "Any defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented is waived by the failure to give notice of insufficiency . . . ." *Id.* § 911. Case law also confirms that waiver is only at issue when there is no substantial compliance. *See State of Cal. v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1245 (2004) (noting that "'[a] claim that fails to substantially comply with sections 910 and 910.2, may still be considered a "claim as presented" if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved'").

Although, arguably, Ms. Santos has waived any waiver argument for the reasons stated above, the Court shall still, in the interest of justice, proceed as if a waiver argument had been made.

8

1   As noted above, *Phillips* is the seminal California Supreme Court case on waiver.
2 Importantly, *Phillips* requires that for waiver to apply, there must be at least a "claim as presented."
3 In *Phillips*, the plaintiffs' attorney sent a letter to the defendant which stated in relevant part as
4 follows:

> This letter will serve to advise you that this office intends to commence an action against [the defendant] on behalf of [the plaintiffs]. This action arises out of apparent Health Care Provider Negligence (Medical Malpractice) resulting from the diagnosis, care, treatment, operation and related services rendered to [the plaintiff-wife] on or about September 12, 1983 at Desert Hospital, Palm Springs, California, and the subsequent complications, treatment, damages and emotional distress resulting therefrom. [The plaintiff-husband] will claim damages for loss of consortion and for his mental and emotional suffering resulting from the damages and disfigurement to his wife.

*Phillips*, 49 Cal. 3d at 703 (internal quotation marks omitted). The Court concluded that the letter constituted a "claim as presented" pursuant to California Government Code § 910.8 because

> a document constitutes a "claim as presented" . . . if it discloses the existence of a "claim" which, if not satisfactorily resolved, will result in a lawsuit against the entity. A public entity's receipt of written notice that a claim for monetary damages exists and that litigation may ensue places upon the public entity the responsibility, and gives it the opportunity, to notify the potential plaintiff pursuant to sections 910.8 and 911 of the defects that render the document insufficient under sections 910 and 910.2 and thus might hamper investigation and possible settlement of the claim. *Such a written notice claiming monetary damages thereby satisfies the purposes of the claims act -- to facilitate investigation of disputes and their settlement without trial if appropriate.*

*Id.* at 709 (emphasis added). Thus, under *Phillips*, a complaint may be considered a claim as presented sufficient to invoke waiver under § 910.8 only if the complaint contains a claim for monetary damages.

As noted above, there is no evidence in the instant case that, in any of her complaints, Ms. Santos made a claim for monetary damages. In so ruling, the Court acknowledges that there need not be an explicit claim for damages; an implicit claim for damages may be sufficient. For example, in *Foster v. McFadden*, 30 Cal. App. 3d 943 (1973) -- a case cited approvingly by the California Supreme Court in *Phillips*, 49 Cal. 3d at 710 (stating that *Foster* "is directly on point") -- the claim

9

1 was deemed a claim as presented even though it did not contain an explicit claim for damages. All
2 that the claim said was:

3  Please be advised that this firm has been retained to represent
the interests of the above-named client in connection with the above
4  accident.

5  Please forward this letter to your insurance carrier and have
them contact the undersigned immediately. If you carry no insurance,
6  please call this office at once and advise what disposition you wish to
make of this matter.

7
 Trusting we may hear from you shortly, and thus eliminate the
8  necessity for initiating formal proceedings and inconvenience to all
parties.
9

10 *Foster*, 30 Cal. App. 3d at 945 n.2. But, in *Foster*, though implicit, it was plain that the plaintiff was
11 seeking damages or else there would have been no request to forward the letter to the insurance
12 carrier in the first place. *See id.* at 947 ("The district, by its reply to the letter, identified the letter
13 for what it was -- an unlabeled and deficient claim by plaintiff against the district for *unstated*
14 *damages* for undescribed injuries he allegedly suffered in an identified but undescribed recent
15 accident involving a specified employee of the district.") (emphasis added).

16    In the instant case, no implicit claim for damages was made by Ms. Santos. At best, there is
17 one document which reflects that, in one complaint, Ms. Santos made a threat to file suit if the
18 complaint were not resolved, *see* Santos Decl., Ex. F (letter, dated April 24, 2007, from Ms. Ulrich,
19 the Director of Employee Relations for the Peralta Community College District, to Ms. Santos
20 regarding the District's investigation into Ms. Santos's complaint about harassment by Ms. Mack),[3]
21 but a naked threat of litigation by itself cannot be equated with a claim for damages. Indeed, in
22 *Phillips*, the California Supreme Court distinguished the two, stating that "[a] public entity's receipt
23 of written notice that a claim for monetary damages exists *and* that litigation may ensue places upon
24 the public entity the responsibility, and gives it the opportunity, to notify the potential plaintiff . . . of

---

[3] Although not entirely clear, it is likely that the investigation was initiated in response to the Unlawful Discrimination Complaint Form that Ms. Santos filled out in January 2007. *See* Santos Decl., Ex. C. The complaint was about an incident that took place in September 2005.

