UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH SANTOS,

        Plaintiff,

   v.

MERRITT COLLEGE, *et al.*,

        Defendants.
_____/

No. C-07-5227 EMC

**ORDER RE JOINT LETTER OF MAY 19, 2009**

**(Docket No. 70)**

     The parties have submitted a joint letter, dated May 18, 2009, regarding three discovery disputes. Each of the disputes is addressed below.

A.   <u>Depositions Generally</u>

     The parties ask for guidance as to the process that should be followed with respect to depositions of individuals, including service of process on individuals sought to be deposed. The Court shall not impose the specific procedures sought by Defendants or Plaintiff because the Federal Rules of Civil Procedure and Civil Local Rules already provide the process that should be followed.

     For example, Civil Local Rule 30-1 instructs as follows

> For the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel . . . . A party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling, but may do so after serving the nonparty witness with a subpoena.

1  Civ. L.R. 30-1.  Thus, if Plaintiff wishes to depose any employee of the College or District, then she
2  must confer about the scheduling of the deposition with Defendants *prior to service* of either the
3  deposition notice (if the witness is a party) or subpoena (if the witness is not a party but is
4  nevertheless affiliated with Defendants, as an employee would be).  If Defendants have an objection,
5  either to a deposition notice or to a subpoena, then they may move for a protective order;
6  alternatively, they may proceed with the deposition and assert specific objections at the deposition.
7  *See* Fed. R. Civ. P. 26(c), 30(c)(2).  Of course, a subpoenaed party also has an opportunity to object
8  to a subpoena.  *See* Fed. R. Civ. P. 45(c).

9  As to service of a deposition notice or subpoena, that is generally governed by Federal Rule
10 of Civil Procedure 5.  Because the parties are required to meet and confer on scheduling prior to
11 service of a deposition notice or subpoena on any employee of the College or District, the parties
12 may also discuss during that meet and confer whether that employee is represented by counsel for
13 Defendants.  If so, then service should be made on defense counsel.  As to whether Plaintiff's
14 counsel may serve a subpoena, that is governed by Federal Rule of Civil Procedure 45(b), which
15 provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena."  Fed.
16 R. Civ. P. 45(b).

17 B.     Deposition of Ngheim Thai

18 Plaintiff seeks to take the deposition of Ngheim Thai, a former colleague of Shirley Mack.
19 Defendants argue, in effect, for a protective order barring the deposition from going forward.
20 According to Defendants, the discovery sought is irrelevant because (1) Mr. Thai is not similarly
21 situated to Plaintiff and (2) Mr. Thai did not witness any of the interactions between Plaintiff and
22 Ms. Mack.  Defendants further contend that the deposition would be duplicative since other library
23 employees have already testified in depositions that Ms. Mack had conflicts with Asian co-workers.

24 The Court does not find the first two arguments persuasive.  Simply because Mr. Thai is not
25 a student like Plaintiff does not mean that a jury could not find the two persons similarly situated.
26 Contrary to what Defendants suggest, the question is not whether Plaintiff and Mr. Thai are similarly
27 situated in all respects, *see* Joint Letter at 5, but rather whether they are similarly situated in all
28 *material* respects.  *See Bowden v. Potter*, 308 F. Supp. 2d 1108, 1116-17 (N.D. Cal. 2004)

(discussing and citing cases).  While Ms. Mack may have commanded certain "authority" with respect to Plaintiff (Plaintiff being a student), and not with respect to Mr. Thai (Mr. Thai being a former co-worker), that does not mean that evidence of discriminatory animus on the part of Ms. Mack toward Mr. Thai would be altogether irrelevant.

As to the third argument, simply because two of Ms. Mack's co-workers have already provided deposition testimony does not mean that the deposition of Mr. Thai would be so duplicative that it should be barred in its entirety.  On the other hand, because of the possibility of duplication and because Mr. Thai does not appear to be a critical witness, the Court shall limit the deposition of Mr. Thai to four (4) hours in length.

C.   Plaintiff's Deposition

Plaintiff has already produced medical and psychiatric records in this case.  The dispute between the parties is whether Defendants should be limited in their ability to question Plaintiff about those records at her deposition or about her claimed emotional distress.

The Court shall not impose any limitations on the questioning by Defendants other than to note that the questions must be: (1) relevant to this litigation, (2) related to the medical records produced, and (3) relevant to the damages allegedly suffered by Plaintiff herein.

IT IS SO ORDERED.

Dated: May 26, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

3