10

the defects that render the document insufficient . . . and thus might hamper investigation and possible settlement of the claim." *Phillips*, 49 Cal. 3d at 709 (emphasis added).

Ms. Santos contends that she did make an implicit claim for damages because implicit in any tort claim is a claim for damages. However, simply because monetary relief may be available for a tort claim does not mean that monetary relief is necessarily being sought. *Cf. Loehr*, 147 Cal. App. 3d 1071, 1083 (1983) (concluding that letter did not satisfy substantial compliance test because at most it "was merely a demand that the Board reinstate plaintiff as superintendent of the district or face possible legal action"; adding that "[t]he only mention of damages appears as a passing reference to the availability of such relief under the federal Civil Rights Act" and that "[n]owhere in the letter is there a claim for money damages, nor, for that matter is there even an estimate of the amount of any prospective injury, damage or loss"). And notably, the CTCA puts the focus on what remedy is being sought, not on what cause of action is being asserted. *See* Cal. Gov't Code § 945.4 ("Except as provided in Sections 946.4 and 946.6, no suit *for money or damages* may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division.") (emphasis added).

D.  Estoppel

This leaves the estoppel theory offered by Ms. Santos. Ms. Santos is correct that "'a public entity may be estopped from asserting the limitations of the claims statute,'" but this is usually when the public entity's "'agents or employees have prevented or deterred the filing of a timely claim by some affirmative act. Estoppel most commonly results from misleading statements about the need for or advisability of a claim . . . .'" *Stockton*, 42 Cal. 4th at 744. In the instant case, there is no evidence that the College or its agents or employees prevented Ms. Santos from filing a claim or deterred her from filing a claim.

As noted above, Ms. Santos seems to base her estoppel argument on her allegedly being directed to the College Catalog which contains procedures as to how to make a discrimination

complaint. *See* Opp'n at 12 (arguing that Defendants should be estopped from arguing that she failed to comply with the claim presentation requirement because she "religiously worked through the claim system set up by MERRITT whose representatives allowed her claim to be buried in the labyrinthine process of review set forth in the Merritt College Handbook [*i.e.*, Catalog]"). If Ms. Santos had evidence that the College or its agents or employees misled her into thinking that she should make her claim for monetary compensation through the procedures outlined in the College Catalog, she might have an argument for estoppel. *Cf. Bruce v. Jefferson Union High Sch. Dist. of San Mateo County*, 210 Cal. App. 2d 632, 634 (1962) ("Here the amended complaint discloses the essential elements of estoppel in that it alleges the facts of which defendant had knowledge; *the instructions given by defendant to pupils such as plaintiff and which were required to be followed in the event of an accident in order to gain compensation*; that plaintiff followed the instructions, was met with silence, and believed he had done everything required of him in order to establish his claim. Under the pleaded facts the defendant was under a duty to speak.") (emphasis added). But Ms. Santos provides no evidence of such. Nor does she provide any evidence about the complaints that she made that led to the "referral" to the College Catalog. There is thus no evidence that Ms. Santos made clear her desire to file a claim for monetary damages (as distinct from her filing a grievance seeking changes in policy, practice, or behavior), and was then misled into following the complaint procedure in the College Catalog in order to obtain such.

   Indeed, it should be clear to anyone reading the College Catalog that the process therein was not one which would result in monetary recovery. The process therein is more akin to a grievance process. *See* Santos Decl., Ex. E (College Catalog) (stating that, "[i]f the complaint proves to be accurate, a resolution of the problem will be proposed and corrective actions taken to ensure that the act is not repeated"). *Compare Bruce*, 210 Cal. App. 2d at 634 (noting that instructions were given as to procedures to follow in the event of an accident to gain compensation). Notably, the College responded to Ms. Santos' complaint by conducting an investigation, which found her complaint was justified in part and recommended corrective action only. *See* Santos Decl., Ex. F (letter, dated April 24, 2007, from Ms. Ulrich, the Director of Employee Relations for the Peralta Community College District, to Ms. Santos regarding the District's investigation into Ms. Santos's complaint

about harassment by Ms. Mack). There is no mention or suggestion of monetary compensation therein. Nor is there any evidence in the record that Ms. Santos thereafter objected to the failure of that investigation to recommend monetary compensation or inquired about monetary payment in connection with that process.

### III.  CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion for summary judgment. The state law claims for breach of contract and intentional infliction of emotional distress are dismissed because there is no genuine dispute that Ms. Santos failed to comply with the claim presentation requirement. Nor is there any evidence justifying her excusal for noncompliance by waiver or estoppel. The only claims remaining in this case are the federal claims.

IT IS SO ORDERED.

Dated: October 14, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge